UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
Oct 28  2 47 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

LEIGH BOLICK,
      Plaintiff

vs.

ALEA GROUP HOLDINGS, LTD.,
ALEA NORTH AMERICA COMPANY,
JOHN J. BENNETT, AND
ROBERT D. BYLER,
      Defendants

CIVIL ACTION NO.
3:03CV165(PCD)

October 27, 2003

## PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO CONDUCT DISCOVERY

Plaintiff, Leigh Bolick, hereby moves, pursuant to Local Rule 7(b)1 for an enlargement of time to conduct discovery until December 31, 2003.

This case was filed in January, 2003. On September 25, 2003, the undersigned filed a Motion for Enlargement of Time to Conduct Discovery until December 31, 2003. Specifically, plaintiff was requesting more time to conduct fact discovery. On October 1, 2003, the Court granted that Motion, which Order stated:

> *Plaintiff's motion to extend discovery to 12/31/03 is granted. Plaintiff will disclose experts and produce expert reports by 10/31/03. Defendants' experts and their reports will be disclosed and produced by 12/19/03. Any dispositive motions will be filed compliant with the supplemental order by January 16, 2003.*

On that same date, the court approved the Order setting forth deadlines discussed at the status conference that had occurred with PJO Schancupp on September 5, 2003. It

was these deadlines to which Plaintiff's Motion for additional time to conduct fact discovery was addressed. Plaintiff's counsel therefore reasonably assumed that she had until December 31, 2003 to conduct fact discovery. Counsel for defendant Alea was under the same impression and communicated with the undersigned to schedule the remaining depositions throughout October and November.

On October 22, 2003, the undersigned received a "Clarification Order" wherein the Court indicates that as between the typewritten order and the endorsement order, the typewritten order prevailed, meaning that plaintiff must complete discovery by October 31, 2003. The Clarification Order was apparently prompted by a call from defendant Alea's counsel, Mary Gambardella, Esq. to the court's clerk *ex parte*. The undersigned filed a Motion for Reconsideration of the Clarification Order, assuming there had been some mistake, which was denied. Plaintiff received notice of that result on this date and immediately filed this Motion.

Plaintiff now seeks the identical extension of time that she sought on September 25, 2003, supported by the additional fact that plaintiff was under the reasonable belief from October 1, 2003 to October 22, 2003 that she had until until December 31, 2003 to complete fact discovery. The granting of this motion will not delay the trial of this matter as the earliest this matter would be ready for trial is January 16, 2004.

Plaintiff still intends to disclose experts and reports if necessary by October 31,

2

2003 and will likely complete all depositions by November 30, 2003.

Thus far, the parties have worked diligently to complete discovery. Plaintiff has propounded interrogatories and requests for production on the defendant, except for John Bennett. Defendants' response was received on September 19, 2003. Plaintiff has attempted to confer with counsel regarding objections to said discovery, and if such objections are not resolved, plaintiff will file a motion to compel by October 31, 2003. Plaintiff has taken the deposition of three witnesses. Plaintiff will take the deposition of the individual defendant Bennett and one other management employee during the week of October 27, 2003. Plaintiff has noticed the depositions of three additional witnesses, one of whom lives in London (Dennis Purkiss, Chairman and Group CEO for Alea and former CEO of Alea North America). Defendant has indicated their willingness to produce him in New York when he next visits, which will not be before October 31, 2003. Plaintiff was deposed for two full days and responded to written discovery from defendants.

The reason for this request is that plaintiff cannot, despite due diligence, complete fact discovery by October 31. Plaintiff's counsel is a solo and is responding to a motion for summary judgment due November 3, 2003 in the case of Jute vs. Hamilton Sundstrand, 3:01CV123(AVC). In addition, the schedules of counsel for three parties and witnesses, most of whom are executives, need to be accommodated in scheduling

3

depositions. It is simply impossible on nine days' notice to schedule the depositions of the remaining witnesses to be completed by October 31, 2003. This is particularly true where plaintiff is working diligently during this week to comply with the deadline for disclosing expert reports as well as conducting depositions in this case. This case has been pending for nine months.

The undersigned has inquired of opposing counsel Mary Gambardella, Esq., who has not agreed to the motion. The undersigned attempted, but was unable to reach Saundra Yaklin, Esq., counsel for defendant Bennett. This is the first request for enlargement of time to conduct discovery, that is, this is the identical request filed on September 25, 2003.

THE PLAINTIFF, LEIGH BOLICK

*Barbara E. Gardner*
Barbara E. Gardner
CT07623
843 Main St., Suite 1-4
Manchester, CT 06040
(860)643-5543
(860)645-9554(fax)
Bg@bgardnerlaw.com

4

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing was mailed, postage prepaid, this 27th day of October, 2003, to the following counsel of record:

Mary A. Gambardella
Epstein Becker & Green, P.C.
One Landmark Square, Suite 1800
Stamford, CT 06901-2601

Saundra Yaklin, Esq.
ReedSmith LLP
559 Lexington Ave., 29th FL.
New York, NY 10022

*Barbara E. Gardner*
Barbara E. Gardner