UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
DEC 3  2 30 PM '03

| | |
|---|---|
| LEIGH BOLICK,<br> Plaintiff | CIVIL ACTION NO.<br>3:03CV165(PCD) |
| vs. | |
| ALEA GROUP HOLDINGS, LTD.,<br>ALEA NORTH AMERICA COMPANY,<br>JOHN J. BENNETT, AND<br>ROBERT D. BYLER,<br> Defendants | October 31, 2003 |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

Plaintiff moves to compel, pursuant to Fed. R. Civ. P. 37 and Local Rule 37, discovery from defendants Alea Group Holdings, Ltd. and Alea North America Company and Robert D. Byler.

### I.  Facts and Procedural Background

This is a sexual harassment, hostile environment, gender discrimination, and retaliation claim brought under Title VII and Connecticut state law. Plaintiff also states a cause of action under the Equal Pay Act and common law claims relative to a bonus for 2001, which was not paid.

### II.  Listing of Items of Discovery Sought

a. Interrogatory No. 5 - the terms of John Bennett's separation agreement, including the amount of compensation received.

Plaintiff is entitled to this information because Mr. Bennett is the alleged sexual

harasser and left the company in January, 2002. The information is relevant to his motivation for leaving and his "consciousness of guilt" in making that decision. As to Alea and Byler, the information is relevant because plaintiff alleges that following Bennett's departure, Alea and Byler retaliated against plaintiff and the terms of Bennett's separation are evidence of motive.

b. Request to Produce No. 9 - Mr. Bennett's personnel file

Same as "a" above. Also, plaintiff is entitled to know if Bennett was ever reprimanded for any conduct toward women at Alea and to know his qualifications and salary relative to her gender discrimination claim.

c. Request to Produce No. 10 - salary information for all employees of Alea North America above Assistant Vice President, excluding names.

Plaintiff is entitled to this information relative to her gender discrimination claim. Upon information and belief, males were paid more than females at all levels.

d. Request to Produce No. 11 - minutes of Board meetings wherein the issue of payment of a bonus for the year 2001 was discussed.

Plaintiff claims that she and others were entitled to a bonus in 2001, although none was paid. Plaintiff is seeking this information in order to establish that a bonus was sought and rejected for employees of ANAC, which would likely be reflected in the minutes of the Board.

e. Request to Produce No. 13 - personnel files of plaintiff's peers in the

Marketing Department (Vice Presidents).

This information is relevant to plaintiff's gender discrimination, equal pay act, and retaliation claims. In defense of plaintiff's claims, defendants contend that there were issues with plaintiff's performance, and that she was less qualified than her peers.

f. Request to Produce No. 18 - Organization chart setting forth the corporate organization and reporting relationships of and between Alea Group and Alea North America. If no such chart exists, documents from which plaintiff could glean that information.

This information is relevant to whether plaintiff's claims against Alea Group are viable.

g. Request to Produce No. 24 - Copies of documents relied upon by defendant ANAC in refusing to pay bonuses for the year 2001. Plaintiff narrows the request in so far as any of the documents produced would be duplicative.

In seeking a bonus for 2001, plaintiff is entitled to know the company's position as to why a bonus was not paid beyond the simple statement that noone received a bonus for that year.

h. Numbers 1,2 and 9 on Defendant's Privilege Log, attached.

#1. It is not clear from the privilege log whose notes are being withheld and if there are portions of the notes that do not contain privileged communications. Also is this outside counsel or inside. If these notes are part of the investigation of plaintiff's

sexual harassment complaint, they may not be privileged at all.

#2. Plaintiff disputes that these communications are privileged just because Mr. Halsband is general counsel. Unless legal advice was sought and exchanged as opposed to clarifying plaintiff's benefits, plaintiff is entitled to the communciations.

#9. A document prepared by Marti Lametta, Vice President of Human Resources, and clearly relevant to plaintiff's claim, does not fall within the attorney client privilege.

## III.  Legal Argument

Fed. R. Civ. P. 26(b)(1) provides that a party may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Furthermore, the discovery sought, even if not admissible, is reasonably calculated to lead to the discovery of admissible evidence. Id.

### Conclusion

For the foregoing reasons, plaintiff seeks an Order compelling defendant to comply with plaintiff's discovery requests.

THE PLAINTIFF, LEIGH BOLICK

Barbara E. Gardner
CT07623
843 Main St., Suite 1-4
Manchester, CT 06040
(860)643-5543
(860)645-9554(fax)
Bg@bgardnerlaw.com

## CERTIFICATION

THIS WILL CERTIFY that a copy of the foregoing was mailed, postage prepaid, to the following counsel of record on this 31st day of October, 2003:

Mary A. Gambardella
Epstein Becker & Green, P.C.
One Landmark Square, Suite 1800
Stamford, CT 06901-2601

David L. Weissman, Esq.
Saundra Yaklin, Esq.
ReedSmith LLP
599 Lexington Ave., 29th Floor
New York, NY 10022

_____
Barbara E. Gardner