FILED

UNITED STATES DISTRICT COURT   3   2 30 PM '03
DISTRICT OF CONNECTICUT

U.S. DISTRICT COURT
NEW HAVEN, CONN.

| | | |
|---|---|---|
| LEIGH BOLICK,<br>   Plaintiff | : | CIVIL ACTION NO.<br>3:03CV165(PCD) |
| vs. | : | |
| ALEA GROUP HOLDINGS, LTD.,<br>ALEA NORTH AMERICA COMPANY,<br>JOHN J. BENNETT, AND<br>ROBERT D. BYLER,<br>   Defendants | : | October 31, 2003 |

### AFFIDAVIT OF BARBARA E. GARDNER

I, Barbara E. Gardner, being of full age and understanding the obligations of an oath do depose and say:

1. I am counsel for the plaintiff in this matter and make these statements based on personal knowledge.

2. I have conferred with Mary Gambardella, counsel for Alea and Robert D. Byler, in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court, and have been unable to reach such an agreement.

3. Attached are the relevant discovery requests, defendants' objections thereto, and correspondence between counsel attempting to resolve the issues. Counsel conferred verbally and by e-mail regarding Request to Produce No. 11.

4. The outstanding issues are:

a. Interrogatory No. 5 - the terms of John Bennett's separation agreement, including the amount of compensation received.

b. Request to Produce No. 9 - Mr. Bennett's personnel file

c. Request to Produce No. 10 - salary information for all employees of Alea North America above Assistant Vice President.

d. Request to Produce No. 11 - minutes of Board meetings wherein the issue of payment of a bonus for the year 2001 was discussed.

e. Request to Produce No. 13 - personnel files of plaintiff's peers in the Marketing Department (Vice Presidents).

f. Request to Produce No. 18 - Organization chart setting forth the corporate organization and reporting relationships of and between Alea Group and Alea North America. If no such chart exists, documents from which plaintiff could glean that information.

g. Request to Produce No. 24 - Copies of documents relied upon by defendant ANAC in refusing to pay bonuses for the year 2001. Plaintiff narrows the request in so far as any of the documents produced would be duplicative.

h. Numbers 1, 2 and 9 on Defendant's Privilege Log, attached.

/s/ Barbara E. Gardner
_____
Barbara E. Gardner

Subscribed and sworn to before me this
31st day of October, 2003

_____
Commissioner of the Superior Court

## CERTIFICATION

THIS WILL CERTIFY that a copy of the foregoing was mailed, postage prepaid, to the following counsel of record on this 31st day of October, 2003:

Mary A. Gambardella
Epstein Becker & Green, P.C.
One Landmark Square, Suite 1800
Stamford, CT 06901-2601

David L. Weissman, Esq.
Saundra Yaklin, Esq.
ReedSmith LLP
599 Lexington Ave., 29th Floor
New York, NY 10022

/s/ Barbara E. Gardner
Barbara E. Gardner

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LEIGH BOLICK | : | Civil Action No. 3:03CV165 (PCD) |
| Plaintiff, | : | |
| vs. | : | |
| ALEA GROUP HOLDINGS, LTD, et al. | : | |
| Defendants. | : | October 30, 2003 |

## DEFENDANTS' PRIVILEGE LOG

The Defendants, Alea Groups Holdings, Ltd., Alea North America Company ("ANAC"), and Robert D. Byler ("Byler")(or, hereinafter, collectively, "Defendants"), pursuant to Federal Rule of Civil Procedure 26(b)(5), hereby submit this Privilege Log in connection with their responses to Plaintiff's First Set of Interrogatories and Requests for Production. As the Rules permit, documents incorporating written communications with outside (former and current trial) counsel after the commencement of this action are not included.

1. Notes incorporating attorney/client communications for meeting with John Bennett 1/24/02.

2. Various e-mailed communications between Human Resource Department and Michael R. Halsband, Esquire, Senior Vice President and General Counsel of ANAC, spanning dates between September 2002 through in or about or about December of 2002, concerning Plaintiff's request for FMLA qualified leave.

9. Typed chronology prepared by Marti Lametta reflecting events as alleged by Plaintiff to have occurred from October 2000 through January 10, 2002, at the request of outside counsel and for use by outside counsel.

