FILED
DEC 3  2 32 PM '03

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
U.S. DISTRICT COURT
NEW HAVEN, CONN.

| | |
|---|---|
| LEIGH BOLICK, | : CIVIL ACTION NO. |
| Plaintiff | : 3:03CV165(PCD) |
| | : |
| vs. | : |
| | : |
| ALEA GROUP HOLDINGS, LTD., | : |
| ALEA NORTH AMERICA COMPANY, | : |
| JOHN J. BENNETT, AND | : |
| ROBERT D. BYLER, | : |
| Defendants | : December 2, 2003 |

## REPLY MEMORANDUM

Plaintiff submits this Memorandum in Reply to Defendants' Objection to Plaintiff's Motion to Compel dated October 31, 2003. Plaintiff hereby withdraws her Motion as to Request to Produce No. 18.

**Interrogatory No. 5: The terms of John Bennett's separation agreement, including the amount of compensation received.**

Under Fed. R. Evid. 408, (Def. Objection, p. 5) exclusion from admissibility is not required when the evidence is offered for "another purpose" as it is here. The rule of exclusion applies only when the purpose is proving liability for or the invalidity of the claim that was settled, which is not the purpose here. In this case, plaintiff seeks to discover the terms of the severance agreement to show, among other things, possible bias by Mr. Bennett. In Cassino v. Reichold Chemicals, Inc., 817 F.2d 1338, 1343 (9th Cir. 1987), the court found that the policy behind Rule 408 did not come into play

because the employer tried to condition severance pay upon the release of potential claims. This is precisely what occurred in this case. The terms of the severance agreement are relevant to the existence of bias on the part of Bennett as a key witness. See Cook v. Yellow Freight Sys., 132 F.R.D. 548, 554-555(E.D.Cal. 1990). Moreover, this information is being sought in discovery and therefore whether or not the information would be admissible at the time of trial is not the issue. Rather, plaintiff is entitled to discovery if it is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Thus, defendants arguments relative to Fed. R. Evid. 403 are likewise unavailing at this stage. (Def. Objection, p. 7)  Here, plaintiff seeks this information in order to discover under what circumstances defendant Bennett left the company and how that may have affected plaintiff's treatment by the corporate defendant thereafter. Specifically, the information is relevant to the corporate defendants and Robert Byler's motive to retaliate.  Under the broad scope of discovery, plaintiff is entitled to discover the terms of the agreement between Bennett and Alea. Fed. R. Civ. P. 26(b).

**Request for Production No. 9: John Bennett's personnel file**

In addition to being the alleged sexual harasser, Mr. Bennett was plaintiff's supervisor. Plaintiff has claims of gender discrimination and Equal Pay Act violations. The personnel file of the person alleged to have discriminated against plaintiff is

2

relevant. Cason v. Builders Firstsource-Southeast Group, Inc., 159 F.Supp. 2d 242, 247-248 (W.D.N.C. 2001); Kanaji v. Phila. Child Guidance Center, 2001 U.S. Dist. LEXIS 8670 (E.D.PA. 2001); EEOC v. Kansas City S.Ry, 2000 U.S.Dist. LEXIS 21806 (D.Kan. 2000). In defense of plaintiff's claims, defendants' have suggested deficiencies in plaintiff's performance as compared with others in the Marketing Department, so Mr. Bennett's performance is relevant to that defense. Plaintiff is entitled to view Mr. Bennett's personnel file to determine if the testimony that he was not reprimanded for his behavior towards women is in fact corroborated by the absence of any disciplinary documents in his file, to view his performance reviews, and to review his qualifications and salary information, all of which are clearly relevant to plaintiff's claims and defendants' defenses to those claims. (Def. Objection, p. 9). There has been testimony that the Senior Vice President position currently exists and has been filled by a male, so defendant's suggestion that the position was not filled for a time is not dispositive (Def. Objection, p. 9). Plaintiff had requested that she be placed in that position following Bennett's resignation. Finally, Conn. Gen. Stat. §31-128(f) allows disclosure of personnel files when ordered by a court. A court order in response to plaintiff's motion to compel would, therefore, obviate any of the defendants' concerns relating to a violation of the Personnel Files Privacy Act. See e.g. Weahkee, 621 F.2d at 1082. (Def. Objection p. 9).

