UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEIGH BOLICK,<br>　　　　Plaintiff | CIVIL ACTION NO.<br>3:03CV165(PCD) |
| vs. | |
| ALEA GROUP HOLDINGS, LTD.,<br>ALEA NORTH AMERICA COMPANY,<br>JOHN J. BENNETT, AND<br>ROBERT D. BYLER,<br>　　　　Defendants | October 31, 2003 |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

Plaintiff moves to compel, pursuant to Fed. R. Civ. P. 37(a)(2)(B) the answer to a question posed to defendant John J. Bennett at his deposition on October 30, 2003. Plaintiff seeks an Order instructing Mr. Bennett to disclose the terms of his separation agreement with the corporate defendant. Such an Order would eliminate defendant Bennett's counsel's basis for instructing Mr. Bennett not to disclose the terms of the agreement, that is, that absent a court order he is required to keep the terms of the agreement confidential.

**I.　Facts and Procedural Background**

This is a sexual harassment, hostile environment, gender discrimination, and retaliation claim brought under Title VII and Connecticut state law. Plaintiff also states common law claims unrelated to the substance of this Motion.

At his deposition on October 30, 2003, Mr. Bennett was asked to disclose the

substance of his discussions with Dennis Purkiss, Chairman and CEO of Alea Group, in January, 2002, which included the terms of Mr. Bennett's agreement with the corporate defendant when he resigned his employment in January, 2002. Counsel for Mr. Bennett instructed her client not to disclose the terms of the agreement, based on the confidentiality clause therein, and instructed him not to answer the question. Counsel for plaintiff offered to keep the portion of the transcript containing this information confidential, but counsel for Mr. Bennett maintained her position. Counsel did disclose that the terms could be disclosed pursuant to an Order from the court without violating the agreement.

**II.    Legal Argument**

Fed. R. Civ. P. 26(b)(1) provides that a party may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. The terms of Mr. Bennett's separation from Alea, in particular the amount of money he was paid by Alea to leave, are relevant to Ms. Bolick's claims of sexual harassment and retaliation under Title VII and CFEPA. It is relevant 1) as to his motivation for leaving and his "consciousness of guilt" in making that decision, and 2) Alea's motive for retaliation against plaintiff following Mr. Bennett's departure.

**Conclusion**

For the foregoing reasons, Mr. Bennett requests an Order instructing Mr. Bennett

2

to disclose the terms of his agreement with Alea regarding his resignation from Alea.

THE PLAINTIFF, LEIGH BOLICK

Barbara E. Gardner
CT07623
843 Main St., Suite 1-4
Manchester, CT 06040
(860)643-5543
(860)645-9554(fax)
Bg@bgardnerlaw.com

3

## CERTIFICATION

THIS WILL CERTIFY that a copy of the foregoing was mailed, postage prepaid, to the following counsel of record on this 31st day of October, 2002̸3:

Mary A. Gambardella
Epstein Becker & Green, P.C.
One Landmark Square, Suite 1800
Stamford, CT 06901-2601

David L. Weissman, Esq.
Saundra Yaklin, Esq.
ReedSmith LLP
599 Lexington Ave., 29th Floor
New York, NY 10022

*Barbara E. Gardner* (signature)
Barbara E. Gardner

4