UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
DEC 3  2 33 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

LEIGH BOLICK,
  Plaintiff,

v.

ALEA GROUP HOLDING, LTD., et al.,
  Defendants.

CIVIL ACTION NO. 3:03 CV 165 (PCD)

November 24, 2003

## DEFENDANT JOHN J. BENNETT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Defendant John J. Bennett, by his attorneys Reed Smith LLP, respectfully submits this memorandum of law in opposition to plaintiff's motion to compel Bennett to disclose the terms of his separation agreement, dated October 31, 2003.

### FACTS AND BACKGROUND

On January 24, 2003, Plaintiff commenced the instant action, alleging, among other things, that John J. Bennett, her former supervisor, engaged in unlawful harassment and discrimination against Plaintiff while she worked at Alea Group Holding Ltd. ("Alea"). Plaintiff also alleges that Bennett unlawfully retaliated against Plaintiff for complaining of harassment. Plaintiff's discrimination and harassment claims against Bennett have previously been dismissed by this Court. See Order of the Honorable Peter C. Dorsey on Bennett's Motion to Dismiss Counts One and Two of the Complaint, dated July 30, 2003. Plaintiff's retaliation claim is the only remaining claim against Bennett.

On January 31, 2002, Bennett left Alea's employ and entered into a severance agreement with Alea (the "Severance Agreement"). Pursuant to the Severance Agreement, Bennett received certain monetary payments in exchange for a waiver of all potential causes of action he may have had against Alea. In addition, the Settlement Agreement contained a confidentiality clause. During discovery in this action, Plaintiff requested that Defendants Alea and Robert Byler reveal the terms of the Settlement Agreement. See Plaintiff's First Set of Interrogatories, dated July 18, 2003, Interrogatory No. 5. Specifically, Plaintiff requested (a) the reason for Bennett's departure, (b) the date of his departure, (c) whether there was an agreement for additional compensation and the terms of such agreement. Id. In response to this request, Defendants Alea and Byler provided the relevant information. However, Defendants Alea and Byler objected to the second part of subquestion (c), which requested the "terms" of the Settlement Agreement because "such terms are beyond the proper scope of discovery herein; are covered by the attorney/client communication and work product privilege; and are contained in documents prepared in anticipation of potential litigation." See Defendants' Responses to Plaintiff's First Set of Interrogatories and Request for Production, dated September 18, 2003, Response to Interrogatory No. 5.

On October 30, 2003, Plaintiff deposed Bennett. At his deposition, Plaintiff asked Bennett about the terms of the Severance Agreement.[1] In light of Bennett's agreement to keep the terms of the Severance Agreement confidential, Bennett's attorney requested a recess and conferred with Alea's attorney to ascertain whether Alea would release Bennett from his obligation to keep this information confidential. Alea did not waive the confidentiality clause.

---

[1] We do not currently have citations to this testimony because the deposition transcript is not yet available.

Accordingly, Bennett's attorney instructed him not to answer the questions relating to these terms. Plaintiff has now moved for an order to compel Bennett to disclose the terms of the Severance Agreement. Given the nature of Plaintiff's case, the terms of the Severance Agreement are not relevant, and Bennett should not be ordered to disclose them.

## ARGUMENT

### The Terms of the Severance Agreement Are Not Discoverable Since They Have No Connection to the Instant Matter

The Federal Rules of Civil Procedure allow discovery so long as it "appears reasonably calculated to lead to the discovery of admissible evidence." See Fed. R. Civ. P. 26(b)(1). There are, however, certain limitations proscribed. The Supreme Court has stated that although Rule 26 allows broad discovery, "the district courts should not neglect their power to restrict discovery where 'justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense ...'. With this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process." Herbert v. Lando, 441 U.S. 153, 177 (1979); see also Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2008 ("Perhaps the single most important word in Rule 26(b)(1) is 'relevant' for it is only relevant matter that may be the subject of discovery.").

In the instant matter Plaintiff seeks discovery of the terms of the Severance Agreement between Bennett and Alea. Plaintiff claims that the terms of the Severance Agreement are relevant as evidence of Bennett's "consciousness of guilt" and of a motive for the alleged retaliation. Plaintiff offers no rationale nor any case law to support her argument.

-3-

As stated above, the Severance Agreement was a contract wherein Bennett received certain monies in exchange for releasing Alea from any potential claims he could have commenced against them. Since a portion of the consideration for Bennett's severance pay was Bennett's promise to keep the terms of the Severance Agreement confidential, this confidence belongs to Alea and is not Bennett's to waive. When the issue came up at Bennett's deposition, Alea did not consent to reveal this confidence. Accordingly, Bennett refused to answer the questions relating to the terms of the Severance Agreement. Plaintiff now seeks to compel Bennett to testify about the terms of the confidential Severance Agreement. Plaintiff cannot show that this information is relevant nor can she show that it will lead to the discovery of admissible evidence. Therefore Bennett should not be ordered to disclose this information.

