UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
DEC 3  2 34 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

LEIGH BOLICK,
    Plaintiff,

v.

ALEA GROUP HOLDING, LTD.,
et al.,
    Defendants.

CIVIL ACTION NO. 3:03 CV 165 (PCD)

November 24, 2003

## DECLARATION OF DAVID L. WEISSMAN

DAVID L. WEISSMAN declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury that the following is true and correct:

1.  I am admitted *pro hac vice* to practice before this Court for the purposes of the above-captioned matter. I am a partner at the law firm of Reed Smith, counsel for Defendant John J. Bennett ("Bennett"). I submit this Declaration in support of Bennett's memorandum of law in opposition to Plaintiff's motion to compel Bennett to disclose the terms of his separation agreement, submitted herewith.

2.  On January 31, 2002, Bennett entered into a severance agreement (the "Severance Agreement") with Alea Group Holding Ltd. ("Alea"), whereby Bennett received certain monetary payments in exchange for a waiver of all potential causes of action he may have had against Alea. The Severance Agreement contained a confidentiality clause.

3. On October 30, 2003, Plaintiff deposed Bennett. At his deposition, Plaintiff asked Bennett about the terms of the Severance Agreement. In light of Bennett's agreement to keep the terms of the Severance Agreement confidential, Saundra Yaklin, the attorney representing Bennett at his deposition, requested a recess and conferred with Alea's attorney to ascertain whether Alea would release Bennett from his obligation to keep this information confidential. Alea did not waive the confidentiality clause. Accordingly, Ms. Yaklin instructed Bennett not to answer the questions relating to these terms.

4. Defendants have already disclosed to Plaintiff most of the terms of the Severance Agreement. Plaintiff has already learned that (1) that the Severance Agreement released Alea from any claims Bennett may have had against it; (2) that Bennett received monetary compensation for this release; (3) that Bennett thereupon was permitted to resign from Alea; and (4) the date that Bennett left the company.

5. Neither Plaintiff nor any of Plaintiff's allegations are mentioned in the Severance Agreement.

6. The only undisclosed information is the specific compensation Bennett received under the Severance Agreement. This information is irrelevant to the instant matter, it would only confuse the issues, potentially mislead the jury, cause undue delay and waste of time, and possibly result in prejudice to Defendants. As such, this information is not discoverable pursuant to Federal Rule of Evidence 403.

7.  The Severance Agreement is akin to a settlement agreement since it releases Alea from any potential claims Bennett may have had against them. There is a strong public interest in maintaining the confidentiality of settlement agreements which must be weighed against any private interest the Plaintiff may have in seeking this information.

WHEREFORE, Reed Smith respectfully requests that Plaintiff's motion to compel Bennett to disclose the terms of his separation agreement be denied and for such other and further relief as the Court deems just and proper.

Dated: New York, New York
November 24, 2003

*David L. Weissman*
David L. Weissman ct24702