FILED
DEC 3  2 33 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| LEIGH BOLICK, | CIVIL ACTION NO. |
| Plaintiff | 3:03CV165(PCD) |
| vs. | |
| ALEA GROUP HOLDINGS, LTD., | |
| ALEA NORTH AMERICA COMPANY, | |
| JOHN J. BENNETT, AND | |
| ROBERT D. BYLER, | |
| Defendants | December 2, 2003 |

## REPLY MEMORANDUM

Plaintiff submits this Memorandum in Reply to Defendant John Bennett's Objection to Plaintiff's Motion to Compel dated October 31, 2003.

Bennet states that the terms of the Severance Agreement contain a confidentiality clause that is not his to waive. (Def. Objection at 4) However, penalty for disclosure is not applicable where the agreement permits court ordered disclosure, as this Severance Agreement does. See Kalinauskas v. Wong, 151 F.R.D. 363, 367 (D.Nev. 1993); Reiser v. West Co., 1988 U.S. Dist. LEXIS 3243 (1988).

In this case, plaintiff seeks to discover the terms of the severance agreement to show, among other things, possible bias by Mr. Bennett. Thus, it is relevant, or could lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). (Def. Objection, p. 6) In Cassino v. Reichold Chemicals, Inc., 817 F.2d 1338, 1343 (9th Cir. 1987), the court found that the policy behind Fed. R. Evid. 408, that is, protection of offers to

compromise, (Def. Objection, p. 6) did not come into play because the employer tried to condition severance pay upon the release of potential claims. This is precisely what occurred in this case. The terms of the severance agreement are relevant to the existence of bias on the part of Bennett in this case as a key witness. See Cook v. Yellow Freight Sys., 132 F.R.D. 548, 554-555(E.D.Cal. 1990).

In addition, plaintiff seeks this information in order to discover under what circumstances defendant Bennett left the company and how that may have affected plaintiff's treatment by the corporate defendant thereafter. Specifically, the information is relevant to the corporate defendants and Robert Byler's motive to retaliate. Under the broad scope of discovery, plaintiff is entitled to discover the terms of the agreement between Bennett and Alea. Fed. R. Civ. P. 26(b).

Since this matter is neither privileged, nor exempt from discovery by court order, Bennett's counsel had no basis for instructing defendant Bennett not to respond to the question regarding the terms of the Severance Agreement and Bennett should be ordered to respond to the question by producing the Agreement.

2

THE PLAINTIFF, LEIGH BOLICK

*Barbara E. Gardner*

Barbara E. Gardner
CT07623
843 Main St., Suite 1-4
Manchester, CT 06040
(860)643-5543
(860)645-9554(fax)
Bg@bgardnerlaw.com

3

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing was mailed, postage prepaid, this 2nd day of December, 2003, to:

Mary A. Gambardella
Epstein Becker & Green, P.C.
One Landmark Square, Suite 1800
Stamford, CT 06901-2601

Saundra Yaklin, Esq.
ReedSmith LLP
599 Lexington Ave., 29th Floor
New York, NY 10022

*Barbara E. Gardner*
Barbara E. Gardner

4