FILED
DEC 15  10 14 AM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LEIGH BOLICK, | : | Civil Action No. 3:03CV165 (PCD) |
| Plaintiff, | : | |
| vs. | : | |
| ALEA GROUP HOLDINGS, LTD, et al. | : | |
| Defendants. | : | DECEMBER 4, 2003 |

**AFFIDAVIT IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND REQUEST FOR SANCTIONS**

STATE OF CONNECTICUT    )
                        ) ss: Stamford, CT
COUNTY OF FAIRFIELD     )

The undersigned, having been duly sworn, hereby deposes and says:

1. I am a member of the firm of Epstein Becker & Green, P.C., attorneys of record for the Defendants, Alea Group Holdings, Ltd. ("AGH"), Alea North America Company ("ANAC"), and Robert D. Byler ("Byler"). I make this statement based on my personal knowledge of the facts and circumstances set forth herein, and in the Defendants' Memorandum of Law in opposition to the Plaintiff's Motion for Leave to Amend the Complaint to add four additional causes of action. Specifically, based on those reasons set forth below and in that Memorandum, these Defendants assert that the grant of leave is unwarranted based on Plaintiff's inexcusable delay, the failure to establish the requisite "good cause", the demonstrated bad faith, and the egregious prejudice that will result to all Defendants herein.

2. Moreover, based on Plaintiff's inexplicable, intentional, and bad faith delay in attempting to raise these new claims approximately one month before the close of discovery (already twice extended at Plaintiff's request), it is further asserted that an award of fees and costs to Defendants in having to oppose the Motion is warranted.

3. The bases for the objection and request for sanctions are as follows:

a. Discovery in this action commenced in the first week of April, 2003, more than seven months ago. *<u>The discovery plan "so ordered" by the Court provides that any amendments to the Complaint must have been filed by May 15, 2003</u>*. Indeed, the Plaintiff already amended her complaint in early April to add one additional cause of action.

b. The Plaintiff opted to wait until July 19, 2003 to serve <u>any</u> written discovery requests. These Defendants complied with Plaintiff's discovery requests on September 18, 2003.[1] Accordingly, the documents to which Plaintiff refers in the Motion to Amend as providing a basis for one of the proposed amendments has been in her possession since that compliance date. Plaintiff has sought to act on the purported "new information" yet fails to specify the nature of that information. Bluntly stated, a reading of the Plaintiff's own Motion reveals the absence of any "new facts". Nevertheless, even if "new information" was revealed, Plaintiff proffers to justification for waiting an additional two-plus months to act upon it.

c. On September 5, 2003, a settlement conference was held before a Parajudicial Officer. The matter was not settled, but during that conference, deadlines for the completion of

---

[1] Defendants requested an extension of time for compliance. Plaintiff consented to this request.

ST:27294v1

2

fact and expert discovery <u>were re-set by agreement of the parties</u>. Indeed, the deadline of October 31, a ten day extension from the then current deadline, <u>was requested by counsel for Plaintiff</u>.

    d.    By September 5, 2003, <u>Plaintiff had noticed and conducted only one deposition</u> in July. Realizing that the newly set deadline was rapidly approaching, on September 9, 2003 Plaintiff was urged by Defendants to forward her list of intended additional deponents. Despite several inquiries by the undersigned, it was not until September 23 that a list of intended deponents was received, and not until September 30 that depositions were actually noticed. Nevertheless, Defendants agreed to "squeeze in" five additional depositions between September 24 and October 31 (four defense witnesses and one deposition of Plaintiff's former, treating psychologist).

    e.    Plaintiff then moved for a <u>second</u> extension of time to complete fact discovery through December 31, 2003. During protracted discussions between counsel concerning this request and accompanying motion practice, Plaintiff's counsel never once even mentioned the possibility of attempting to amend the complaint to add **four** (or any) new causes of action.

    f.    Plaintiff subsequently moved for <u>another</u> extension of time in connection with <u>expert</u> witness discovery so that two of her four identified expert witnesses could be deposed in December, as these experts could not be made available by November 30. Again, during protracted discussions concerning their availability, never once did Plaintiff mention the possibility of seeking to amend her complaint.

