UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
Dec 19  10 32 AM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

| | | |
|---|---|---|
| **LEIGH BOLICK,** | : | |
| Plaintiff, | : | CIVIL ACTION NO. 3:03 CV 165 (PCD) |
| | : | |
| v. | : | |
| | : | |
| **ALEA GROUP HOLDING, LTD.,** | : | |
| et al., | : | December 17, 2003 |
| Defendants. | : | |

## DECLARATION OF SAUNDRA M. YAKLIN

SAUNDRA M. YAKLIN declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury that the following is true and correct:

1. I am admitted *pro hac vice* to practice before this Court for the purposes of the above-captioned matter. I am associated with the law firm of Reed Smith, counsel for Defendant John J. Bennett ("Bennett"). I submit this Declaration in support of Bennett's memorandum of law in opposition to Plaintiff's motion for leave to file an amended complaint, submitted herewith.

2. The parties in this action have agreed upon, and the Court has adopted, a case schedule whereby the last day to amend pleadings was May 15, 2003.

3. Plaintiff has never asked that the May 15, 2003 deadline be modified.

4.      Plaintiff filed an Amended Complaint on April 4, 2003. The Amended Complaint contained no new allegations or claims regarding Bennett.

5.      On May 1, 2003, Bennett moved this Court to dismiss all claims against him. By order dated July 30, 2003, this Court dismissed all claims against Bennett, except a Connecticut state law claim for aiding and abetting retaliation. Bennett made the business decision to move to dismiss because he was confident that at least the harassment portion of Plaintiff's complaint would be dismissed and that the time and expense he would have to devote to discovery would be substantially limited. Had Bennett known that this issue would be reintroduced, he may not have chosen to incur the significant cost of moving to dismiss.

6.      Prior to July 30, 2003, the only deposition taken was the first day of Plaintiff's deposition. Alea examined Plaintiff throughout this first day of testimony. Thus, Bennett did not ask Plaintiff any questions on this first day, with the understanding that he would be allotted time for questioning on the second day of Plaintiff's deposition. From July 30, 2003 onward, Bennett has conducted discovery so as to defend against the only remaining claim still pending against him, aiding and abetting retaliation. Bennett has therefore not focused on the harassment issue or the time period prior to Plaintiff's complaint to Byler (the first arguably protected activity) throughout almost all of discovery.

7.      Bennett relied on the court order dismissing the harassment claim against him and consequently limited his involvement in the discovery process. Among other things, Bennett did

not attend the deposition of Dr. Steven Kagel, Plaintiff's former treating psychologist, and Dr. Alfred Herzog, Plaintiff's psychological expert.

8. Discovery in this matter was originally scheduled to be completed by October 21, 2003.

9. After a settlement conference on September 5, 2003, Plaintiff requested a ten-day extension of the previously agreed upon conclusion for discovery. Plaintiff again moved for an extension of discovery on October 22, 2003. In response to Plaintiff's requests, the Court has extended the discovery deadline twice – first to October 31, 2003 and then to December 31, 2003.

10. Plaintiff has not served Bennett with any interrogatories or document requests to this day, more than ten months since the Complaint was filed and almost two months since the original October 21, 2003 discovery deadline. Additionally, Plaintiff's time to file any such interrogatories and document requests has expired as discovery is scheduled to end on December 31, 2003. The only discovery Plaintiff has conducted with respect to Bennett was a two-hour deposition on October 20, 2003.

11. Because of Bennett's limited involvement in the case, he has not served Plaintiff with any interrogatories or document requests.

12. On November 23, 2003, Plaintiff mailed Defendants her motion for leave to file an amended complaint and the proposed Second Amended Complaint.

13. On November 24, 2003, Dr. Sarah Gamble, Plaintiff's treating psychologist, was deposed. After the deposition, the parties discussed future scheduling. Specifically, it was discussed that, due to scheduling difficulties on the part of both Plaintiff and Alea's retained psychological expert, Plaintiff's examination could not be completed by the deadline for completion of expert reports. Alea's attorney stated that she would seek a brief extension of time, noting that no other deadlines would be affected.

14. At the November 24, 2003 meeting, Plaintiff did not mention that she had mailed papers to Defendants on the previous day and she did not indicate in any way that discovery would not proceed as scheduled, nor that other deadlines would be affected.

15. Bennett first learned of the forthcoming motion when Alea's attorney forwarded an email to this office, originally sent by Plaintiff to Alea, on the afternoon of November 25, 2003. Cindy Schmitt Minniti, an attorney in this office, called Plaintiff's attorney after receiving the email and requested that the papers be faxed to her so that Bennett may review them before the Thanksgiving holiday. Plaintiff's attorney faxed only a portion of the proposed Second Amended Complaint.

16. Bennett did not receive the complete proposed Second Amended Complaint until December 1, 2003.

17. The proposed Second Amended Complaint purports to state two new tort claims against Bennett: invasion of privacy and assault and battery.

18. According to the averments in Plaintiff's motion, Plaintiff bases her motion on the contention that new facts came to light during the discovery process.

19. Despite the bald assertion in Plaintiff's motion, the Second Amended Complaint contains no new factual allegations regarding Bennett. The factual section of the Second Amended Complaint is identical to the factual section in the first Amended Complaint, except for two new sentences in Paragraph 41, wherein Plaintiff alleges that Byler and the corporate defendants constructively discharged her and that she is consequently unable to work. Bennett is not mentioned anywhere in these additions.

20. Plaintiff has offered no explanation, either in her papers or orally to Defendants, for why she delayed filing this motion for leave to file an amended complaint until more than six months after the Court-ordered deadline.

21. Bennett would be highly prejudiced by the Second Amended Complaint, which would require Bennett to conduct substantial additional discovery, including re-deposing all witnesses.

WHEREFORE, Reed Smith respectfully requests that Plaintiff's motion for leave to file an amended complaint be denied and for such other and further relief as the Court deems just and proper.

Dated: New York, New York
December 17, 2003

_____
Saundra M. Yaklin ct24703