IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LEIGH BOLICK, | : | Civil Action No. 3:03CV165 (PCD) |
| Plaintiff, | : | |
| vs. | : | |
| ALEA GROUP HOLDINGS, LTD, et al. | : | |
| Defendants. | : | DECEMBER 19, 2003 |

## SUPPLEMENTAL AFFIDAVIT IN SUPPORT OF DEFENDANTS' SURREPLY TO PLAINTIFF'S REPLY RE: MOTION FOR LEAVE TO AMEND COMPLAINT

STATE OF CONNECTICUT   )
                       ) ss: Stamford, CT
COUNTY OF FAIRFIELD    )

The undersigned, having been duly sworn, hereby deposes and says:

1. I am a member of the firm of Epstein Becker & Green, P.C., attorneys of record for the Defendants, Alea Group Holdings, Ltd. ("AGH"), Alea North America Company ("ANAC"), and Robert D. Byler ("Byler"). I make this statement based on my personal knowledge of the facts and circumstances set forth herein, and in the Defendants' Memorandum of Law in opposition to the Plaintiff's Motion for Leave to Amend the Complaint to add four additional causes of action. I have reviewed the Plaintiff's Reply to these Defendants' Opposition to her Motion for Leave to Amend the Complaint. As there are several misrepresentations made therein with respect to purported assertions of fact, the undersigned has respectfully requested leave to file this Affidavit as a Surreply.

2. On the first page of the Reply Memorandum dated December 11, 2003, Plaintiff appropriately acknowledges that Defendants' Initial Disclosures identified the existence of "investigate notes" and other documents described by category. Yet, on page 3 of that same Memorandum, Plaintiff alleges that this identification, in itself, does not comply with Fed. R. Civ. P. 26. This assertion misrepresents the text of the rule. Specifically, Rule 26 provides that the disclosing party may opt to identify documents, by category, *or* to send copies thereof in lieu of such a list.

3. By suggesting the Defendants did not comply with the Rule, Plaintiff then insists that, as a result, she lacked knowledge of the existence, scope and location of the investigative notes. What Plaintiff also notably fails to mention is that **prior to the commencement of this action**, her counsel was permitted to review all these documents at the office premises of Defendant ANAC. Indeed, Attorney Gardner was permitted to review all human resource notes, Mr. Byler's notes, and a wealth of other documents and was at the location where these documents were maintained. To suggest now she was unaware of the content, scope, volume and location of these documents is blatantly misleading.

4. On pages 4 through 5, Plaintiff intentionally misrepresents the nature of her conversation with Mr. Bennett, and classifies it now as "settlement discussions".

5. The notes of Ms. Lametta, a page of which is annexed to the Reply as purportedly supporting the justification to amend the complaint now, was, again, a page of notes Plaintiff's counsel had already viewed, or could have viewed, before this action commenced. It further

ST:27424v1

suggests nothing new about "constructive discharge"—a theory applicable only to a plaintiff who resigns. Finally, these notes are not relevant to any of the causes of action she seeks to <u>add now</u>, but merely go to the Title VII based claims already present in the Complaint. Moreover, by misrepresenting the content of those notes—which have already been put into proper context by the author, already deposed, Plaintiff hopes to improperly bolster her claim that she should be permitted to amend her Complaint at the "eleventh hour". Critically important, it bears repeating that, contrary to her suggestion now, ANAC did not terminate her employment at that time, and the "relationship" reference has been misrepresented by Plaintiff.

6. Again, the context of these statements were addressed during Ms. Lametta's deposition, and Plaintiff's inference now they mean something damaging is misleading. By annexing them now Plaintiff suggests she did not already obtain the testimony which provided an appropriate backdrop for those notes. Indeed, while the notes were not presented at that deposition, because Plaintiff insisted on proceeding with the deposition two months before serving even one document request on Defendants, significant testimony was elicited concerning discussions with Plaintiff in connection with her claim of retaliation. Again, Plaintiff's reliance on the proffered, inflated meaning of these notes to support the addition of an allegation of "constructive discharge", or any other claim which Plaintiff seeks to add now, is patently misplaced.

ST:27424v1

7. On pages 6 through 7, Plaintiff alleges she has just learned that Mr. Bennett remained Ms. Bolick's supervisor after her complaint to Mr. Byler. Such a representation is wholly contrary to Ms. Bolick's own deposition testimony, and should therefore be rejected.

8. Based on these additional reasons, Defendants re-assert that the grant of leave is unwarranted based on Plaintiff's inexcusable delay, the failure to establish the requisite "good cause", the demonstrated bad faith, and the egregious prejudice that will result to all Defendants herein.

_____
Mary A. Gambardella

The foregoing was subscribed and sworn to before me this 19th day of December, 2003.

_____
COMMISSIONER OF THE SUPERIOR COURT

ST:27424v1

4

## **CERTIFICATION**

The undersigned hereby certifies that a copy of the foregoing was sent via first class mail, postage prepaid, this 19th day of December, 2003 to counsel of record as follows:

> Barbara Gardner, Esq.
> 843 Main Street
> Suite 1-4
> Manchester, CT 06040
> *Counsel for the Plaintiff*
> [Via Overnight Mail Delivery}
>
> Peter E. Gillespie, Esq.
> 46 Riverside Avenue
> P.O. Box 3416
> Westport, CT 06880
> *Counsel for Defendant John Bennett*
>
> David L. Weissman, Esq.
> Saundra M. Yaklin, Esq./Cindy S. Minniti, Esq.
> Reed Smith LLP
> 559 Lexington Avenue, 29th FL.
> New York, NY 10022
> *Counsel Pro Hac Vice for Defendant John Bennett*

_____
Mary A. Gambardella

ST:27424v1

5