UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEIGH BOLICK,  :  <br>    Plaintiff   :  <br>  vs.    :   Civil No. 3:03cv165 (PCD)  <br>    :  <br>ALEA GROUP HOLDINGS LTD.,  :  <br>ET AL.,    :  <br>    Defendants   : | |

## RULING ON MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT AND DEFENDANTS' MOTION FOR SANCTIONS

Plaintiff moves for leave to file an amended complaint [Doc. No. 72]. Defendants oppose Plaintiff's Motion and move for sanctions [Doc. No. 73]. For the reasons stated herein, Plaintiff's Motion is **denied** and Defendants' Motion is **denied**.

I.   **Background:**

For the purposes of this Ruling, the relevant background is as follows: On April 21, 2003, the deadline for adding parties or amending the Complaint was set for May 15, 2003. See Endorsement Order on Doc. No. 15. On May 15, 2003, Plaintiff filed an Amended Complaint alleging unlawful discrimination in violation of Conn. Gen. Stat.§ 46a-6-, et seq. (Count One), retaliation in violation of Conn. Gen. Stat. § 46a-60, et seq. (Count Two), discriminatory treatment violating Title VII, 42 U.S.C. § 2000e, et seq. (Count Three), retaliation in violation of Title VII (Count Four), breach of implied in fact contract (Count Five), breach of the implied covenant of good faith and fair dealing (Count Six), negligent misrepresentation (Count Seven), and violation of the Equal Pay Act (Count Eight). Now, almost seven months after the deadline

1

for amending her Complaint has passed, and less than a month before the close of discovery,[1] Plaintiff seeks to amend her Complaint once more. She seeks leave to add the following causes of action: 1) negligent retention and supervision; 2) intentional infliction of emotional distress; 3) assault and battery; and 4) invasion of privacy. Plaintiff also seeks leave to allege facts in support of the vicarious liability of the employer and that she was constructively discharged.

**II.     Standard of Review:**

Federal Rule of Civil Procedure 15(a) provides that once a responsive pleading has been served, litigants may amend a pleading only "by leave of court or by written consent of the adverse party." FED. R. CIV. P. 15(a). In these situations leave to amend pleadings "shall be freely given when justice so requires." Id. In Foman v. Davis, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962), the Supreme Court explained that courts must evaluate Rule 15(a) motions under the following standard:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rule requires, be "freely given."

Id. at 182. The propriety of granting a motion to amend remains within the district court's discretion. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-31, 91 S. Ct. 795, 28 L. Ed. 2d 77 (1971). Where a scheduling order has been entered, however, the lenient standard under Rule 15(a) must be balanced against the requirement under Rule 16(b) that a court's scheduling order "shall not be modified except upon a showing of good cause." FED. R. CIV. P. 16(b). A finding of good cause depends on the diligence of the moving party. Parker v.

---

[1]     Discovery ends on December 31, 2003.

Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000), rev'd on other grounds, Parker v. Sony Pictures Entm't, Inc., 260 F.3d 100 (2d Cir. 2001), citing In re Milk Prods. Antitrust Litig., 195 F.3d 430, 437 (8th Cir. 1999).  The burden to show good cause is on the moving party.  See Parker, 204 F.3d at 340 ("[W]here the moving party has demonstrated good cause, the court may grant leave to amend the scheduling order to extend the deadline").

**III.    Discussion:**

   A.    <u>Plaintiff's Motion to Amend</u>:

Initially, it bears mentioning that Plaintiff failed to include a memorandum of law in support of her Motion for Leave to Amend.  Local Rule 7(a) provides that any "motion involving disputed issues of law shall be accompanied by a written memorandum of law."  D. Conn. L. R. Civ. 7(a).  "Failure to submit a memorandum may be deemed sufficient cause to deny the motion."  Id.  However, as Plaintiff did make substantive legal arguments in support of her Motion in her Reply Brief, her Motion will not be denied solely on these grounds.

