FILED

Jan 9   9 29 AM '04

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **LEIGH BOLICK** | : | **Civil Action No. 3:03CV165 (PCD)** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **ALEA GROUP HOLDINGS, LTD,** | : | |
| **et al.** | : | |
| **Defendants.** | : | **JANUARY 8, 2004** |

## SECOND MOTION TO EXTEND TIME TO COMPLETE REPORT OF DEFENDANTS' EXPERT AND FOR PLAINTIFF TO DEPOSE DEFENDANT'S EXPERT

The Defendants, Alea Groups Holdings, Ltd., Alea North America Company ("ANAC"), and Robert D. Byler ("Byler")(or, hereinafter, collectively, "Defendants"), hereby respectfully request that this Court, pursuant to Fed. R. Civ. Proc. 6(b) and Local Rule 9(b)3, grant them an extension of time as to the following deadlines:

1.    Defendants respectfully request an additional thirty eight (38) days from December 31, 2003, or until and including February 12, 2004 (which is thirty (30) days from the appointment for completion of the examination set by Plaintiff and the expert witness), by which they must produce the report of their expert witness and summary of his opinion. The reason for this second request is that the Plaintiff represented she had made her second appointment for completion of her examination by Defendants' expert during the first week of December. Several days before that scheduled appointment, Plaintiff insisted that she be permitted to

conduct the final interview by telephone.  The Defendants objected to this request, primarily based on the expert's representation that the results of the examination would be seriously compromised unless done in person.  As a result, the appointment was cancelled as Bolick would only make herself available on the telephone for that appointment.

2.     Plaintiff's counsel continued further to object to the interview portion of the final session comprising more than one hour, and insisted she could not drive to and from the expert's office again.  She claimed her "condition" prevented her from driving to Bridgeport, and that her husband was working and could not take her.  Consequently, in the interim, she refused to reschedule her appointment.[1]

3.     During this same time period, the Plaintiff attempted to amend her complaint. Nevertheless, the parties continued to communicate regarding Plaintiff's objections as to the examination, which increased.  Specifically, she refused to drive herself to Dr. Adamakos' office in Bridgeport; refused to sit for more than one hour for the interview portion;[2] and insisted that a car service be provided, as well as reimbursement for all her "expenses", such as "meals", by Defendants.

---

[1] Noteworthy, Plaintiff's vocational expert included in his report a form filled out by Plaintiff wherein she represented she was able to drive up to two hours.
[2] By way of a communication dated January 8, counsel for Plaintiff stated: "The request to restrict the time goes back to before the first interview and is not coming from my client but from ME!"

ST:27526v1                                    2

4.    Defendants had already provided a Rule 35 notice wherein standardized tests were identified; disagreed that an additional time for a maximum of three hours was unreasonable given what their expert indicated about the amount of time the Plaintiff took during the first interview portion of the examination; and disagreed that they could be compelled to provide a car service and money for meals.

5.    However, in an attempt to save additional attorneys' fees and believing that Plaintiff was deliberately obstructing the completion of the examination, Defendants finally offered to provide a car service and to limit the expert to an additional one hour for interview time, and one and one half hours of final testing time.    Plaintiff agreed to waive all other objections before the holidays, and it was believed that she would promptly reschedule her appointment.

6.    Believing the exam would be completed promptly, that all outstanding issues had finally been resolved without Court intervention, and with a motion for protective order pending with respect to completion of discovery (in view of the pending motion to amend the Complaint), the Defendants took no action to compel the completion of the examination.

7.    On January 5, 2004, it was discovered that Plaintiff had not yet completed her examination, and had rescheduled for January 12, 2004.    Consequently, Defendants' expert requires additional time from this final appointment to complete his report; i.e., through and including February 12, 2004.    This extension would constitute an extension of time for approximately 38 days from the current deadline of December 31, 2003 (however, again, the

pending motion <u>for suspension</u> of discovery deadlines has not been acted upon by the Court, but the motion to amend the Complaint which necessitated that motion was denied on or about December 24, 2003).

8.      One of the requested amendments by Plaintiff was a cause of action for intentional infliction of emotional distress. Now that this claim is clearly not a part of this action, the expert testimony remains material only to Plaintiff's claim for damages.  Consequently, the deadline for completion of this expert's report and his deposition should not unduly affect the deadline for filing of summary judgment motions.

9.      This matter has not yet been set down for trial.

10.     Defendants thereby further request that Plaintiff's deadline to complete the deposition of Defendants' expert witness be extended for twenty-one (21) days from the date she is provided with the Defendants' expert witness report (or, at the latest, through and including March 4, 2004).

11.     One prior extension of time as to expert witness discovery for 12 days had been sought and granted in this case.  This prior extension was sought as an accommodation to the expert witness in view of the then pending holiday period.  <u>This</u> extension is sought due to cancellation by the Plaintiff of her second appointment, and the numerous, intervening objections raised by her, ultimately resolved by the Defendants to avoid motion practice.

12.     Counsel for Defendant John Bennett concurs in this request.  Counsel for Plaintiff objects to the Court's granting of this Motion.

13.    Despite this objection, the Defendants respectfully request that this Court consider the Plaintiff's own actions which have necessitated this extension request. No prejudice will result to the Plaintiff, as she has been unilaterally in control of the scheduling of and attendance at this final appointment for the completion of the Defendants' expert examination.

**WHEREFORE,** the moving Defendants respectfully request that this Motion be granted.

**THE DEFENDANTS,**
**ALEA GROUP HOLDINGS, LTD.,**
**ALEA NORTH AMERICA COMPANY, AND**
**ROBERT D. BYLER**


By:_____
   Mary A. Gampardella
   Federal Bar No. #ct05386
   Epstein Becker & Green, P.C.
   One Landmark Square, Suite 1800
   Stamford, CT  06901-2601
   (203) 348-3737
                and
   Barry Asen
   Federal Bar #ct24527
   Counsel Pro Hac Vice
   Epstein Becker & Green, P.C.
   250 Park Avenue
   New York, New York  10177
   (212) 351-4500

ST:27526v1                          5

## CERTIFICATION

The undersigned hereby certifies that a copy of the foregoing was sent regular mail delivery,

postage prepaid, this 8th day of January, 2004 to counsel of record as follows:

Barbara Gardner, Esq.
843 Main Street
Suite 1-4
Manchester, CT 06040
*Counsel for the Plaintiff*

Peter E. Gillespie, Esq.
46 Riverside Avenue
P.O. Box 3416
Westport, CT 06880
*Counsel for Defendant John Bennett*

David L. Weissman, Esq.
Saundra M. Yaklin, Esq.
ReedSmith LLP
599 Lexington Avenue, 29th FL.
New York, NY 10022
*Counsel Pro Hac Vice for Defendant John Bennett*

_____
Mary A. Gambardella