IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **LEIGH BOLICK** | : | Civil Action No. 3:03CV165 (PCD) |
| Plaintiff, | : | |
| vs. | : | |
| **ALEA GROUP HOLDINGS, LTD.** et al. | : | |
| Defendants. | : | FEBRUARY 10, 2004 |

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants, Alea Group Holdings, Ltd. ("AGH"), Alea North America Company ("ANAC") and Robert Byler, hereby respectfully submit their Motion for Summary Judgment, pursuant to Fed. R. Civ. Proc. 56, as to each and every cause of action contained in the Complaint of the Plaintiff, Leigh Bolick, a former Vice President of the Marketing Department of Defendant ANAC.

The Complaint contains eight counts. The first and third count set forth causes of action for alleged hostile environment sexual harassment, in violation of the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60, *et seq.* ("CFEPA"), and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § Section 2000e-2(a)("Title VII"), respectively.[1] The second and fourth counts set forth causes of action for retaliation, also in violation of the CFEPA and Title VII, respectively. The fifth count sets forth a cause of action for breach an implied in fact contract; the sixth for breach of the implied covenant of good faith and fair dealing; and the seventh for negligent misrepresentation. Counts five, six, and seven all relate to Bolick's claim to a bonus payment for calendar year 2001. Finally, the eighth count sets

---

[1] The sexual harassment count was dismissed against Bennett.

forth a cause of action for violation of the Equal Pay Act, 29 U.S.C. § 206(d)("EPA"). Plaintiff requests damages for her claimed lost wages, lost earning capacity, emotional distress, and attorneys' fees.

The Defendants' respectfully request that each and every cause of action be summarily dismissed for following reasons:

a.  Even assuming Bolick's harassment allegations against Bennett are true, the conduct complained of was neither severe nor pervasive in nature and, thus, the allegations do not rise to level of an actionable hostile environment sexual harassment claim. Alternatively, even if the subject conduct is viewed as actionable, the claim should still be dismissed as a matter of law because there was no tangible employment action, and ANAC took prompt and appropriate action to prevent further harassment.

b.  Bolick cannot establish a *prima facie* retaliation claim for two reasons: (i) she did not experience an adverse employment action (in fact, she was promoted after her internal complaints), and (ii) assuming that she did, she cannot show a causal connection between her sexual harassment complaint and the alleged adverse employment action.[2]

c.  Bolick's claim that she was somehow guaranteed a bonus should be dismissed because, as she conceded during her own deposition, the bonus was not guaranteed and, on the contrary, was clearly discretionary. Moreover, the record is undisputed that no ANAC employees were awarded bonuses for 2001.

d.  Finally, Bolick cannot dispute the record which establishes that ANAC properly set salaries of those persons with whom she compares herself, based on its view of their

---

[2] Bolick has never raised any claims related to the termination of her employment by ANAC. Indeed, she never amended her complaint to add the termination to the list of claimed "adverse action" or "retaliation" claims.

27756v1                                    -2-

superior experience and the fact that they earned far higher salaries than she did prior to joining ANAC, thus vitiating her claim under the EPA.

In the alternative, even if this Court determines that Bolick's claims can survive this Motion, Defendant AGH nevertheless respectfully requests that all causes of action be dismissed against it. Specifically, AGH is only the holding company of Defendant ANAC. ANAC was the Plaintiff's employer; Plaintiff performed services for and was paid solely by ANAC; reported to ANAC management; and all decisions of which she complains in this action were made and implemented by ANAC employees/management. Plaintiff makes no separate factual allegations against AGH, nor has she substantiated any claims against AGH. Indeed, the only conclusory allegation asserted is that Dennis Purkiss, an AGH employee, "participated" in the investigation of her internal complaints. (Complaint ¶ 28) Thus, as she has asserted no factual bases for maintaining any cause of action against AGH, but rather, only conclusory claims of AGH's liability, Defendants respectfully request that all claims against AGH be dismissed in the event some or all of Plaintiff's claims survive this Motion.

Based on these undisputed material facts, the Complaint, the deposition testimony of the Plaintiff and other witnesses as referred to in the Memorandum of Law, and based on the applicable judicial precedent, moving Defendants respectfully request that summary judgment be granted in their favor as to each and every cause of action contained in the Complaint.

A Memorandum of Law in support of this Motion has been submitted herewith, along with the Affidavits of Mary A. Gambardella and Elissa Biegen.

                              **THE DEFENDANTS,**
                              **ALEA GROUP HOLDINGS, LTD.,**
                              **ALEA NORTH AMERICA COMPANY, AND**
                              **ROBERT D. BYLER**

By: _/s/ Mary A. Gambardella_____

Mary A. Gambardella
Federal Bar No. #ct05386
Epstein Becker & Green, P.C.
One Landmark Square, Suite 1800
Stamford, CT 06901-2601
(203) 348-3737
        and
Barry Asen
Federal Bar #ct24527
Counsel Pro Hac Vice
Epstein Becker & Green, P.C.
250 Park Avenue
New York, New York 10177
(212) 351-4500

## **CERTIFICATION**

The undersigned hereby certifies that a copy of the foregoing Motion for Summary Judgment was mailed via regular mail, postage prepaid, to all counsel of record on the 10th day of February, 2004 as follows.

Barbara Gardner, Esq.
843 Main Street
Suite 1-4
Manchester, CT 06040
*Counsel for the Plaintiff*

Peter E. Gillespie, Esq.
46 Riverside Avenue
P.O. Box 3416
Westport, CT 06880
*Counsel for Defendant John Bennett*

David L. Weissman, Esq.
Saundra M. Yaklin, Esq.
ReedSmith LLP
559 Lexington Avenue, 29th FL.
New York, NY 10022
*Counsel Pro Hac Vice for Defendant John Bennett*

_____
Mary A. Gambardella