UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEIGH BOLICK,<br>    Plaintiff | :  CIVIL ACTION NO.<br>:  3:03CV165(PCD)<br>: |
| vs. | : |
| ALEA GROUP HOLDINGS, LTD.,<br>ALEA NORTH AMERICA COMPANY,<br>JOHN J. BENNETT, AND<br>ROBERT D. BYLER,<br>    Defendants | :<br>:<br>:<br>:<br>:  March 3, 2004 |

## AFFIDAVIT OF LEIGH BOLICK

I, Leigh Bolick, being of full age and understanding the obligations of an oath do depose and say:

1.   I am the plaintiff in this matter and make these statements based on personal knowledge.

2.   Attached as Exhibit 8 is a true and exact copy of the offer letter and attached "Remuneration Approach" document that I signed on September 9, 2000.

3.   Attached as Exhibit 10 is a true and exact copy of AAR's Marketing Strategy document.

4.   Attached as Exhibit 11 is a true and exact copy of the e-mail that I sent to John Bennett on December 21, 2001.

5.   Attached as Exhibit 13 are true and exact copies of e-mails exchanged between Marti Lametta, Len Goldberg, and my self in June, 2002.

6.   Attached as Exhibit 14 is a true and exact copy of a document entitled "The Salary Calculator" indicating that my salary of $73,000.00 in Texas was equivalent to a salary of $98,000.00 in Connecticut. I printed this document from

the internet.

7. Attached as Exhibit 17 are true and correct copies of handwritten notes that I made beginning in October 2000 regarding the events that occurred at Alea. I made the notes within 24 hours of the events happening. I hereby incorporate the notes into this Affidavit.

8. Attached as Exhibit 19 is a true and correct copy of typewritten notes I made in preparation for my meeting with Robert D. Byler on May 31, 2002. I hereby incorporate the notes into this Affidavit.

9. My wage continuation benefits were held back for six weeks in the Fall of 2002.

10. I did not receive a copy of the undated Remuneration Philosophy memorandum attached to my offer letter in Exhibit F of Defendant's Memorandum of Law.

11. My understanding of the bonus structure based on the Offer letter and Remuneration Approach (Exhibit 8) is as follows:

a. Referring to "overall group profit" on p. 1, "group" refers to each franchise's profit.

b. The second bullet point on the first page says "your group weighting is", referring to AAR's weighting. It then refers to "15% corporate results; 40% franchise results; 45% individual results.

c. On the Remuneration document attached under #2. it states "the composition of bonus for all staff will be a combination of awards for corporate level... franchise-level... and individual level performance. Here "corporate" refers to Alea Group. #3. states "measures at franchise level will relate to the corporate objectives and Business Plan for the franchise and also focus heavily on the

financial performance of the franchise". I understood this to mean that the measure will be based on meeting objectives set for each franchise... not for Alea Group as a whole. #4 states "the balance of reward for each individual and similar staff groups will be weighted towards the measure of performance over which the individual/group has the greatest impact." I understood the "group" to mean AAR. I also understood this as a clarification that the employee has control over bonuses as they are based at individual and franchise level, where they can have direct impact. I understood the language in #6 to clarify that the bonus is based on corporate, franchise and individual levels separately, and that they will in the future, be publishing data to clarify both the corporate and franchise goals.

_Leigh Bolick_
Leigh Bolick

Subscribed and sworn to before me this 3rd day of March, 2004.
_Barbara E. Gardner_
Barbara E. Gardner
Commissioner of the Superior Court

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing was mailed, first class, postage prepaid, to the following counsel of record on this 3rd day of March, 2004:

Mary A. Gambardella
Epstein Becker & Green, P.C.
One Landmark Square, Suite 1800
Stamford, CT 06901-2601

Saundra M. Yaklin
Reed Smith, LLP
599 Lexington Ave.
29th Floor
New York, NY 10022

*Barbara E. Gardner*
Barbara E. Gardner