UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
MAR 26  11 33 AM '04
U.S. DISTRICT COURT
NEW HAVEN CONN.

| | |
|---|---|
| LEIGH BOLICK, | DEFENDANT BENNETT'S |
|  | MOTION FOR SUMMARY |
| Plaintiff, | JUDGMENT |
| v. | CIVIL ACTION NO. |
|  | 3:03 CV 165 (PCD) |
| ALEA GROUP HOLDING, LTD., ALEA NORTH AMERICA COMPANY, JOHN J. BENNETT and ROBERT D. BYLER, | FEBRUARY 13, 2004 |
| Defendants. | |

Defendant John J. Bennett ("Bennett") hereby respectfully submits his Motion for Summary Judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, dismissing Plaintiff, Leigh Bolick's claim of aiding and abetting retaliation, in violation of the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60, et. seq. The Amended Complaint contains two causes of action against Bennett, a claim of aiding and abetting sexual harassment and a claim of aiding and abetting retaliation. This Court has already dismissed Plaintiff's claim of sexual harassment against Bennett. See Ruling on Motion to Dismiss, dated July 3, 2003. Bennett now moves for summary judgment on Plaintiff's remaining claim against him.

Bennett respectfully requests that summary judgment be granted in his favor because Plaintiff cannot establish a *prima facie* case for aiding and abetting retaliation. Specifically, (1) Plaintiff cannot show that the conduct she complained of would be offensive to a reasonable person; (2) Plaintiff cannot establish that her November 2000 complaint constituted a protected activity, because she was not complaining about a violation of any statutorily prohibited

discrimination; (3) Plaintiff has offered no evidence to suggest that Bennett knew of Plaintiff's November 2000 complaint; (4) Plaintiff can not show that she suffered any adverse employment action, rather Bennett recommended her for a promotion and she was promoted after her complaint; (5) Plaintiff *admits* that Bennett did not retaliate against her after January 31, 2002; (6) Plaintiff has not offered any evidence to suggest that Bennett was involved in any of the alleged adverse employment actions; (7) Plaintiff cannot show that there was a causal connection between her complaints and any alleged adverse employment actions. Moreover, even assuming that Plaintiff could establish a *prima facie* case, all actions were taken for legitimate non discriminatory reasons for which Plaintiff cannot show were pretext.

Based upon the undisputed material facts, the Amended Complaint, the deposition testimony of all witnesses, as referred to in the Memorandum of Law, and based upon the applicable judicial precedent, Bennett respectfully requests that summary judgment be granted in his favor, dismissing all claims against him, and awarding Bennett costs, reasonable legal fees, and such further relief as the Court deems just and proper.

Bennett submits herewith the Affidavit of Cindy Schmitt Minniti in Support of Defendant John J. Bennett's Motion for Summary Judgment, dated February 12, 2004, Defendant John J.

Bennett's 56(a)1 Statement of Undisputed Facts, dated February 12, 2004, the accompanying Memorandum of Law, dated February 12, 2004, with exhibits annexed thereto.

Dated:   New York, New York
         February 13, 2004

                                        Reed Smith LLP

                                        By: *Cindy Schmitt Minniti*
                                            David L. Weissman ct24702
                                            Cindy Schmitt Minniti ct25495
                                        599 Lexington Avenue, 29th Fl.
                                        New York, NY 10022
                                        P: (212) 521-5436
                                        F: (212) 521-5450
                                        cminniti@reedsmith.com

                                        *Attorneys Pro Hac Vice for*
                                        *Defendant John J. Bennett*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for Summary Judgment, dated February 13, 2004 was served via overnight mail, postage prepaid, the 13th day of February, 2004, on the following counsel of record:

>Barbara E. Gardner, Esq.
>843 Main Street, Suite 1-4
>Manchester, CT 06040
>
>Mary A. Gambardella, Esq.
>Epstein, Becker & Green
>One Landmark Square – Suite 1800
>Stamford, CT 06901
>
>Peter Gillespie
>46 Riverside Avenue
>P. O. Box 3416
>Westport, CT 06880

*Cindy Schmitt Minniti*
Cindy Schmitt Minniti (ct2549)