UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEIGH BOLICK       : | |
| :                  | |
| Plaintiff,      : | |
| :                  | |
| v.                 : | CIVIL NO. 3:03 CV 165 (PCD) |
| :                  | |
| ALEA GROUP HOLDINGS, LTD., : | |
|     et al.         : | |
| :                  | APRIL 12, 2004 |
| Defendants.     : | |

**DEFENDANTS' REQUEST TO SUPPLEMENT SUMMARY
JUDGMENT MOTION WITH CITATION**

Defendants, Alea Group Holdings, Ltd., Alea North America Co., and Robert Byler hereby move this Court to permit them to supplement their Memorandum of Law in Support of their Motion for Summary Judgment, for the sole purpose of adding as authority and support a citation to Walton v. Johnson & Johnson Servs., Inc., 347 F.3d 1272 (11th Cir. 2003), *cert. denied, U.S., No. 03-1056* (3/29/04) (attached hereto). Some of the facts alleged by Walton are similar to those presented in this case; yet even where far more egregious conduct by the claimed harasser are concerned, summary judgment was rendered. This decision addresses several relevant arguments raised by Defendants in their initial Motion, and as the U.S. Supreme Court just recently denied the petition for certiorari, Defendants contend this decision to be persuasive authority in this case.

In Walton, The plaintiff alleged that her supervisor attempted to kiss and fondle her over a period of months. She did not complain internally until her supervisor had allegedly

raped her. The company immediately suspended her supervisor, and ultimately terminated his employment, despite the supervisor's consistent denials and assertions that there were only acts of consensual sexual activity.

The plaintiff went out on disability leave, claiming the mental distress from the supervisor's conduct forced her to take such leave, and did not return to work after her short term disability benefits expired, even after learning of the supervisor's separation. The United State Supreme Court refused to review the Court of Appeal's affirmance of summary judgment in the employer's favor, despite the egregious nature of the alleged conduct, based, among other things, on the employer's prompt, remedial action.

The relevance of the Walton case should be considered by this Court as additional support and authority for the following arguments made by the Defendants:

(1) On pages 25 and 26 of Defendants' Memorandum of Law, Defendants argued that (a) Plaintiff failed to bring a complaint to Human Resources for more than one year following her November 2000 conversation with Robert Byler, which resulted in immediate remedial action taken to separate her from John Bennett; and (b) Plaintiff subsequently failed to return promptly from her leave of absence after being notified that the investigation conducted by Human Resources resulted in John Bennett's separation from the company. Similarly, in Walton, plaintiff delayed for several months in reporting the kissing and fondling attempts to management. Indeed, she did not report any troublesome conduct until the alleged rape. Second, despite the claimed harasser's departure from the company, plaintiff did not return to work from her short term disability leave, yet sought to impose liability on the company for her

eventual termination. The lower court, in applying the affirmative defense established by the Courts in <u>Faragher v. City of Boca Raton</u>, 524 U.S. 775, 118 S. Ct. 2275, 141 L. Ed. 2d 662 (1998) and <u>Burlington Industries, Inc. v. Ellerth</u>, 524 U.S. 742, 118 S. Ct. 2257, 141 L. Ed. 2d 633 (1998), granted summary judgment to the employer, and the Eleventh Circuit affirmed, despite the serious and egregious nature of the conduct constituting the sexual harassment.

While Bolick did not raise the issue of her termination as constituting adverse action, she does argue that the consistency and duration of Bennett's conduct caused her damages. Yet, similar to the delay by Walton, Bolick unreasonably delayed in complaining about continuing conduct by Bennett, after her initial conversation with Byler in November of 2000. At the same time, Bolick claims Bennett's conduct was "constant", even after her conversation with Byler and his implementation of a remedy, and she does not explain her failure to report such continuing conduct sooner, despite her knowledge of the appropriate route for such complaints. (Memorandum of Law at pages 25-27).

Further, like Walton, Bolick did not promptly return to work after Bennett's departure, yet argues that ANAC's prompt, remedial action should be discounted. Thus, as the <u>Walton</u> court observed, the failure to return to work despite the employer's prompt, remedial action cannot operate to the detriment of the employer.

(2)  On pages 26 and 27 of the Memorandum of Law, Defendants address Bolick's allegations of the so-called inadequacy of the investigative process. Yet, as the Court held in <u>Walton</u>, even with "inadequacies" in the investigative process, where, as in the instant case, the result of that investigation is the removal of the claimed "harasser," the assertion by a plaintiff

that the investigation was inadequate cannot defeat summary judgment. In the instant case, Bolick's allegations resulted in prompt, remedial action which included the immediate separation from departure of the accused, John Bennett.

**WHEREFORE**, the above-named Defendants respectfully request that this additional citation be considered as part of their initial Motion for Summary Judgment.

                                    **DEFENDANTS,**

By:_____
    Mary A. Gambardella, Esq.
    EPSTEIN BECKER & GREEN, P.C.
    Federal Bar #CT 05386
    One Landmark Square, Suite 1800
    Stamford, CT  06901-2601
    (203) 348-3737
    Attorneys for Defendant

    and

    Barry Asen
    Federal Bar #ct24527
    Counsel Pro Hac Vice
    Epstein Becker & Green, P.C.
    250 Park Avenue
    New York, New York  10177
    (212) 351-4500

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon counsel of record this 12th of April, 2004, via U.S. Mail, first class, postage prepaid, addressed as follows:

>Barbara Gardner, Esq.
>843 Main Street
>Suite 1-4
>Manchester, CT  06040
>*Counsel for the Plaintiff*
>
>Peter E. Gillespie, Esq.
>46 Riverside Avenue
>P.O. Box 3416
>Westport, CT 06880
>*Counsel for Defendant John Bennett*
>
>David L. Weissman, Esq.
>Saundra M. Yaklin, Esq.
>ReedSmith LLP
>599 Lexington Avenue, 29th FL.
>New York, NY 10022
>*Counsel Pro Hac Vice for Defendant John Bennett*

                                        Mary A. Gambardella