UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEIGH BOLICK,<br>    Plaintiff | : CIVIL ACTION NO.<br>: 3:03CV165(PCD) |
| vs. | : |
| ALEA GROUP HOLDINGS, LTD.,<br>ALEA NORTH AMERICA COMPANY,<br>JOHN J. BENNETT, AND<br>ROBERT D. BYLER,<br>    Defendants | :<br>:<br>:<br>:<br>April 20, 2004 |

FILED APR 22 1 35 PM '04

**PLAINTIFF'S SUPPLEMENT TO MEMORANDUM
IN OPPOSITION TO SUMMARY JUDGMENT**

In response to Defendant's Request to Supplement Summary Judgment Motion with Citation, plaintiff submits the following opposition to said citation and supplements her Memorandum in Opposition to Defendant's Motion for Summary Judgment.

Walton v. Johnson & Johnson Servs., Inc., 347 F.3d 1272 (11th Cir. 2003) can be distinguished from this case on the facts. In Walton the employer suspended and then terminated the alleged harasser immediately following plaintiff's complaint. Also, the plaintiff in Walton went on a leave of absence following her complaint and never returned.

Contrary to what defendant claims in its supplementary memorandum (p. 2) plaintiff in this case was not on a leave of absence following her complaint to Human Resources in January 2002, rather she was instructed by Marti Lametta and Robert Byler to stay at home while the investigation of her complaint against Bennett ensued. In fact, once she learned that Bennett would not be at the office, she informed Lametta and Byler that she wanted to come back and was told that she could not do so. When

Ms. Lametta and Mr. Byler finally told her to come back, she hesitated because they were not forthcoming with information regarding the circumstances of his departure. As a result of that uncertainty and the resulting distress, she worked at home for one or two days longer, rather than come into the office. It was not a leave of absence. She did return promptly, within a day or two, of being advised that Bennett had left the company. (Exh. 2 462-470, Exh. 3 at 113) There is no evidence that plaintiff was on a leave of absence and it is improper for defendant to mislead the court by suggesting that she was.

In addition, Ms. Bolick, unlike the plaintiff in Walton, did complain immediately following the offending behavior in November, 2000. Ms. Bolick fully expected that Byler would do what was necessary to stop the behavior. This was Alea's opportunity to address the situation and prevent further harm from occurring.(Exh. 1 at 239, 262-263, 269-270) For example, following the initial complaint, Bennett continued as Bolick's supervisor. Also, Alea did not have a sexual harassment policy in place (Exh. 5 at 17-18, 44-45; Exh. 3 at 17), so it cannot claim that plaintiff failed to take advantage of it. Defendants have failed to meet their burden of proving the absence of any genuine issue of disputed fact as to whether they acted with reasonable care to prevent and promptly correct sexually harassing behavior. The facts in Walton are not similar to the facts of this case.

2

THE PLAINTIFF, LEIGH BOLICK

*Barbara E. Gardner*

Barbara E. Gardner
CT07623
843 Main St., Suite 1-4
Manchester, CT 06040
(860)643-5543
(860)645-9554(fax)
Bg@bgardnerlaw.com

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing was mailed, postage prepaid, this 20th day of April, 2004, to:

Mary A. Gambardella
Epstein Becker & Green, P.C.
One Landmark Square, Suite 1800
Stamford, CT 06901-2601

Cindy Schmitt Minniti
ReedSmith LLP
599 Lexington Ave.
29th Floor
New York, NY 10022

*Barbara E. Gardner*

Barbara E. Gardner

3