THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LEIGH BOLICK | : | Civil Action No. 3:03CV165 (PCD) |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| ALEA GROUP HOLDINGS, LTD. | : | |
| et al. | : | |
| Defendants. | : | April 21, 2005 |

### DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Defendants, Alea Group Holdings, Ltd. ("AGH"), Alea North America Company ("ANAC") and Robert Byler, and on behalf of Defendant John Bennett, hereby respectfully submit their Objection to Plaintiff's Motion asking the Court to "reconsider its decision granting summary judgment on plaintiff's Title VII hostile environment claims, as to alleged adverse actions under her retaliation claims, and as to certain claims against John Bennett." The bases for this objection are as follows:

#### Plaintiff Fails to Meet the Threshold Requirements for Reconsideration

A reading of Plaintiff's Motion for Reconsideration reveals nothing more than a rehashing of her arguments asserted in opposition to Defendants' Motion for Summary Judgment, coupled with transparent attempts to present some alternative theories on certain issues. However, even before the merits of Plaintiff's arguments can be considered, Plaintiff must meet the threshold requirements for reconsideration. Notably, Plaintiff does not address this standard and how she satisfies it.

Specifically, Rule 7 (c) provides in pertinent part:

Motions for reconsideration shall be … accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order.

L.R. Civ. P. 7(c) (D. Conn.).  The moving party must satisfy "stringent standards."  <u>Gold v. Dalkon Shield Claimants Trust</u>, 1998 U.S. Dist. LEXIS 22412, No. 5:82-CV-383 (EBB)(D.Conn. Jul. 16, 1998).  Such motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." <u>Shrader v. CSX Transportation, Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995).  Consequently, reconsideration is granted only in a narrow range of circumstances, as the court should prevent "wasteful repetition of arguments already briefed, considered and decided." <u>Schonberger v. Serchuk</u>, 742 F. Supp. 108, 119 (S.D.N.Y. 1990).

Indeed the only permissible grounds on which to grant a motion for reconsideration are: (1) an intervening change in the law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. <u>Martin</u>, 2004 U.S. Dist. LEXIS 9373; <u>Doe v. New York City Dep't of Social Services</u>, 709 F.2d 782, 789 (2d Cir.), <u>cert. denied</u> <u>sub nom</u>. Catholic Home Bureau v. Doe, 464 U.S. 864 (1983); Gold, 1998 U.S. Dist. LEXIS 22412; <u>Martin</u>, 2004 U.S. Dist. LEXIS 9373.  Thus, for Bolick, the filing of this motion "is not simply a second opportunity for the movant to advance arguments already rejected," <u>Shrader</u>, 70 F.3d at 257, or to "plug gaps in an original argument or to argue in the alternative once a decision has been made." <u>Weinstock v. Officer Timothy Wilk</u>, 2004 U.S. LEXIS 2844, 3:02 cv 1326 (PDC) (D. Conn. Feb. 25, 2004) (citing <u>Horsehead Resource Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc.</u> 928 F. Supp. 287, 289 (S.D.N.Y. 1996) (internal citations and quotations omitted)).

Again, a reading of her moving papers reveals that Plaintiff merely takes issue with the Court's resolution of the Motion for Summary Judgment, and does not point to any facts or controlling law overlooked in the operative ruling that should now alter the Court's decision. Likewise, Plaintiff fails to offer an intervening change in the law or other factor recognized as necessary for the Court to consider the merits of the Motion for Reconsideration. Plaintiff should not be allowed a "second bite at the apple" merely because she is dissatisfied with the Court's ruling.  <u>Sequa Corp. v. GBJ Corp.</u>, 156 F.3d 136, 144 (2d Cir. 1998), <u>Stanger v. Her-fic, S.A.</u>, 2002 U.S. Dist. LEXIS 14047, 3-00-CV-1986 (JCH)(D. Conn.) Jul. 2, 2002).  Consequently, this motion should be denied as Plaintiff has failed to "demonstrate that newly discovered facts exist that require consideration, that there has been an intervening change in the law, or that the court has overlooked and thus failed to consider an aspect of the law presented by the [moving party] which, if left unredressed, would resulted in clear error or cause manifest injustice". <u>Metropolitan Entertainment Co. v. Koplik</u>, 25 F. Supp. 2d 367, 368 (D. Conn. 1998) (citing <u>Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.</u>, 956 F.2d 1245, 1255 (2d Cir. 1992)).

CONCLUSION

For the foregoing reasons, it is respectfully requested the Plaintiff's Motion for Reconsideration be denied.

                    **THE DEFENDANTS,**
                    **ALEA GROUP HOLDINGS, LTD.,**
                    **ALEA NORTH AMERICA COMPANY, AND**
                    **ROBERT D. BYLER**

By:_____
    Mary A. Gambardella
    Federal Bar No. #ct05386
    Epstein Becker & Green, P.C.
    One Landmark Square, Suite 1800
    Stamford, CT  06901-2601
    (203) 348-3737
        and
    Barry Asen
    Federal Bar #ct24527
    Counsel Pro Hac Vice
    Epstein Becker & Green, P.C.
    250 Park Avenue
    New York, New York  10177
    (212) 351-4500

## **CERTIFICATION**

The undersigned hereby certifies that a copy of the foregoing DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION was mailed via regular mail, postage prepaid, to all counsel of record on the 21th day of April, 2005 as follows.

Barbara Gardner, Esq.
843 Main Street
Suite 1-4
Manchester, CT  06040
*Counsel for the Plaintiff*

Peter E. Gillespie, Esq.
46 Riverside Avenue
P.O. Box 3416
Westport, CT 06880
*Counsel for Defendant John Bennett*

David L. Weissman, Esq.
Cindy Schmitt Minniti, Esq.
ReedSmith LLP
599 Lexington Avenue, 29th FL.
New York, NY 10022
*Counsel Pro Hac Vice for Defendant John Bennett*

_____
Mary A. Gambardella