## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LEIGH BOLICK, | ) | Civil Action No.: |
| | ) | 3:03 CV 165 (PCD) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALEA GROUP HOLDINGS, LTD., | ) | |
| ALEA NORTH AMERICA COMPANY, | ) | |
| JOHN J. BENNETT, and ROBERT D. | ) | |
| BYLER, | ) | |
| Defendants. | ) | June 13, 2005 |

### DEFENDANTS' PROPOSED VOIR DIRE

Defendants Alea North American Company, John J. Bennett and Robert D. Byler (collectively the "Defendants"), by their attorneys, Epstein Becker & Green, P.C., respectfully request that the Court include the following questions in its examination of prospective jurors, pursuant to Rule 47(a) of the Federal Rules of Civil Procedure, and to permit Defendants to supplement that inquiry, if necessary.

### Case Summary

In this lawsuit the Plaintiff, Leigh Bolick, alleges that the Defendant Alea North American Company, a corporation in the reinsurance industry, and Robert Byler, a CEO of one of the operating divisions of that Company, unlawfully retaliated against her because she made internal complaints to her employer that her supervisor, Defendant John Bennett, had sexually harassed her. Plaintiff's claim of retaliation against ANAC and Robert Byler is that after her complaint about Bennett, her management responsibilities were "marginalized" by virtue of: (i) not being allowed to participate in the hiring of the two new male Vice Presidents; (ii) by being excluded from management meetings; (iii) not being allowed to attend a certain trade conference in

April 2002; and (iv) being reprimanded by Robert Byler during a marketing staff meeting in April 2002. Plaintiff also alleges Defendant Bennett retaliated against her for complaining about him by making negative comments to Robert Byler regarding her work performance during the course of ANAC's investigation of Plaintiff's January 2002 complaint about Bennett to Human Resources. Plaintiff claims Robert Byler relied on Bennett's comments in denying her Bennett's Senior Vice President position after he left the company. Plaintiff also alleges against Bennett the aiding and abetting of retaliation by ANAC in connection with the claimed marginalization of her management responsibilities as just described. Finally, Plaintiff also asserts an Equal Pay Act claim, alleging that she was paid less than two similarly situated male Vice Presidents in 2002 for substantially similar work based on her gender. The Defendants deny all these allegations and state that the Plaintiff has been treated lawfully.

<u>Jurors' Familiarity with the Parties and the Lawsuit</u>

1.  Do you know the Plaintiff Leigh Bolick?

2.  The Defendants are Alea North American Company ("ANAC"), John J. Bennett and Robert D. Byler. ANAC is a reinsurance intermediary. Defendant Robert Byler is the Chief Executive Office of ALEA Alternative Risk ("AAR"), an operating division of ANAC. Defendant Bennett was AAR's Senior Vice President of Marketing and Bolick's supervisor.

3.  Have you ever heard of the Defendants? If so please describe.

4.  Have you, any member of your family, or any of your friends, ever had any personal or business dealings, or any other relationship with any of the Defendants? If so, please describe.

5.  Do you know anyone who has ever worked for or with any of the Defendants?

      a.     Who was it?

      b.     By whom was that person employed?

      c.     When was that person employed?

      d.     In what capacity was that person employed?

6.     Is there any reason that you, a member of your family, or any of your friends, would have any personal feelings toward any of the Defendants?

7.     Have you, or any members of your family, or any of your friends, ever worked for any company in the reinsurance or reinsurance intermediary business?

      a.     Who was it?

      b.     By whom was that person employed?

      c.     When was that person employed?

      d.     In what capacity was that person employed?

8.     Is there any reason that you, any member of your family, or any of your friends, would have any ill feelings toward the reinsurance or reinsurance intermediary business or any of the Defendants?

9.     Have you heard, read, or have knowledge of any of the allegations made in this action apart from what I have told you today?

      a.     If so, please describe.

      b.     Did you form any opinions about the matter or the parties after hearing or reading the material?

10.     Do any of you know any of the attorneys or law firms in this case?

      a.     Barbara Gardner will represent the Plaintiff.

b.    Mary A. Gambardella of Epstein Becker & Green, P.C., assisted by Jonathan Plissner, will represent the Defendants. Also Peter E. Gillespe, and from Reed Smith LLP -- David L. Weissman and Cindy Schmidt Minitti are co-counsel for Defendant Bennett.

c.    What have you heard about these attorneys?

11.    I am going to read a list of names of people who may be called as additional witnesses in this case. We need to learn from you if you know any of them. Marti Lametta, Len Goldberg, Sandra Duncan, Jeffrey Alexander, Scott D. Roe, Dr. Harry Adamakos, Kevin Costello, Vance Sawamurra, Dennis Purkiss, George Judd, Mark Jones, Michael Halsband, Elissa Biegen, Thom Bolick, Eltonya Thompson, Robert Hammond, Alfred Herzog, M.D., Sarah Gamble, Ph.D., Sheldon Wishnick and James S. Cohen, Ph.D.

12.    As to any juror indicating that he/she knows or has heard of any witness:

a.    Which person or persons do you know?

b.    How do you know that person?

c.    What do you know or what have you heard about that person?

d.    Would your acquaintance with/relationship to this person in any way affect any decision that you may be required to make as a juror? If yes, how would this affect your decisions as a juror?

e.    Would you be more likely to believe this person or would you assign more or less weight to anything that he/she might say because of your relationship?

<u>Corporate Status</u>

13.    ANAC is a corporation.  As such, it may have greater economic resources that the Plaintiff.  The relative economic resources of the Plaintiff and Defendant ANAC are of no relevance whatsoever to the issues in the case, and this factor must not be allowed to enter into your decision-making.  Do you feel that you cannot judge the evidence with complete indifference to the relative size and financial capabilities of the parties?

