## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LEIGH BOLICK, | ) | Civil Action No.: |
| | ) | 3:03 CV 165 (PCD) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALEA GROUP HOLDINGS, LTD., | ) | |
| ALEA NORTH AMERICA COMPANY, | ) | |
| JOHN J. BENNETT, and ROBERT D. | ) | |
| BYLER, | ) | |
| Defendants. | ) | June 13, 2005 |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

The Defendants, Alea North American Company ("ANAC"), John J. Bennett and Robert D. Byler, by their attorneys, Epstein Becker & Green, P.C., submit the following proposed jury instructions to be given to the jury at the close of the trial of this action. Defendants respectfully request leave to submit revised or additional request based upon the evidence actually adduced at trial. In addition, Defendants requests leave to submit revised or additional requests that conform with any rulings of law that the Court may render during the course of these proceedings.

Requested Instruction No. 1
**(Introduction)**

Members of the jury, we come now to that portion of the trial where you are instructed on the law applicable to the case and then retire for your final deliberations. You have now heard all the evidence introduced by the parties. You have also heard through arguments of the attorneys the conclusions which each party believes should be drawn from the evidence presented to you. This charge is divided into roughly two parts -- the first part consists of general principles of law that are applicable to all civil cases; the second part consists of charges directed specifically to the law you must follow in this case.

> 4 Hon. Leonard B. Sand, et al., Modern Federal Jury Instruction (Civil), Insts. 71-1 and 71-2 (2004), as modified.[1]

---

[1] Hereinafter referred to as "Modern Federal Jury Instruction."

Requested Instruction No. 2
**(Impartiality)**

You are to perform your duty of finding the facts without bias or prejudice as to any party, for all parties are equal under the law. You are to perform your final duty in an attitude of complete fairness and impartiality. You are not to be swayed by rhetoric or emotional appeals.

It must be clear to you that if you were to let prejudice or bias interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. Therefore do not be guided by anything other than clear thinking and calm analysis of the evidence.

> 1 Kevin F. O'Malley et al., Federal Jury Practice & Instructions, § 2.02 (5th ed. 2000 & Supp. 2002), as modified.[2]

---

[2] Hereinafter referred to as "Federal Jury Practice & Instructions."

<u>Requested Instruction No. 3</u>
**(Jury Function)**

As the jurors, your fundamental duty is to decide what the facts are, based on all the evidence that you have heard and the exhibits that have been submitted. You are the sole, exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you have determined. In that field you are supreme, and neither I nor anyone else may invade your province.

> 3 <u>Federal Jury Practice and Instructions</u>, §101.10, as modified; 4 <u>Modern Federal Jury Instructions</u>, Insts. 71-3 and 71-5, as modified.

Requested Instruction No. 4
**(Court's Function)**

We are now approaching the most important part of this case, your deliberations. You have heard all of the evidence in the case, as well as the final arguments of the lawyers for the parties. Before you retire to deliberate, it is my duty to instruct you as to the law that will govern your deliberations. As I told you at the start of this case, and as you agreed, it is your duty to accept my instructions of law and apply them to the facts as you determine them.

Regardless of any opinion that you may have as to what the law may or ought to be, it is your sworn duty to follow the law as I give it to you. Also, if any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

Nothing I say during these instructions is to be taken as an indication that I have an opinion about the facts of the case, or what that opinion is. Any comments made by me during the trial or during these instructions that may be perceived as an expression of my opinion as to the facts should be disregarded by you. It is not my function to determine the facts, but rather it is your function to do so.

Because my instructions cover many points, I have provided each of you with a copy of them not only so that you can follow them as I read them to you now but also so that you can have them with you for reference throughout your deliberations. In listening to my instructions now and in reviewing them later, you should not single out any particular instruction alone as stating the law, but you should instead consider the instructions as a whole.

4 <u>Modern Federal Jury Instruction</u>, Inst. 71-2, as modified;
3 <u>Federal Jury Practice & Instructions</u>, § 101.02, as modified.

Requested Instruction No. 5
**(Evidence)**

You must decide what the facts are based solely on the evidence that was presented here in court. As you evaluate the evidence, you may, of course, apply your own powers of reason and common sense about the nature of things.

The evidence consisted of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agreed or which I may have instructed you to accept. Here are some rules that will help you recognize what is, and what is not, evidence:

1.     Lawyers' Statements. These are not evidence. However, if all the lawyers stipulate and agree to what the facts are, I will direct you to accept whatever they agree to as true.

2.     Rejected Evidence. There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I sustain the objection, the question cannot be answered or the exhibit cannot be received. Whenever I sustain an objection to a question or an exhibit, ignore the question or the exhibit and do not guess what the answer would have been or what the exhibit would have shown. Also, from my rulings on objections, you should not draw any conclusion that I have any opinion on the merits of the case or that I favor one side or the other.

3.     Question to a Witness. The questions asked a witness are not evidence. It is only the answer to the question that results in evidence. If a lawyer's question to a witness contains an insinuation, you must ignore the insinuation.

4.    <u>Stricken Evidence</u>.  At times, I may have directed some piece of evidence to be stricken or thrown out.  Because it is no longer evidence, you must totally ignore it and obliterate it from your minds.

