Requested Instruction No. 14
**(Missing Witnesses)**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case or who may appear to have some knowledge of the matters at issue in this trial. You should not draw any negative inference against any party with respect to any issue in dispute because they did not call a witness to testify.

3 Federal Jury Practice & Instructions, § 104.25, as modified.

Requested Instruction No. 15
**(Sympathy)**

In reaching your verdict, you are not to be swayed by sympathy for any of the parties. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision. You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking, then there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

4 Modern Federal Jury Instruction, Inst. 71-10, as modified.

Requested Instruction No. 16
**(Corporate Parties)**

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth and holding the same or similar stations in life. A corporation is entitled to the same fair trial at your hands as a private individual. All persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

3 Federal Jury Practice & Instructions, § 103.12, as modified; 4 Modern Federal Jury Instruction, Inst. § 72-1, as modified.

Requested Instruction No. 17
**(Burden of Proof – Preponderance of Evidence)**

The burden is on the plaintiff in a civil action, such as this one, to prove every essential element of her claim by a preponderance of the evidence. If the proof should fail to establish any essential element of Plaintiff's claims by a preponderance of the credible evidence, the jury must find for the Defendants as to that claim.

To "establish by a preponderance" of the credible evidence means to prove that something is more likely true than not true. This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. A preponderance of the evidence refers to the quality and the substance of the evidence and its persuasiveness in convincing you of its truth. It is the greater weight of all of the credible testimony and exhibits received in evidence. In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If upon review of all the evidence, you are satisfied that Plaintiff has sustained her burden, that is, if the evidence weighs in her favor, then Plaintiff is entitled to recover. If you feel that the evidence is evenly balanced between the two sides, then Plaintiff has failed to carry her burden and you must find for Defendants. Of course, if you find that the evidence weighs in favor of Defendants, you must then find for Defendants.

3 Federal Jury Practice & Instructions, §§ 101.41, 104.01, as modified; 4 Modern Federal Jury Instruction, Inst. § 73-2, as modified.

Requested Instruction No. 18
**(Charge on the Law)**

I turn now to the charges specifically related to this case, following which you will retire to deliberate. At that time, you will be given a verdict sheet with questions for you to answer. The law with respect to how these questions are to be answered is at least in part contained in this section of the charge. So please continue to listen carefully.

Requested Instruction No. 19
**(Summary of Plaintiff's Claims)**

In this action Plaintiff claims that she was unlawfully retaliated against for complaints about Bennett's alleged misconduct and that based on her gender she was paid less than two male Vice Presidents when she became a Vice President. Specifically, Plaintiff claims that Defendants ANAC and Robert Byler retaliated against her because she went to human resources to complain about alleged sexual harassment by Defendant Bennett. Bolick specifically alleges that her management responsibilities were "marginalized" by virtue of: (i) not being allowed to participate in the hiring of the two new male Vice Presidents (Scott Roe and Jeffrey Alexander); (ii) by being excluded from management meetings; (iii) in April 2002, by not being allowed to attend a trade conference; and (iv) in April 2002, by being reprimanded by Byler during a marketing staff meeting. Plaintiff also claims retaliation against John Bennett; specifically, that Bennett allegedly made negative comments to Robert Byler regarding her work performance during the course of ANAC's investigation of Plaintiff's January 2002 complaint to Human Resources about Bennett. She alleges Byler relied on these comments in denying her Bennett's spot after he left the company.

Plaintiff also claims Bennett aided and abetted retaliation by ANAC in connection with: (i) the claimed marginalization of Bolick's management responsibilities as just described above; and (ii) by making the negative comments to Byler which Bolick claims aided and abetted Defendant Byler not placing her into Bennett's position after Bennett left ANAC.

Finally, Plaintiff asserts that ANAC violated the Equal Pay Act. Specifically, she claims she was paid less than two similarly situated male Vice Presidents for substantially similar work based on her gender.