EPSTEIN BECKER & GREEN, P.C.
Attorneys for Defendants
Alea Group Holdings, Ltd.,
Alea North America Company, and
Robert D. Byler

By: _____
Mary A. Gambardella
Federal Bar No. #ct05386
One Landmark Square, Suite 1800
Stamford, CT 06901-2601
(203) 348-3737

and

Barry Asen
Federal Bar #ct24527
Counsel Pro Hac Vice
250 Park Avenue
New York, New York 10177
(212) 351-4500

# EPSTEIN BECKER & GREEN, P.C.

ATTORNEYS AT LAW

ONE LANDMARK SQUARE
SUITE 1800
STAMFORD, CT 06901-2681
203.348.3737
FAX: 203.324.9291
EBGLAW.COM

October 30, 2003

**VIA FACSIMILE AND OVERNIGHT MAIL**
Barbara E. Gardner, Esquire
843 Main Street, Suite 1-4
Manchester, CT 06040

    Re:    <u>Bolick v. Alea Group Holdings, Ltd., et al</u>

Dear Barbara:

    The following represent my clients' response to your letter of October 25, 2003 regarding their objections to Plaintiff's discovery requests.

**Interrogatory Number 5**

We disagree that the terms of the severance agreement executed by Mr. Bennett are discoverable her. Mr. Bennett was paid in exchange for a release of claims, if any, he may have had.

**Request for Production Number 9**

    Mr. Bennett's personnel file is not relevant as we have already responded that no documents contained in that file reflect the events at issue in this action. Furthermore, Defendants maintain Mr. Bennett's salary is not relevant because, at the time Plaintiff sought that Senior VP position, it did not exist in Plaintiff's group.

**Request for Production Number 10**

    These Defendants are not willing to divulge salary information about all employees of ANAC above the level of assistant Vice President, except for the information already divulged concerning the Vice Presidents in the Marketing Department. Defendants maintain that the probative value of such information is outweighed by the interests of confidentiality of that information. Plaintiff does not even contend that she was qualified to seek a position above that of Vice President. Note further, the position of Senior Vice President was not available at the time Plaintiff contends she should have been given Mr. Bennett's position in her group (i.e.,

ATLANTA · BOSTON · CHICAGO · DALLAS · HOUSTON · LOS ANGELES
NEWARK · NEW YORK · SAN FRANCISCO · STAMFORD · WASHINGTON, D.C.

EPSTEIN BECKER GREEN WICKLIFF & HALL, P.C. IN TEXAS ONLY

Barbara E. Gardner, Esq.
October 30, 2003
Page 2

immediately after his departure), and she does not contend she was qualified for a Vice President position in any other ANAC department.

### Request for Production Number 12

Given your clarification on the time frame, we are willing to produce offer letters to other individuals who would come in as either an assistant Vice President or Vice President. The only offer letter of record found is that offer letter enclosed herewith, Bates stamp number DS 268 and DS 269 to Mr. Bucci for an AVP position in September of 2001. Mr. Bucci did not accept the position.

### Request for Production Number 13

We are willing to produce resumes and documents that specifically refer to their qualifications upon hire. We are not willing to produce documents reflecting their post-hire performance.

### Request for Production Number 14

Enclosed with the hard copy of this letter, bearing Bates stamp numbers DS104-DS131, is the "salary survey" presented to Mr. Byler by Ms. Lametta. I remind you again that Mr. Byler confirmed the salary survey was not useful to him, as marketing positions are not reflected. Thus, while we maintain this document is irrelevant, we agree to produce it now.

### Request for Production Number 18

We need you to clarify what you are offering as a compromise. Your initial request is broad. We will search for an organizational chart reflecting the Marketing Department reporting chain as it existed throughout Ms. Bolick's employment if this offer would satisfy your request. This offer to produce such a chart does not necessarily mean one exists or ever existed.

### Request for Production Number 24

We have already produced an employee communication listing those reasons. You have heard extensive testimony on this issue. We are not willing to produce confidential documents which corroborate why bonuses were not paid. The breadth of your initial request potentially encompasses each and every document reflecting revenue generation and company performance. Frankly, as no one was paid a bonus, I am confused as to why Plaintiff is entitled to argue the wisdom of the company's decision not to pay a bonus or its policy in that regard.