3

**Request for Production No. 10: Salary Information for all employees of ANAC above Assitant Vice President, excluding names.**

If ANAC paid men more than women at plaintiff's level and above and in all departments, this would be probative of plaintiff's gender discrimination and Equal Pay Act claims. Since ANAC is a relatively small company, the requested information is not overly broad. (Def. Objection p.13). It is well settled that an individual disparate treatment plaintiff may use statistical evidence regarding an employer's general practices at the pretext stage to help rebut the employer's purported nondiscriminatory explanation. Evidence relating to company-wide practices may reveal patterns of discrimination against a group of employees, increasing the likelihood that an employer's offered explanation for an employment decision regarding a particular individual masks a discriminatory motive. Hollander v. American Cyanamid Co., 895 F.2d 80, 84 (1990). Confidentiality would not be affected because plaintiff is not seeking names. To the extent individuals would be identifiable by title, a court order in response to this motion would negate any violation of the Personnel Files Privacy Act. See above. (Def. Objection p. 11)

**Request for Production Number 11: Minutes of Board meetings wherein the issue of payment of a bonus for the year 2001 was discussed.**

If there are no Minutes of Board meetings wherein the issue of payment of a

4

bonus for the hear 2001 was discussed, then plaintiff will not press her request. Since this is unclear, plaintiff asks the Court to order that such documents be produced if they exist. Plaintiff maintains that under the formula for calculation of bonuses, she and others should have received a bonus for 2001 based on ANAC's performance. Although bonuses are not "guaranteed", plaintiff disagrees that such bonuses are "discretionary". (Def. Objection p.14).

**Request for Production Number 13: Personnel files of plaintiff's peers in the Marketing Department (Vice Presidents).**

Defendants' have suggested deficiencies in plaintiff's performance as compared with others in the Marketing Department in defense of her claims of discrimination. Plaintiff is entitled to view personnel files of her peers in the Marketing Department to view any documents regarding performance, which are clearly relevant to plaintiff's claims and rebutting defendants' defense. Although plaintiff is in possession of such individual's resumes and salary information at the time they were hired, plaintiff is entitled to updated information as to salary and ongoing information as to performance. (Def. Objection, p. 14). In Title VII litigation, courts have customarily allowed wide discovery of personnel files. Trevino v. Celanese Corp., 701 F.2d 397, 405-406 (5th Cir. 1983); Burns v. Thiokol Chemical Corp., 43 F.2d 300, 303-07 (5th Cir. 1973); Weahkee v. Norton, 621 F.2d 1080, 1082(10th Cir. 1980); EEOC v. University of New Mexico,

5

504 F.2d 1296 (10th Cir. 1984). The scope of discovery is "limited only by relevance and burdensomeness." Rich, 522 F.2d at 343. There are only three individual Vice Presidents who fall within this request and the information is clearly relevant. Finally, Conn. Gen. Stat. §31-128(f) allows disclosure of personnel files when ordered by a court. A court order in response to plaintiff's motion to compel would, therefore, obviate any of the defendants' concerns relating to a violation of the Personnel Files Privacy Act. See e.g. Weahkee, 621 F.2d at 1082.

**Request for Production Number 24: Copies of documents relied upon by defendant ANAC in refusing to pay bonuses for the year 2001.**

See Reply to Request for Production Number 11, above. The information that has been provided regarding the company's nonpayment of a bonus in 2001 is that "noone received a bonus". Plaintiff is entitled to know precisely why, despite the requisite level of performance being met by ANAC, employees were not paid a bonus in 2001. (Def. Objection p. 16.)