At the outset, it must be noted that Plaintiff's application is misleading in that Defendants have already disclosed most of the terms of the Severance Agreement. First, Defendants Alea and Byler's response to Plaintiff's Interrogatory No. 5 provided the date of and the reason for Bennett's resignation. See Defendants' Responses to Plaintiff's First Set of Interrogatories and Request for Production, dated September 18, 2003, Response to Interrogatory No. 5. Next, John Bennett, Marti Lametta and Robert Byler have all testified about most of the terms of the Severance Agreement. Plaintiff has already learned that (1) that the Severance Agreement released Alea from any claims Bennett may have had against it; (2) that Bennett received monetary compensation for this release; (3) that Bennett thereupon was permitted to resign from Alea, and (4) the date that Bennett left the company. Moreover, neither Plaintiff nor any of Plaintiff's allegations are mentioned in the Severance Agreement.

The only element of the Severance Agreement which remains undisclosed is the specific compensation Bennett received. There is no possible connection between this amount and the

issues in the present action. If Bennett is forced to reveal this information, it would only invite Plaintiff to engage in prejudicial and impermissible speculation. See Fed. R. Evid. 403. Plaintiff is merely attempting to speculate over whether or not Bennett received an appropriate severance package – information which does not add any probative value whatsoever. Because this information is irrelevant to the instant matter, it would only confuse the issues, potentially mislead the jury, cause undue delay and waste of time, and possibly result in prejudice to Defendants. As such, this information is not discoverable pursuant to Fed. R. Evid. 403, Plaintiff herself cannot demonstrate the relevance of this information. At best, Plaintiff seeks to engage in a fishing expedition, an impermissible exercise under the Federal Rules. See, e.g., Lyeth v. Chrysler Corp., 929 F.2d 891, 899 (2d Cir. 1991) (Affirming District Court's rejection of document requests where the lower court "observed that Chrysler was simply 'engaging in a fishing expedition ...'").

Furthermore, even if Defendants were to disclose the settlement amount to Plaintiff, this information would be completely meaningless unless it is put in context. Merely determining whether this amount constitutes a "large" or "small" severance payment for a person in Bennett's position could require, at a minimum, disclosure of (1) Bennett's salary, (2) the industry standard for similar severance agreements, (3) Alea's history of granting severance payments to resigning employees, (4) any other compensation Bennett would have received if he had remained, (5) the likelihood of Bennett pursuing a potential claim against Alea, (6) any evaluation of Bennett's performance prior to resignation, and (8) whether Bennett had to give up any business or solicitation rights. In other words, the parties would have to involve themselves in analyzing these tangential issues, which would be costly and time-consuming, simply to determine whether Bennett received a favorable severance package or not – an issue with absolutely no bearing on

this case. Although Plaintiff has not articulated how this information could lead to the discovery of admissible evidence, assuming Plaintiff has legitimate arguments to make concerning Bennett's departure from Alea, Plaintiff is not precluded from pursuing such arguments without information regarding the specific compensation Bennett received.

Additionally, by executing the Severance Agreement, Bennett released Alea from any potential claims he may have had against them; therefore, the Severance Agreement is akin to a settlement agreement. Settlement agreements enjoy special protection under the law and disclosure of settlement agreements requires a heightened showing of relevance. See, e.g., Primetime 24 Joint Venture v. Echostar Communications Corp., 2000 U.S. Dist. LEXIS 779 at *12-13 (S.D.N.Y. January 28, 2000) ("[E]ven if the [deposition] question were marginally relevant, the plaintiff would be justified in resisting it in view of the courts' recognition that the fact and substance of settlement negotiations may be treated as at least presumptively confidential."); Hasbrouck v. BankAmerica Housing Servs., 187 F.R.D. 453, 458-459 (N.D.N.Y. 1999) ("[P]rotecting the confidentiality of the settlement agreement promotes the important public policy of encouraging settlements. ... [P]ermitting disclosure [of settlement agreements] would discourage settlements, contrary to the public interest."); Bottaro v. Hatton Assocs., 96 F.R.D. 158, 159 (E.D.N.Y. 1982) ("Given the strong public policy of favoring settlements and the congressional intent to further that policy by insulating the bargaining table from unnecessary intrusions, we think the better rule is to require some *particularized showing* of a likelihood that admissible evidence will be generated by the dissemination of the terms of a settlement agreement.") (emphasis added). While courts differ regarding the extent to which settlement agreements should be afforded special protection, all courts require that at least the minimum Rule 26(b)(1) standard must be met.

Plaintiff has neither offered any explanation for how the terms of this confidential Severance Agreement, particularly Bennett's compensation, could possibly lead to the discovery of admissible evidence, nor has Plaintiff explained why this information should be produced in light of the public interest in keeping this information confidential, accordingly Plaintiff's motion to compel disclosure from Bennett should be denied.

## CONCLUSION

For the reasons set forth above, Bennett respectfully requests that the Court deny Plaintiff's Motion to Compel.

Dated:   New York, New York
         November 24, 2003

                                        REED SMITH LLP

                                        By: *David L. Weissman*
                                            David L. Weissman ct24702
                                            599 Lexington Avenue, 29th Floor
                                            New York, New York 10022
                                            (212) 521-5400
                                            *Pro Hac Vice*
                                            *Attorneys Pro Hac Vice*
                                            *for Defendant John J. Bennett*