g.   The parties scheduled the deposition of Dennis Purkiss, a London resident, for December 10 in New York. Mr. Purkiss agreed to be deposed in New York rather than in London as a courtesy to Plaintiff, despite that Defendants were not obligated to do so. Never once during the discussions over scheduling of this deposition did Plaintiff's counsel even mention amending the complaint. Mr. Purkiss cleared his scheduled to prepare for and attend that deposition, and he may not be available in the near future again in the United States.

h.   As previously noted, the Plaintiff has been in possession of Defendants' responsive documents since September 19, more than two months ago. Plaintiff waited for more than a full month before addressing Defendants' outstanding objections to document requests for the first time. Some objections were compromised, resulting in supplemental production, and some were not. Those objections not resolved are the subject of a pending Motion to Compel and Opposition. Likewise, during these discussions, not once did Plaintiff mention the possibility of amending the complaint.

i.   I have been advised by his attorneys that during his deposition on October 20, Defendant Bennett testified that Bolick had directly contacted him. It was claimed that during their conversation, Bolick told Bennett that if he did not execute an Affidavit supporting some of her material allegations, the allegations would then somehow become known to his "wife and employers". Moreover, during the past several months, based on discovery taken, Bennett has insisted that he be deleted as a named party from the one remaining claim against him (the only other count against him was dismissed by this Court in ruling on Defendant's Motion to Dismiss

ST:27294v1

4

pursuant to Fed. R. Civ. Proc. 12(b)(6)). Clearly, by seeking to add a cause of action for negligent retention and supervision of Defendant Bennett by ANAC, Plaintiff has proceeded to act on her threat of ensuring Bennett's past, and perhaps current, employers know of her allegations against him.

j.  On November 24, 2003, immediately following the deposition of Plaintiff's treating psychologist, the undersigned discussed with Plaintiff's counsel the possibility that Defendants' expert would require an additional 12 days to complete his report as the second part of the examination could not be scheduled prior to December 4 (due to the parties' mutual scheduling issues). Not once during this discussion did Plaintiff's counsel mention she had just put into the mail the proposed amended complaint, knowing that the Defendants would be filing the appropriate motion to obtain the 12 days additional time.

k.  Rather, it was not until November 25, 2003, via e-mail, that Plaintiff's counsel wrote to the undersigned with a seemingly innocuous lead-in about a few "other issues", one being a question as to whether Defendants intended to object to the Amended Complaint which she claimed "should have been received". On the contrary, no Defendant had received this pleading until November 26. In fact, counsel for Bennett did not receive the proposed Amended Complaint until Monday, December 1.

l.  These Defendants framed their entire discovery strategy--written discovery requests, scope of questioning of Plaintiff, preparation of witnesses, and cross-examination of witnesses--on the claims in the complaint. Defendant Bennett, in that he was previously a named

ST:27294v1

5

party to one remaining count, made significant strategic decisions as to the level and extent of participation in discovery, cross-examination of witnesses, waiver of his right to be present at certain depositions and to participate in expert discovery.[2] Defendant Bennett opted to file a Motion pursuant to Federal Rule 12(b)(6) early in the case based on his having been named in only two counts, as opposed to considering the option of waiting for the summary judgment stage had he been named as a party to more counts.

m.   Additionally, with respect to summary judgment, the Defendants have already been formulating arguments to be raised in a motion for summary judgment, which is currently due January 23, 2004. In this regard as well, deposition questions were carefully prepared to elicit information to make these arguments in a summary judgment motion. However, with these additional four claims, summary judgment can obviously not be filed by January 23, 2004, as discovery will need to be re-opened.

n.   In her Motion for Leave to Amend, Plaintiff concedes "no new facts" have been added to support the four new causes of action, and fails to proffer any "good cause" for her complete failure to have moved to add these claims earlier in the litigation. Discovery is nearly completed, including expert discovery; yet, Plaintiff has permitted the Defendants to expend substantial time and money without even mentioning the possibility of seeking to add four new