With respect to all allegations Plaintiff seeks to add, Plaintiff concedes that she set forth facts sufficient to plead such allegations in her initial Amended Complaint.  Pl. Reply Br. at 4.  Plaintiff argues that the reason the allegations were not initially pled was that she sought to avoid pleading "garden variety" employment claims and did not want to burden the Court with an "everything but the kitchen sink" approach to pleading.  Id. at 2-3.  Nevertheless, she argues that through discovery she obtained further information which bolstered her decision to seek a second amendment of her Complaint and include the claims at issue.  Id. at 5-8.  Additionally, Plaintiff argues that because she did not receive the relevant documents from Defendants until late October, she did not unduly delay the filing of her Motion and that Defendants are not prejudiced

3

by the proposed amendment, in large part, because they have long been aware of the operative facts. Id. at 3 & 8.

Defendants argue, among other things, that Plaintiff's failure to inform them of her proposed amendment until late November, at least a month after Plaintiff received the documents she claims gave rise to her decision to seek amendment, prejudiced them in their discovery tactics. Defendant Bennet in particular alleges prejudice caused by the delay in that he had previously been party only to Count Four and is now named as Defendant in Plaintiff's assault and battery and invasion of privacy claims. Def. Bennett's Mem. Opp. Motion to Amend at 12-15. Defendant Bennett alleges that he has made strategic decisions not to participate in depositions, make document requests, or issue interrogatories based on his relatively limited involvement in the lawsuit. Id. at 13. Defendants Alea Group Holdings and Blyer assert similar prejudice. Def. Alea and Blyer's Mem. Opp. Motion to Amend at 15-16. Additionally, Defendants Alea and Byer allege that Plaintiff had the opportunity to review the documents in question earlier in these proceedings and therefore cannot now assert that the information she has obtained was previously unavailable. Def. Alea and Byer's Surreply at 2.

As Plaintiff's entire basis for asserting good cause hinges on the nature of the additional information discovered, it is appropriate to look at the allegedly new evidence for each claim.

    1.    <u>Intentional Infliction of Emotional Distress Claim</u>:

Plaintiff alleges that during discovery she received information suggesting that Defendants had a "premeditated plan to end [P]laintiff's employment following her complaint of retaliations and before they investigated the complaint." Pl. Reply. Br. at 5-6. She alleges that a Mr. Goldberg "testified that following [Plaintiff's] complaint of retaliation in May 2001, the

4

[D]efendant came up with a 'plan.'" Id. at 6.  To bolster this allegation Plaintiff states that Defendants produced a document with notes made prior to the investigation of her complaint discussing the possibility of a "legitimate nondiscriminatory reason to end" her employment and "to overcome the challenge of discrimination." Id. at 5.  Plaintiff alleges that this information "suggests the requisite intent and outrageous conduct on the part of [D]efendants" necessary to prove her allegation of intentional infliction of emotional distress.  Id. at 6.

      This information does not so dramatically change the landscape of this lawsuit such that had Plaintiff been appropriately diligent in pursuing her claims she could not have asserted an intentional infliction of emotional distress cause of action much earlier in the proceedings.  Furthermore, it is noted that employers are entitled to take reasonable defensive measures to defend against various species of discrimination claims.  See United States v. New York City Transit Auth., 97 F.3d 672 (2d Cir. 1996) ("[A]n employer may retain legal counsel to deal with discrimination claims and take other steps reasonably designed to prepare for and assist in the defense").  Discussing the possibility of a legitimate nondiscriminatory reason for Plaintiff's termination hardly seems unreasonable in this context.  Nevertheless, given the uncertainty surrounding the availability of the documents in question and the relatively mundane nature of the information within the context of the lawsuit, Plaintiff does not demonstrate good cause and her Motion to Amend is **denied** with respect to the intentional infliction of emotional distress claim.

      2.      Negligent Supervision and Retention Claim:

During discovery Plaintiff alleges that she became aware that Defendant Bennett remained her supervisor even after her complaint about harassment. Pl. Reply Br. at 6-7.  She

asserts that she was previously unaware of this fact and that it prompted her decision to pursue a negligent supervision claim. Id. at 7.