14.    Do you feel disposed to grant monetary damages to the Plaintiff—even if she fails to prove her case by a preponderance of the evidence [in accordance with the rules which I will explain to you later], simply because Defendant ANAC is a corporation?

15.    Do you feel sympathetic or allied with persons who bring proceedings against corporations or other institutions in the courts or elsewhere?

16.    Would you be less likely to believe testimony offered by the Defendants' witnesses because Defendant ANAC is a corporation or because the other Defendants or Defendants' witnesses work or have worked for a corporation?

17.    Would you be more likely to believe evidence offered by the Plaintiff because she is an individual or because she is suing her employer and her supervisors?

18.    Do you believe that because the case has reached the trial stage you must assume Plaintiff's allegations have merit?

19.    Do you think you have been unfairly treated during any employment?

20.    Have you ever worked for any corporations?

21.    Have you, your friends, or any member of your family ever been treated unfairly at any job?  What were the circumstances?

22.    Is anyone in your family or is any close friend an attorney?  If so, who? What is his or her specialty?

23.    Have you ever filed a grievance or complaint with your employer based on some unfair treatment or discrimination?  If yes, provide details.

24.    Other than what you have described, have you, or any relative or friend, been involved in any way as a party, witness, juror, or attorney, in a dispute or claim involving an employer, former employer or corporation, over an employment issue, such as discrimination, retaliation, harassment, termination, job elimination, offered an alternative position, salary freeze, demotion, reduction of responsibility, retirement, refusal to promote, or any way affected by a business reorganization?  If so:

      a.    What were the facts?

      b.    What was the outcome of the dispute or action?

25.    Do you feel disposed to grant monetary damages to the Plaintiff simply because she is unemployed?

<u>Jurors' Experience with the Legal System</u>

26.    I will explain this in greater detail to you later in the trial.  However, you should now be aware that in general, the law provides that the Plaintiff always has what is called the "burden of proof," that is the Plaintiff ultimately has to convince you that she was discriminated against.  Defendants do not have to prove that she was discriminated against.  Do any of you have any difficulty accepting and applying that essential principle of law, whether or not you agree with it?

27.    Would you have any difficulty in refusing to award damages to the Plaintiff if she suffered some damage but failed to satisfy her burden?

28.     Have you ever been accused of discriminating or retaliating against an employee? If yes, will that influence the way you review the evidence?

29.     Have any of you ever sued or been sued in a court of any type of case including an employment case? If so:

    a.     What type of case was it?

    b.     Were you the person suing or the person being sued?

    c.     Was the case before a judge or jury?

    d.     Who was the other party in the lawsuit?

    e.     How did the court/jury rule?

    f.     How did the handling of your case make you feel about the judicial process in general?

30.     Have you formulated any opinion whatsoever in advance of hearing the evidence as to whether monetary or other type of damages should be awarded simply because a lawsuit has been brought?

31.     Sometimes a natural reaction is to "feel sorry" for a plaintiff in a lawsuit. Would you allow any sympathy you might have for the Plaintiff to affect your decision in this case?

32.     The functions of the judge and jury are very different. You as jurors—and only you—decide the facts, that is, what happened. The judge—and only the judge—decides the law. I will tell you what the applicable law is at the close of the case, and you must apply that law to the facts as you find them whether or not you agree with the law, or think it is wise or just or fair. You do not have any choice in that regard. Can each of you follow this instruction without any reservation?

33.    It is important that the Court has your assurance that, without reservation, you will follow my instructions and rulings on the law and will apply the law to this case. To put it somewhat differently, whether you approve or disapprove of the Court's rulings or instructions, it is your solemn duty to accept as correct these statements of the law. You may not substitute your own ideas of what you think the law ought to be. Will you follow the law as stated for you in this case?

34.    This case will probably take most or all of _____ days to try. Would the mere fact that the trial may be of that duration in any way affect your opinion as to the merits of the case, or affect your willingness and ability to carefully sift the evidence on all issues?

35.    If you find that your beliefs differ from those of others on the jury, would you be able to stand up for your own beliefs?

36.    Do you know of any reason why you would not be able to listen to the evidence fairly and impartially and decide the issues strictly on the basis of the evidence you will hear in the courtroom, free of all bias and prejudice?

37.    Do you have a personal interest, financial or otherwise, in the outcome of this case?

Defendants reserve the right to supplement or amend the voir dire questions subsequent to the rulings on the motions in limine.

ALEA GROUP HOLDINGS, LTD.,
ALEA NORTH AMERICA COMPANY,
JOHN J. BENNETT, and ROBERT D.
BYLER,

BY: _____

Mary A. Gambardella, Esq.
Federal Bar No. ct05386
EPSTEIN BECKER & GREEN, P.C.
One Landmark Square, Suite 1800
Stamford, CT 06901-2601
(203) 348-3737
(203) 324-9291 (Fax)
mgambard@ebglaw.com

## CERTIFICATION

The undersigned hereby certifies that a copy of the foregoing was sent via U.S. Mail, postage prepaid, this 13th day of June, 2005 to:

Barbara E. Gardner, Esq.
843 Main Street
Suite 1-4
Manchester, CT  06040

Peter E. Gillespie, Esq.
46 Riverside Avenue
P.O. Box 3416
Westport, CT 06880
*Co-Counsel for Defendant John Bennett*

David L. Weissman, Esq.
Cindy Schmidt Minitti, Esq.
Reed Smith LLP
599 Lexington Avenue, 29th FL.
New York, NY 10022
*Co-Counsel Pro Hac Vice for Defendant John Bennett*

_____
Mary A. Gambardella