> 4 <u>Modern Federal Jury Instructions</u>, Insts. 74-1 and 74-2, as modified;  <u>Connecticut Jury Instructions (Civil)</u> (4th Ed.) §§ 15, 310 et. seq.;

<u>Requested Instruction No. 6</u>
**(Evidence)**

You are to consider only the evidence in the case, but, in your consideration of the evidence, you are not limited to the statements of the witnesses.  In other words, you are not limited to what you see and hear as the witnesses testify.  You are permitted to draw, from facts that you find have been proved, such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions which reason and common sense lead you to draw from facts which have been established by the evidence in the case. Inferences are not, however, guesswork made without a reasonable basis in the evidence.

3 <u>Federal Jury Practice & Instructions</u>, § 101.40, as modified.

Requested Instruction No. 7
**(Types of Evidence)**

In deciding whether a party meets his burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly.  For example, where a witness testifies to what he or she saw, heard or observed, that testimony is called direct evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.  To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside.  Then later, as you were sitting here, someone walked in with a dripping wet umbrella and, soon after, somebody else walked in with a dripping wet raincoat.  Now, on our assumed facts, you cannot look outside the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of the fact.  But, on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun to rain.

That is all there is to circumstantial evidence.  Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact.  Please note, however, it is not a matter of speculation or guesswork; it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence.  Circumstantial evidence is of no less value than direct evidence.  You may consider either or both and may give them such weight as you conclude is warranted.

3 <u>Federal Jury Practice & Instructions</u>, § 101.42 and 104.05, as modified; 4 <u>Modern Federal Jury Instruction</u>, Inst. § 74-2, as modified.

Requested Instruction No. 8

**(Evidence)**

During the trial of this case, certain testimony has been presented to you by way of deposition, consisting of sworn recorded answers to questions asked of the witnesses in advance of the trial by one or more of the attorneys for the parties to the case. Such testimony is entitled to the same consideration, and is to be judged as to credibility, and weighed, and otherwise considered by the jury, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

4 Modern Federal Jury Instruction, Inst. § 74-1, as modified; 3 Federal Jury Practice and Instructions, § 101.40, as modified.

<u>Requested Instruction No. 9</u>
**(Weighing Testimony)**

The law does not require you to accept all of the evidence I have admitted. In deciding what evidence you will accept, you must make your own evaluation of the testimony given by each of the witnesses and decide how much weight you choose to give to that testimony. The testimony of a witness may not conform to the facts as they occurred because he or she is intentionally lying, because the witness did not accurately see or hear what he or she is testifying about, because the witness' recollection is faulty, or because the witness has not expressed himself or herself clearly in testifying.

There is no magical formula by which you evaluate testimony. You bring with you to this courtroom all of the experience and background of your lives. In your everyday affairs, you decide for yourselves the reliability or unreliability of things people tell you. The same tests that you use in your everyday dealings are the tests which you apply in your deliberations.

The interest or lack of interest of any witness in the outcome of this case, the bias or prejudice of a witness, if there is any, the appearance, the manner in which the witness gives testimony on the stand, the opportunity that the witness had to observe the facts about which he or she testifies, the probability or improbability of the witness' testimony when considered in the light of all of the other evidence in the case, are all items to be considered by you in deciding how much weight, if any, you will give to that witness' testimony. If it appears that there is a discrepancy in the evidence, you will have to consider whether the apparent discrepancy can be reconciled by fitting the two stories together. If, however, that is not possible, you will then have to decide which of the conflicting stories you will accept.

4 <u>Modern Federal Jury Instructions</u>, Insts. 71-5, 76-1, 76-2, 76-3, 76-4 and 76-5, as modified.

Requested Instruction No. 10
**(Credibility of Witnesses)**

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, by the manner in which the witness testifies, by the character of the testimony given and by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified and every matter in evidence that tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive, state of mind, demeanor and manner while on the stand. Consider the witness's ability to observe the matters as to which he or she has testified and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case, the manner in which each witness might be affected by the verdict and the extent to which, if at all, each witness's testimony is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently. Innocent misrecollection, like failure of recollection, is also not an uncommon experience. In weighing the effect of a discrepancy in testimony, always consider whether it pertains to a matter of importance or an unimportant detail and whether the discrepancy results, in your judgment, from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

You may, in short, accept or reject the testimony of any witness in whole or in part.

> 3 <u>Federal Jury Practice & Instructions</u>, § 101.43, as modified; 4 <u>Modern Federal Jury Instruction</u>, Inst. § 76-1, as modified.

<u>Requested Instruction No. 11</u>
**(Impeachment)**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

> 3 <u>Federal Jury Practice & Instructions</u>, § 101.43, as modified; 4 <u>Modern Federal Jury Instruction</u>, Inst. § 76-5, as modified.

Requested Instruction No. 12
**(Credibility – Prior Inconsistent Act/Statement)**

Evidence that at some other time a witness, not a party to this action, has said or done something which is inconsistent with the witness's testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness but may not be considered as evidence of the truth of any such statement.

Where, however, the witness is a party to the case and, by such statement, or other conduct, admits some fact or facts against his or her interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

> 3 Federal Jury Practice & Instructions, § 105.04, as modified; 4 Modern Federal Jury Instruction, Inst. § 76-5, as modified.

Requested Instruction No. 13
**(Interested Witnesses)**

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that fact in mind when evaluating the credibility of his or her testimony and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

4 Modern Federal Jury Instruction, Inst. 76-3, as modified.