Defendants deny violating the law under any of the retaliation or aiding and abetting theories alleged by Plaintiff and deny taking any action against Plaintiff because of her complaint about Bennett. Defendants assert they had legitimate non-discriminatory business reasons for their actions and such actions were completely unrelated to Plaintiff's complaint about unlawful discrimination. Defendants further deny making any decision on Plaintiff's pay when she became a Vice President because of her gender, as the two male Vice Presidents were paid more than Plaintiff based on Defendant ANAC's consideration of their superior experience, education and higher rate of pay in their prior employment.

Requested Instruction No. 20
**(Plaintiff's Claims of Retaliation)**

As just noted, Plaintiff alleges that Defendants ANAC, Byler and Bennett retaliated against her in the very specific ways mentioned for complaining to ANAC Human Resources about Bennett's alleged conduct.

It is unlawful for an employer to intentionally retaliate against an employee because the employee complained of discrimination within her workplace. However, this prohibition is not intended to interfere with the right of the employer to exercise its business judgment in making decisions that affect the terms or conditions of an employee's employment, so long as the decision is not based on an intent to retaliate against the employee for complaining about discrimination.

You should be aware that the burden is not on Defendants to prove non-retaliation. Rather, Plaintiff has the burden of proving, by a preponderance of the evidence, that Defendant actually engaged in intentional retaliation. In other words, Plaintiff must prove that Defendants' desire to retaliate against Plaintiff for complaining about Bennett was a substantial or motivating factor in Defendants' actions.

Plaintiff's subjective belief that she was retaliated against because she complained about Bennett cannot form a basis for finding retaliation. Her opinion is nothing more than an opinion. It is not a substitute for evidence of intentional retaliation. The proper inquiry is not whether Plaintiff believed that the claimed specific retaliatory conduct of ANAC, Byler and Bennett was retaliatory, but whether there is proof that it was in fact retaliatory.

Cifra v. Gen. Elec. Co., 252 F.3d 205, 216 (2d Cir. 2001); Cruz v. Coach Stores, Inc., 202 F.3d 560, 566 (2d Cir. 2000); Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.,

136 F.3d 276, 291-92 (2d Cir. 1998); Torres v. Pisano, 116 F.3d 625, 639-40 (2d Cir. 1997); Wanamaker v. Columbian Rope Co., 108 F.3d 462, 465-66 (2d Cir. 1997); Reed v. A.W. Lawrence & Co., 95 F.3d 1170, 1178 (2d Cir. 1996); Holt v. KMI-Continental, Inc., 95 F.3d 123, 130 (2d Cir. 1996).

Requested Instruction No. 21
**(Retaliation – *Prima Facie* Case)**

To prevail on her retaliation claim, Plaintiff must first prove each of the following elements: (1) that she participated in a protected activity; (2) that Defendants were aware of that activity; (3) that Defendants took an adverse employment action against her; and (4) that there was a causal connection between the protected activity and the adverse employment action.

If Plaintiff proves each of the required elements by a preponderance of the evidence, Defendants must then merely state (not prove) a legitimate, non-retaliatory reason for its conduct toward Plaintiff. In order to prove her claim of retaliation, Plaintiff must prove that Defendants took a materially adverse employment action against her because she complained to Byler or ANAC human resources about Bennett's conduct.

3C Federal Jury Practice and Instructions, §171.25, as modified; Cifra, 252 F.3d at 216; Cruz, 202 F.3d at 566; Galdieri-Ambrosini, 136 F.3d at 292; Torres, 116 F.3d at 639; Wanamaker, 108 F.3d at 465; Reed, 95 F.3d at 1178; Holt, 95 F.3d at 130; Breland-Starling, 166 F. Supp. 826, 833 (S.D.N.Y. 2001).

Requested Instruction No. 22
**(Protected Activity)**

Under the law, the term "protected activity" refers to action taken to protest or oppose unlawful discrimination. Defendants agree Bolick complained about harassment by Bennett.

Cruz, 202 F.3d at 566; Cruse v. G&J USA Publ'g, 96 F. Supp. 2d 320, 327 (S.D.N.Y. 2000).

Requested Instruction No. 23
**(Retaliation – Adverse Employment Action)**

Plaintiff must demonstrate that she was subjected to a materially adverse change in the conditions of her employment. Not everything that makes an employee unhappy is an actionable adverse action. The following actions sometimes qualify as adverse employment actions: termination, demotion and a significant decrease in pay or a material loss of benefits. An employment action that merely bruises the plaintiff's ego is not enough.