ST:26979v1

Barbara B. Gardner, Esq.
October 30, 2003
Page 3

**Request for Production Number 25**

Maintaining the pending objection, we are herewith enclosing a copy of the publicly available information reflecting company revisions. (Bates stamp numbers DS215-DS267).

Also enclosed are the typewritten notes drafted by Mr. Goldberg, presented to you on the morning of his deposition (Bates stamp numbers DS100-DS103); as well as a copy of the employee handbook issued in mid-2002 as well as the written sexual harassment policy at ANAC during that time. (Bates stamp numbers DS132-DS214).

If you wish to discuss the pending objections any further, please contact me.

Sincerely,

Mary A. Gambardella

MAG:gmd

cc:    Saundra Yaklin, Esq. (w/encl.)
       Michael R. Halsband, Esq. (w/o encl.)

26236v1

ST:26979v1

# BARBARA E. GARDNER
ATTORNEY AT LAW
843 MAIN STREET · SUITE 1-4
MANCHESTER, CONNECTICUT 06040
E-MAIL: bg@bgardnerlaw.com

TELEPHONE
(860) 643-5548

FACSIMILE
(860) 645-9554

October 26, 2003

Mary Gamberdella, Esq.
Epstein, Becker & Green
One Landmark Square, Suite 1800
Stamford, CT 06501

Re:  Bolick vs. Alea Group Holdings Ltd. et al.
     3:03CV165(PCD)

Dear Mary:

Following is my position on your objections to plaintiff's discovery requests.

### Interrogatory No. 5
Plaintiff is entitled to know the terms under which John Bennett left the company. This information is relevant to Mr. Bennett's "consciousness of guilt" and/or the corporate defendant's motivation for retaliating against plaintiff.

### Request to Produce No. 9
I intend to press my request for the personnel file of John Bennett. I can narrow the request to the extent that I am seeking documents related to his performance and salary. This request is within the proper scope of discovery because it is relevant. Since Bennett is the alleged sexual harasser, plaintiff is entitled to learn about any other allegations of inappropriate conduct and any discipline that may have followed from any such conduct. Plaintiff is entitled to salary information because she requested to be put in Bennett's position, and his salary is therefore relevant to her damages claim.

### Request to Produce No. 10
The request for salary information was not intended to be limited to the marketing department at ANAC. I am willing to limit the request to employees of ANAC, but am seeking salary information about all employees of ANAC above assistant vice president. This information is relevant to plaintiff's gender discrimination claim and should not be limited by Conn. Gen. Stat. 31-128 because I am not looking for names. In addition, we could enter into a stipulated protective order, which would protect defendant from any allegation of a violation of that statute. See 31-128(f).

Ms. Gambardella
Page Two
October 26, 2003

### Request to Produce No. 12

I am pressing my request for offer letters made to anyone for positions in the Marketing Department at ANAC. I will clarify the time frame from August, 2000 until September 2002. This request seeks the discovery of material that is clearly relevant to plaintiff's equal pay act and gender discrimination claim.

### Request to Produce No. 13

I am pressing my request for personnel files of the three Vice Presidents of Marketing hired by defendant ANAC in 2002. I am willing to narrow that request to information contained in the personnel file related to such individual's qualifications to perform the job and their performance at ANAC. Once again, we could enter into a stipulated protective order to alleviate any 31-128 concerns. Clearly this information is relevant to plaintiff's disparate treatment claims.

### Request to Produce No. 14

As stated at the deposition, I am pressing my request for the salary survey presented to Rob Byler by Marti Lametta, and about which he testified at his deposition. It is obviously a narrow request for a particular document that is clearly relevant as to plaintiff's disparate treatment and equal pay act claims.

### Request to Produce No. 18

This request is narrowly tailored and clearly relevant. Is there, for example, any kind of an organizational chart that sets forth these relationships?

### Request to Produce No. 24

This request is narrowly tailored and clearly relevant. In other words, plaintiff is entitled to know exactly why defendant is claiming they did not pay bonuses in 2001.

### Request to Produce No. 25

Plaintiff is entitled to financial statements of defendants because it is relevant on the issue of punitive damages.

Please call me at your earliest convenience so that we may confer and attempt to reach a resolution on these issues.