**Privilege Log - Item Number 1 - Notes incorporating attorney/client communications for meeting with John Bennett 1/24/02.**

Plaintiff's received defendant's privilege log on October 30, 2003. Because plaintiff had to file a Motion to Compel by the then close of discovery, October 31, 2003, there was little time to seek additional information regarding defendants' privilege log.

6

(Def. Objection, p. 16) In any event, plaintiff maintains that she is entitled to the redacted portions of the notes. (Def. Objection, p. 17) In its Answer, defendant ANAC and defendant Robert Byler, in defense of plaintiff's sexual harassment and gender discrimination claims, that they "took prompt remedial action" after plaintiff complained about sexual harassment. Plaintiff complained to Human Resources in or about the second week of January, 2002. As such, defendant has waived its right to invoke the privilege by asserting the adequacy of its investigation as a defense to claims of sexual harassment. U.S. v. Bilzerian, 926 F.2d 1285, 1292 (2d Cir. 1991); Brownell v. Roadway Package Sys., 185 F.R.D. 19 (N.D.N.Y. 1999); Pray v. New York City Ballet Co., 1997 U.S. Dist. LEXIS 6995 (S.D.N.Y. 1997). Plaintiff is therefore entitled to the redacted portions of the notes that were part of its investigation since they rely on the adequacy of the investigation for their defense.

**Privilege Log - Item Number 2 - e-mail communications between the former Director of Human Resources and Michael R. Halsband, General counsel of ANAC**

Plaintiff is entitled to the e-mail communications between Human Resource Department and Michael R. Halsband, General Counsel of ANAC, between September, 2002 and December, 2002, because, upon information and belief, they involve plaintiff's request for paid leave under ANAC's policy. Plaintiff had been told by Marti Lametta, former Vice President and Director of Human Resources, that she was entitled to

thirteen weeks of paid leave, and a dispute arose as to the policy. This was not part of plaintiff's pending claim before the CHRO. (Def. Objection, p.18) However, the way in which the request was handled is evidence of ANAC's retaliatory animus and is therefore relevant and discoverable. Because Mr. Halsband, who was new to the company, was not giving advice about plaintiff's pending claims when he called Marti Lametta, former Vice President and Director of Human Resources, but simply seeking information as to the corporate policy on wage continuation benefits when someone is on leave, plaintiff is entitled to this information in discovery. Surles v. Air France, 50 Fed. R. Serv. 3d 983 (S.D.N.Y. 2001) is inapplicable here because Mr. Halsband was speaking to a former employee seeking information from her about corporate policy that had nothing to do with plaintiff's pending claims. (Def. Objection, p. 18) Likewise, these e-mail exchanges are not privileged because they do not involve the exchange of legal advice, but simply clarification of company policy on wage continuation benefits. Upjohn Co. v. U.S., 449 U.S. 383, 390 (1981).

**Privilege Log - Item Number 9- Typed chronology prepared by Marti Lametta**

Defendants have not provided a date that the chronology was prepared (Def. Objection, p.19), but if it was prepared as part of the investigation into plaintiff's claims of sexual harassment, then plaintiff is entitled to the document as defendants' have waived the privilege by raising the adequacy of the investigation as a defense. See

8

Reply to Privilege Log, Number 1, above and cases cited therein.

THE PLAINTIFF, LEIGH BOLICK

*Barbara E. Gardner*

Barbara E. Gardner
CT07623
843 Main St., Suite 1-4
Manchester, CT 06040
(860)643-5543
(860)645-9554(fax)
Bg@bgardnerlaw.com

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing was mailed, postage prepaid, this 2nd day of December, 2003, to:

Mary A. Garnbardella
Epstein Becker & Green, P.C.
One Landmark Square, Suite 1800
Stamford, CT 06901-2601

Saundra Yaklin, Esq.
ReedSmith LLP
599 Lexington Ave., 29th Floor
New York, NY 10022

Barbara E. Gardner

10