---

[2] One example is Bennett's decision not to attend the deposition of Plaintiff's retained expert psychiatrist, based on the fact that emotional distress claimed by Plaintiff was an element of damages only, and not an element of a case in chief on any cause of action. If the amendment is granted, the tort of intentional infliction of emotional distress will be part of the liability issue of Defendants, including Bennett individually, and not just damages. Another example is Bennett's decision not to participate in the selection of a retained expert by the other Defendants or in discussing the scope of examination by that expert.

causes of action. Thus, Defendants should not need to debate the lack of justification for this eleventh hour attempt to add new claims. Indeed, the only "new facts" she seeks to add are actually theories of liability. Specifically, Plaintiff first seeks to adds an allegation of constructive discharge--an absurdity in itself as the Plaintiff's employment was involuntarily terminated, and the concept of constructive discharge is only viable in cases where the Plaintiff voluntarily resigns. The second new allegation concerns "vicarious liability" of ANAC, clearly not a newly discovered "fact". Therefore, a plain reading of the proposed amended Complaint makes undeniably clear that Plaintiff had set forth sufficient allegations in the initial, Amended Complaint on which to base <u>every</u> claim she is seeking to add now.

  o. Plaintiff has thereby failed to present any legally cognizable basis for this egregiously untimely attempt to amend the Complaint. She has inexcusably delayed this attempt, and has, as a result, forced Defendants to expend more time and money in opposing this unwarranted, unreasonable, and prejudicial effort. Plaintiff has, by her silence during numerous discussions about discovery deadlines, blatantly misled the Defendants during discovery in this case, all to their detriment. Moreover, she has exhibited bad faith in threatening a Defendant, John Bennett, and then introducing claims which expand the scope of discovery as she threatened she would attempt to do. As a result, these proceedings will be unnecessarily and unreasonably multiplied. Had Plaintiff's counsel acted diligently, these issues could have been fleshed out early in the pleading stage, within the discovery plan deadline, and would have been made part of the protracted and costly discovery already conducted.

ST:27294v1

p.   Consequently, it is respectfully requested that this Court refuse to permit Plaintiff to benefit by her own inexcusable, patently intentional, and bad faith delay in attempting to add new causes of action, and thereby prolonging and multiplying discovery in this case. Accordingly, these Defendants respectfully urge the Court to deny her request to amend the Complaint, and to award Defendants their costs and reasonable attorneys' fees incurred in having to oppose her wholly unwarranted Motion.

q.  In the event the Court permits any proposed amendment, Defendants respectfully request that they be awarded their costs and reasonable attorneys' fees incurred in having to reopen Plaintiff's deposition; reopen the scope of the expert examination; reopen the Plaintiff's retained and treating expert depositions; to serve and proceed upon supplemental written discovery requests, and in connection with any and all other additional discovery necessitated by these new causes of action.[3]

*Mary A. Gambardella*

The foregoing was subscribed and sworn to before me this 4th day of December, 2003.

COMMISSIONER OF THE SUPERIOR COURT

---

[3] It is anticipated that Plaintiff will argue that additional discovery would have been necessary in any event for the new causes of action, and thus, overlapping discovery is not involved. On the contrary, as an example, it cannot be disputed that when deposition testimony is broken up over months, attorneys need to again prepare witnesses, review prior testimony, etc., to complete these depositions. Bennett's counsel will need to completely repeat preparation to engage in adequate cross-examination on their client's behalf given he is named in new counts as well, and to re-open depositions they opted not to attend due to Bennett's previous, limited involvement as an individual party.

ST:27294v1

## CERTIFICATION

The undersigned hereby certifies that a copy of the foregoing was sent via first class mail, postage prepaid, this 4th day of December, 2003 to counsel of record as follows:

Barbara Gardner, Esq.
843 Main Street
Suite 1-4
Manchester, CT  06040
*Counsel for the Plaintiff*
[Via Overnight Mail Delivery}

Peter E. Gillespie, Esq.
46 Riverside Avenue
P.O. Box 3416
Westport, CT 06880
*Counsel for Defendant John Bennett*

David L. Weissman, Esq.
Saundra M. Yaklin, Esq./Cindy S. Minniti, Esq.
Reed Smith LLP
559 Lexington Avenue, 29th FL.
New York, NY 10022
*Counsel Pro Hac Vice for Defendant John Bennett*

_____
Mary A. Gambardella

ST:27294v1

10