These facts do not justify amendment at this late stage. Plaintiff had complained to Defendants about Defendant Bennett's conduct, thus putting Defendants on notice as to any potential problems and the possibility of future problems. Plaintiff could have pled this cause of action from the start had she felt so inclined. The fact that Defendant Bennett remained Plaintiff's supervisor after her complaint does not so fundamentally change the nature of the circumstances so as to justify amendment. Finally, the questions surrounding exactly when Plaintiff had access to the relevant documents casts doubt on Plaintiff's diligence and does not amount to good cause. See Parker, 204 F.3d at 340. Plaintiff's Motion to add a negligent supervision claim is therefore **denied**.

       3.     Claims against Bennett:[2]

Plaintiff justifies her Motion to Amend on the fact that she received notes written by Robert Blyer which indicate that Defendant Bennett may have told Plaintiff that he was going to murder her. Pl. Reply Br. at 7. She argues that if a jury did not find that Defendant Bennett's actions support a sexual harassment claim, they could find that there is a "lesser included charge ... based on [Defendant] Bennett's outrageous conduct." Id.

It is entirely unclear why the information about Defendant Bennett's statements to Plaintiff changes anything with respect to her original decision not to plead assault and battery and invasion of privacy. The purportedly new information is something that Defendant Bennett

---

[2] Although it is unclear from her proposed Amended Complaint, the only new claims against Defendant Bennett seem to be invasion of privacy and assault and battery.

said directly to Plaintiff, so it is difficult to understand how she was unaware of the statements prior to discovery.  Plaintiff had to be aware of these facts from the start.  Accordingly, there is no justification for allowing a second amendment of her Complaint and her Motion is **denied** with respect to those claims.

        4.      Facts in support of vicarious liability and constructive discharge:

        a.      Constructive Discharge:

Plaintiff argues that the testimony of Goldberg and the notes discussed in the context of her intentional infliction of emotion distress claim provide the basis for her now asserting constructive discharge.  Pl. Reply Br. at 6.  "Constructive discharge of an employee occurs when an employer, rather than directly discharging an individual, intentionally creates an intolerable work atmosphere that forces an employee to quit involuntarily."  Chertkova v. Connecticut Gen. Life Ins. Co., 92 F.3d 81, 89 (2d Cir. 1996) (citations omitted).  Although Plaintiff argues that this "plan" provides the basis for proving constructive discharge by demonstrating deliberateness, Pl. Reply Br. at 2, citing Wilburn v. Fleet Fin. Group, Inc., 170 F. Supp. 2d 219, 238 (D. Conn. 2001), it does not add significantly to her claim of constructive discharge.  The alleged plan has to do with terminating Plaintiff's employment, so it is hard to understand how it is relevant to the creation of an intolerable work environment that forces an employee to quit voluntarily.  Accordingly, the new evidence does not create good cause to justify a second amendment to the Complaint so late in the discovery process and Plaintiff's Motion is **denied** as to this allegation.

        b.      Vicarious Liability:

It is somewhat unclear how Plaintiff's request to plead facts relevant to vicarious liability fits in with this argument.  Plaintiff makes no argument tailored specifically to vicarious liability.

As a result, she has not met her burden, Parker, 204 F.3d at 340, and her motion is **denied** with respect to pleading vicarious liability.

  B. Defendants' Motion for Sanctions:

Although Plaintiff's Motion to Amend is denied, the Motion is not so without merit as to justify sanctions here. Accordingly, Defendants' Motion is **denied**.

**IV.** **Conclusion:**

For the reasons state herein, Plaintiff's Motion for Leave to File and Amended Complaint [Doc. No. 72] is **denied**. Defendants' Motion for Sanctions [Doc. No. 73] is **denied**.

SO ORDERED. Dated at New Haven, Connecticut, December 24, 2003.

            /s/
            Peter C. Dorsey, U.S. District Judge
            United States District Court