> Torres, 116 F.3d at 640; Wanamaker, 108 F.3d at 466; Gordon v. New York City Bd. of Educ., 01 Civ. 9265, 2003 WL 169800, at *5 (S.D.N.Y. Jan. 23, 2003); Breland-Starling, 166 F. Supp. 2d at 833; McKenney v. New York City Off-Track Betting Corp., 903 F. Supp. 619, 623 (S.D.N.Y. 1995).

Requested Instruction No. 24
**(Retaliation – Timing)**

The mere occurrence of an adverse employment action following a complaint by Plaintiff does not create an inference of causation in the absence of other evidence. Plaintiff must satisfy her burden of proof that an actual causal connection exists between her complaint and the alleged adverse employment action. Employers are entitled to take action, even adverse action, with respect to an individual's employment so long as that adverse action is not motivated by an intent to retaliate. In reaching your determination as to causation, you must examine not just the timing of the alleged adverse employment action, but the totality of the evidence bearing on the question of causation.

Clark County School District v. Breeden, 532 U.S. 268, 272 (2001); Castro v. New York City Bd. of Educ., 96 Civ. 6314, 1998 WL 108004, at *8 (S.D.N.Y. Mar. 12, 1998); Holmes v. Long Island R.R. Co., No. 96 Civ. 6196, 2001 WL 797951, at *6 (E.D.N.Y. June 4, 2001); Kazin v. Metro-North Commuter R.R., No. 91 Civ. 1331, 1994 WL 68167, at *7 (S.D.N.Y. Mar. 1, 1994).

Requested Instruction No. 25
**(Retaliation – Defendant's Burden of Production)**

If Plaintiff has proven facts that establish the required elements of a *prima facie* case of retaliation, Defendants must rebut the presumption that it retaliated against Plaintiff.

In order to rebut the presumption, Defendants need only articulate any legitimate, non-retaliatory reason for the action taken. You, the jury members, do not have to be convinced that the reason is true or good. Defendants simply have to state a legitimate, non-retaliatory reason or reasons for the action they took, at which point the inference of unlawful retaliation raised by the *prima facie* case is rebutted and plays no further role in your deliberations.

Holt, 95 F.3d at 130; McKenney, 903 F. Supp. at 623.

Requested Instruction No. 26
**(Retaliation – Burden of Proof – Pretext)**

If you are persuaded, based on a preponderance of the evidence, that the Plaintiff has proven each element of her *prima facie* case of retaliation, it is then your duty to determine whether Defendants introduced any evidence showing that there was a legitimate, non-retaliatory reason for their actions. Defendants need not prove non-retaliation or persuade you that it was actually motivated by the non-retaliatory reason offered. Defendants must merely articulate that reason; the ultimate burden of persuading you always remains with Plaintiff. Defendants, if they choose, may rely on more than one reason for its actions. It is also important to remind you that whether Defendants' articulated reason or reasons for its employment decisions reflect a correct business judgment is not at issue in this proceeding.

If Defendants present a reason unrelated to Plaintiff's complaint as to why, or which explains why, Plaintiff was treated in a certain way, then you must find that Defendants have met their burden and move on to consider whether Plaintiff has proven that Defendants' reasons are a pretext, i.e., a cover-up disguising an underlying intent to retaliate. To meet this burden, Plaintiff must prove both that the reason given by Defendants for its actions was not the real reason and that the real reason for Defendants' actions was based on Plaintiff's complaint. Unless you find based upon a preponderance of the evidence that Defendants' actions were, in fact, motivated by retaliatory intent based on Plaintiff's complaint, you must return a verdict in favor of Defendants. In other words, it is not enough to disbelieve Defendants; you must believe Plaintiff's evidence of intentional retaliation.

Holt, 95 F.3d at 130; McKenney, 903 F. Supp. at 623.