Very truly yours,

Barbara E. Gardner

cc: Leigh Bolick

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LEIGH BOLICK,

        Plaintiff,

v.                               CIVIL ACTION NO: 3:03 CV 165 (PCD)

ALEA GROUP HOLDINGS, LTD.,
ALEA NORTH AMERICA COMPANY,
JOHN J. BENNETT, AND
ROBERT D. BYLER,

        Defendants.               SEPTEMBER 18, 2003

**DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET
OF INTERROGATORIES AND REQUEST FOR PRODUCTION**

The Defendants, Alea Group Holdings, Ltd., Alea North America Company (hereinafter "ANAC"), and Robert D. Byler ("Byler"), respond to the Plaintiff's First Set of Interrogatories and Request for Production.

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

State the name(s), address(es) and exact relationship(s) to the corporate defendants of all persons who participated or furnished information in answering these interrogatories. Please identify each person by the corresponding interrogatory number.

**RESPONSE:** Objection: This Interrogatory contains overbroad and unduly vague terms. Notwithstanding this objection, and without waiver of the same, Defendants state that the

ST:26246v1

**RESPONSE:**   Objection:   This Interrogatory contains overbroad and unduly vague terms. Notwithstanding this objection, and without waiver of the same, Defendants respond as follows:

(a) The Plaintiff was employed, at all times, by Defendant ANAC.

(b) Plaintiff was hired by ANAC; was paid by ANAC; performed all her work functions for ANAC; and, at all times relevant to the Complaint, reported to individuals holding positions with ANAC. Defendants John Bennett and Robert Byler likewise were, at all times relevant to the allegations of the Complaint, employees of ANAC.

**INTERROGATORY NO. 5:**

Please set forth a) the reason for John Bennett's departure from employment with defendant Alea, for example, was he terminated or did he resign; and b) the date of his departure; c) whether there was an agreement for additional compensation at the time that he left defendant's employment and the terms of such agreement.

**RESPONSE:** (a) The reason for Mr. Bennett's departure from the company was set forth by Ms. Lametta during her deposition on July 31. Specifically, upon notification from ANAC that the investigation would have to proceed to include potential contact with prior employers and additional ANAC employees, Mr. Bennett asked about his "options." One of the options presented was for him to voluntarily separate from his employment. Mr. Bennett ultimately elected this option.

(b) The effective date of Mr. Bennett's departure was January 31, 2002.

(c) Mr. Bennett did execute a separation agreement with the company. Defendant objects to setting forth the terms thereof, as such terms are beyond the proper scope of

ST:26246v1

-4-

objection, and without waiver of the same, the responding Defendants submit that no informal or formal charges of discrimination have been made against ANAC or Robert Byler from 2000 through the present with any federal or state agency or any court, other than Plaintiff's complaints which are the subject of this action. Upon information and belief, no formal charges of discrimination have been made against Mr. Bennett during that same time period through his departure from ANAC.

**REQUEST NO. 8:**

All documents describing the defendant's fringe benefits, including, if applicable to the plaintiff, its severance, vacation, sick time, pension plans and/or retirement plans as well as the coverage and premiums paid by the defendant on behalf of the plaintiff for each type of insurance coverage offered. (e.g. medical, dental, disability and life).

**RESPONSE:** Objection: This Request is overbroad, vague and encompasses materials which would be overly burdensome to produce. Notwithstanding this objection, and without waiver of the same, enclosed Defendants have produced responsive documents.

**REQUEST NO. 9:**

Personnel files for individual defendants John Bennett and Robert D. Byler.

**RESPONSE:** Objection: This Request is overbroad, vague and encompasses materials beyond the proper scope of discovery herein. This Request further encompasses materials protected by Connecticut General Statute § 31-128.

ST:26246v1

**REQUEST NO. 10:**

Salary information for all employees, Assistant Vice President and above, including indication of gender of each employee.

**RESPONSE:** Objection: This Request is overbroad, vague and encompasses materials beyond the proper scope of discovery herein. This Request further encompasses materials protected by Connecticut General Statute § 31-128. Notwithstanding this objection, and without waiver of the same, between the years 2000 and through 2002, there was one Assistant Vice President of ANAC's Marketing Department, Leigh Bolick. During this period, there were four Vice Presidents: Plaintiff, effective April of 2002, and those individuals whose names and dates of the commencement of their employment with ANAC are reflected by documents bearing Bates stamp numbers D 0344 through D 0350.