Requested Instruction No. 27
**(Employer's Business Judgment)**

The law does not authorize the courts or a jury to judge the wisdom of an employer's business decisions. In other words, the law does not permit recovery merely because an employer's decision may seem unfair, unjust or even mistaken to others. The question is not whether the employer's decision was sound, whether its judgments were the best ones, the right ones or the fair ones, or whether you, the jurors, would have made the same decisions if you had been in the employer's shoes.

The sole issue before you is whether Defendants retaliated against Plaintiff because she filed an internal complaint, and not whether Defendants made a wise or correct decision. The law does not make employers liable for doing stupid or even mean things; it makes them liable for making decisions for impermissible reasons. While an employer's judgment might, in hindsight, appear wrong to outsiders, the focus of your deliberations must be on the alleged wrongful motivation of Defendants and not on its business judgment.

Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 259 (1981); Norton v. Sam's Club, 145 F.3d 114, 120 (2d Cir. 1998); Thornley v. Penton Publ'g, Inc., 104 F.3d 26, 29 (2d Cir. 1997); Gonzalez v. New York City Transit Auth., 2001 WL 492448, at *16 n.40 (S.D.N.Y. May 9, 2001); Watt v. New York Botanical Garden, No. 98 Civ. 1095, 2000 WL 193626, at *5 (S.D.N.Y. Feb. 16 2000); Shabat v. Blue Cross Blue Shield of Rochester Area, 925 F. Supp. 977, 988 (W.D.N.Y. 1996), aff'd mem., 108 F.3d 1370 (2d Cir. 1997).

Requested Instruction No. 28
**(Insufficiency of Subjective Beliefs)**

The subjective testimony of Plaintiff to the effect that she believes that she was retaliated against because she complained about Bennett's alleged conduct cannot form a basis for finding that she was subjected to discrimination. Her opinion in this regard is just that – opinion. Plaintiff's personal opinions cannot substitute for evidence of intentional discrimination. The proper inquiry is not whether Plaintiff believed that Defendants' conduct was retaliatory, but whether Defendants' conduct was in fact retaliatory.

> Powell v. Consolidated Edison Co. of N.Y., No. 97 Civ. 2439, 2001 WL 262583, at *10, n.16 (S.D.N.Y. Mar. 13, 2001); Little v. New York, 96 Civ. 5132, 1998 WL 306545, at *6 (E.D.N.Y. June 8, 1998), aff'd mem., 173 F.3d 845 (2d Cir. 1999); Dixit v. City of New York Dep't of Gen. Servs., 972 F. Supp. 730, 738 (S.D.N.Y. 1997); Shabat, 925 F. Supp. at 988.

Requested Instruction No. 29
**(Aiding and Abetting)**

As already described, Plaintiff claims Bennett aided and abetted the alleged retaliation by ANAC; In order to prevail on a claim that Bennett aided and abetted that retaliation, Plaintiff must show Bennett helped or compelled the specific retaliatory conduct by ANAC which you have determined was retaliatory under the law.

Tyszka v. Edward McMahon Agency, 188 F. Supp. 2d 186, 195 (D. Conn. 2001).

Requested Instruction No. 30

**(Nature of Equal Pay Act Claim Against ANAC and Defenses)**

The Plaintiff's final claim arises under the federal Equal Pay Act. The Equal Pay Act makes it unlawful for an employer to pay an employee less than another employee who is performing equal work because of an employee's gender. The Plaintiff alleges that the Defendant ANAC violated the Equal Pay Act because the position that she held as Vice President was substantially equal to the position Scott Roe and Jeffrey Alexander as Vice Presidents in terms of skill, effort and responsibility required, but that she was paid less than they because she is a woman.

Defendant ANAC denies that it violated the Equal Pay Act and alleges that Scott Roe and Jeffrey Alexander's superior education, prior working experience and higher prior salary justified their minimally higher compensation.

3C Federal Jury Practice and Instructions, § 174.01; 4 Modern Federal Jury Instruction, Inst. § 88-1, as modified; Corning Glass Works v. Brennan, 417 U.S. 188 (1974); Graham v. Texasgulf, 662 F.Supp. 1451, 1464 (D. Conn. 1987), aff'd mem., 842 F.2d 1287 (2d Cir. 1988).