**REQUEST NO. 11:**

Minutes of Board meetings for corporate defendants from 2000 to the present.

**RESPONSE:** Objection: This Request is overbroad, vague and encompasses materials beyond the proper scope of discovery herein. Notwithstanding this objection, and without waiver of the same, Defendants submit that none of Plaintiff's complaints or allegations have been the subject of Board meetings for the corporate defendants from 2000 to the present.

ST:26246v1

**REQUEST NO. 12:**

Copies of offer letters made to anyone for positions in the Marketing Department at Alea North America since the inception of the company.

**RESPONSE:** Objection: This Request is overbroad, vague and encompasses materials beyond the proper scope of discovery herein. This Request further encompasses materials protected by Connecticut General Statute § 31-128. Notwithstanding this objection, and without waiver of the same, Defendants herewith produce a copy of the offer letters only for the Vice Presidents of Marketing hired in 2002 in the Marketing Department of ANAC, Bates stamp numbers D 0344 through D 0350. All information other than the compensation amounts have been redacted pursuant to the objection interposed to this Request. *[handwritten: incomplete]*

**REQUEST NO. 13:**

Please produce copies of personnel files of a) the three individuals hired as Vice Presidents of Marketing by defendants Alea North America in 2002, including salary information; b) John Bennett, including salary information.

**RESPONSE:** Objection: This Request is overbroad, vague and encompasses materials beyond the proper scope of discovery herein. This Request further encompasses materials protected by Connecticut General Statute § 31-128.

ST:26246v1

-21-

the attorney/client communication and wor           objection,

and without waiver of the same, produced            ibuted to

attendees of the ANAC sexual harassmer              D 0632

through D 0645.

### REQUEST NO. 17:

Please produce all documents that have been generated in connection with allegations of threats, violence, or other misconduct of John Bennett while employed by defendant(s) or others.

**RESPONSE:** Objection: This Request is overbroad, vague and encompasses materials beyond

the proper scope of discovery herein. This Request           es materials protected by

the attorney/client commun                                   hstanding this objection,

and without waiver of the sa                                 ord of any complaint of

sexual harassment, gender c                                  Ir. Bennett toward any

employee of ANAC. Furthei                                    of any such complaint

of sexual harassment, gender                                 r. Bennett toward any

employee at any prior employn

### REQUEST NO. 18:

Please provide all documents regarding the corporate organization and reporting relationships of and between Alea Group and Alea North America.

ST:26246v1

-23-

the attorney/client communication and wor                              objection,

and without waiver of the same, produced                              ibuted to

attendees of the ANAC sexual harassmer                              D 0632

through D 0645.

### REQUEST NO. 17:

Please produce all documents that have been generated in connection with allegations of threats, violence, or other misconduct of John Bennett while employed by defendant(s) or others.

RESPONSE: Objection: This Request is overbroad, vague and encompasses materials beyond the proper scope of discovery herein. This Request              es materials protected by

the attorney/client commun                              thstanding this objection,

and without waiver of the sa                              ord of any complaint of

sexual harassment, gender c                              Mr. Bennett toward any

employee of ANAC. Further                              of any such complaint

of sexual harassment, gender                              r. Bennett toward any

employee at any prior employn

### REQUEST NO. 18:

Please provide all documents regarding the corporate organization and reporting relationships of and between Alea Group and Alea North America.

ST:26246v1

-23-

**REQUEST NO. 23:**

Please provide copies of salary records for all Assistant Vice Presidents and Vice Presidents for Alea North America, including the gender of the individual holding the position.

**RESPONSE:** Objection: This Request is overbroad, vague and encompasses materials beyond the proper scope of discovery herein. This Request further encompasses materials protected by Connecticut General Statute § 31-128. Notwithstanding this objection, and without waiver of the same, Plaintiff is referred to Defendants' response to Request Number 10.

**REQUEST NO. 24:**

Please provide copies of all documents relied upon by the defendant Alea North America in refusing to pay bonuses for the year 2001.

**RESPONSE:** Objection: This Request is overbroad, vague and encompasses materials beyond the proper scope of discovery herein.

**REQUEST NO. 25:**

Please provide copies of the most recent financial statements of corporate defendants.

**RESPONSE:** Objection: This Request is overbroad, vague and encompasses materials beyond the proper scope of discovery herein.

ST:26246v1

-26-