<u>Requested Instruction No. 31</u>
**(Essential Elements of Plaintiff's Claim)**

In order for the Plaintiff to prevail on her claim against Defendant ANAC for violation of the Equal Pay Act, the Plaintiff must prove all of the following elements by a preponderance of the evidence:

First: the Defendant employed the Plaintiff and a member of the opposite sex in jobs requiring substantially equal skill, effort and responsibility;

Second: the two jobs were performed under similar working conditions;

Third: the Plaintiff was paid less than a member of the opposite sex doing equal work.

In determining whether the Plaintiff and a member of the opposite sex have been employed in jobs requiring substantially equal skill, effort, and responsibility, you must compare the jobs and not the individual employees holding those jobs. It is not necessary that the two jobs be identical; the Equal Pay Act only requires proof that the performance of the two jobs demands "substantially equal" skill, effort and responsibility. Insignificant, insubstantial, or trivial differences do not matter and may be disregarded. Job classifications, descriptions or titles are not controlling. It is the actual work or performance requirements of the two jobs that is important.

If you find that the Plaintiff has proved each of the elements that must be established in support of her claim, you will then consider the Defendant's defense as to which it has the burden of proof by a preponderance of the evidence. The Defendant ANAC contends that the differential in pay between the two jobs was justified by the superior education, superior prior job experience and higher prior salary of the two male Vice Presidents. If you so find, then your verdict will be for the Defendant.

NY:571035v1    39

3C Federal Jury Practice and Instructions, § 174.20; 5 <u>Modern Federal Jury Instruction</u>, Inst. § 88-4, as modified.

<u>Requested Instruction No. 32</u>
**(Rates of Pay)**

In considering rates of pay for a position you should consider the total compensation for that position.

> <u>Marting v. Crawford & Co.</u>, 203 F. Supp.2d 958, 966 (N.D. Ill. 2002); 29 C.F.R. § 1620.10; 5 <u>Modern Federal Jury Instruction</u>, Inst. § 88-5 and comments, as modified; 3C <u>Federal Jury Practice and Instructions</u>, §174.21, as modified.

<u>Requested Instruction No. 33</u>
**(Equal Work)**

In order to establish the Plaintiff's claim under the Equal Pay Act, the Plaintiff must prove that she has been employed by the Defendant doing equal work on a job, the performance of which requires equal skill, effort, and responsibility.

The term "equal" as used in the Act does not mean identical, but means "substantially equal." Unimportant or insubstantial differences in the skill, effort, and responsibility requirements of particular jobs should be ignored. In considering whether work on jobs is "substantially equal," you should consider whether the performance of those jobs requires substantially equal skill, effort, and responsibility, as those words are used in this instruction.

> 3C <u>Federal Jury Practice and Instructions</u>, § 174.30, as modified; 5 <u>Modern Federal Jury Instruction</u>, Inst. § 88-6, as modified.

Requested Instruction No. 34
**(Equal Skill)**

In considering whether the jobs in question require equal "skill," you should consider such factors as experience, training, education, and ability. These factors should be measured in terms of the performance requirements of the job.

If an employee must have essentially the same skill in order to perform either of two jobs, the jobs will qualify under the Act as jobs the performance of which require equal skill even though the employee in one of the jobs may not exercise the required skill as frequently or during as much of the employee's working time as the employee in the other job.

> 3C <u>Federal Jury Practice and Instructions</u>, § 174.31; 5 <u>Modern Federal Jury Instruction</u>, Inst. § 88-6, as modified.

Requested Instruction No. 35
**(Equal Effort)**

The term "effort" as used in the Act is the measurement of the physical or mental exertion needed for the performance of a job. The job factors that cause mental or physical fatigue and stress, as well as those that alleviate fatigue, all bear on the question of effort required by the job.

Where jobs are otherwise equal under the law and there is no substantial difference in the amount or degree of effort which must be expended in performing the jobs under consideration, the jobs may require equal effort in their performance even though the effort may be exerted in different ways on the two jobs. But jobs do not entail equal effort, even though they entail most of the same routine duties, if one job involves other additional tasks that require extra effort and that consume a significant amount of time of substantially all those losing that job.

An evaluation of whether two jobs involve equal effort should involve a direct comparison of the physical or mental exertion required by the jobs. No factor should be added to compensate for physiological difference between men and women.

3C Federal Jury Practice and Instructions, § 174.32; 5 Modern Federal Jury Instruction, Inst. § 88-6, as modified.

Requested Instruction No. 36
**(Equal Responsibility)**

The term "responsibility" as used in the Act means the degree of accountability required in the performance of the job with emphasis on the importance of the job obligation and the degree of authority delegated to the employee.

3C Federal Jury Practice and Instructions, § 174.33; 5 Modern Federal Jury Instruction, Inst. § 88-6, as modified.

<u>Requested Instruction No. 37</u>
**(Similar Working Conditions)**

In order to establish the Plaintiff's claim under the Equal Pay Act, the Plaintiff must also prove that the two jobs in question are performed under "similar working conditions."

The term "working condition," as used in the Equal Pay Act, encompasses "surroundings" that concern the nature and character of the environment in which the job is performed. The Plaintiff need not prove that the jobs are performed under equal or identical working conditions, but must prove that the jobs are performed under "similar working conditions."

> 3C <u>Federal Jury Practice and Instructions</u>, § 174.34, as modified; 5 <u>Modern Federal Jury Instruction</u>, Inst. § 88-6, as modified.

<u>Requested Instruction No. 38</u>
**(Defenses, Generally)**

If you find that the Plaintiff has proved each of the elements that the Plaintiff must establish in support of her Equal Pay Act claim, you must then consider the Defendant's defense as to which it has the burden of proof by a preponderance of the evidence.

The Defendant ANAC contends that the difference in pay was the justifiable result of factors wholly unrelated to sex. If you find the Defendant has proved its defense by a preponderance of the evidence, your verdict must be for the Defendant. However, if you determine that the Defendant has failed to prove that a difference in pay is caused by any of these exceptions, you must decide in favor of the Plaintiff.

> 3C <u>Federal Jury Practice and Instructions</u>, § 174.50; 5 <u>Modern Federal Jury Instruction</u>, Inst. §§ 88-6 and 88-9, as modified.

<u>Requested Instruction No. 39</u>
**(Factors Other than Sex, Generally)**

The Defendant ANAC claims that the differences in pay are the result of factors other than sex. Factors other than sex that may excuse pay difference include:

1. An employee's education.

2. An employee's experience.

3. An employee's prior salary.

4. Other predictors of performance not based on sex.

The Defendant ANAC must persuade you that the alleged factor other than sex was more likely the reason for the wage disparity.

        3C <u>Federal Jury Practice and Instructions</u>, § 174.54. 5 <u>Modern Federal Jury Instruction</u>, Inst. § 88-13, as modified; <u>Tomka v. Seiler Corp.</u>, 66 F.3d 1295 (2d Cir. 1995); <u>Graham</u>, 662 F. Supp. at 1464; <u>Kouba v. Allstate Insurance Co.</u>, 691 F.2d 873 (9th Cir. 1982); <u>Irby v. Bittick</u>, 44 F.3d 949 (11th Cir. 1995).

<u>Requested Instruction No. 40</u>
**(Factor Other Than Sex – Education)**

Defendant ANAC claims that the differences in pay are justified by, among other reasons, the employees' different educational backgrounds. To use this defense, the Defendant must show that the higher wage being paid to one employee is the result of that employee's better or more extensive educational background. The Defendant must also show that the educational background of the employees is relevant to the job in question.

> 3C <u>Federal Jury Practice and Instructions</u>, § 174.55. *See* <u>Hutchins v. International Brotherhood of Teamsters</u>, 177 F.3d 1076, 1081 (8th Cir. 1999); <u>Dinolfo v. Rochester Telephone Corp.</u>, 972 F. Supp. 718, 724 (W.D.N.Y. 1997); 29 C.F.R. § 1620.15.

<u>Requested Instruction No. 41</u>
**(Factor Other Than Sex – Experience)**

Defendant ANAC also claims an additional reason that the difference in pay is justified by Scott Roe and Jeffrey Alexander's superior prior employment experience. Defendant must show that the higher wage being paid to one employee is the result of that employee's greater prior experience and not the result of the employee's sex or gender.

>   3C <u>Federal Jury Practice and Instructions</u>, § 174.56, as modified. *See* <u>Hutchins</u>, 177 F.3d at 1081; <u>Milligan v. Citibank, N.A.</u>, No. 00-2793, 2001 WL 1135943, at *9 (S.D.N.Y. Sept. 26, 2001); <u>Dinolfo</u>, 972 F. Supp. at 724; <u>Wollenberg v. Comtech Manufacturing</u>, 201 F.3d 973 (7th Cir. 2000); <u>Graham</u>, 662 F.Supp. at 1464; 29 C.F.R. § 1620.15.

<u>Requested Instruction No. 42</u>
**(Factor Other Than Sex – Prior Salary)**

Defendant ANAC claims that the difference in pay is also justified by the salary of male Vice Presidents in their prior employment. Defendant must show that the higher wage being paid to one employee is the result of a higher prior salary or an employer's need to attract a higher salaried worker and not the result of the employee's sex or gender.

> 3C <u>Federal Jury Practice and Instructions</u>, §§ 174.57 and 174.59, as modified; <u>Kouba</u>, 691 F.2d at 873; <u>Irby</u>, 44 F.3d at 949.

<u>Requested Instruction No. 43</u>
**(Pretext)**

If the Plaintiff has presented evidence to show she received lower wages than male employees performing substantially similar work and if Defendant ANAC has presented evidence that the Plaintiff was paid a lower wage because of some factor other than sex, the Plaintiff then has the opportunity to show that the Defendant's explanation that the lower wage is justified by a factor other than sex is nothing more than a pretext for sex based wage discrimination. The Plaintiff may do so by presenting evidence that the proffered explanation is not true or by suggesting that discriminatory intent was the real motivating factor behind the lower wage.

5 <u>Modern Federal Jury Instruction</u>, Inst. § 88-19, as modified.

<u>Requested Instruction No. 44</u>
**(Damages for Equal Protection Act Violation against ANAC)**

If you return a verdict for the Plaintiff on the Equal Pay Act claim, the you must award her the sum of money which you believe was withheld from her by Defendant ANAC because of sex-based wage discrimination.

In order to calculate this figure you shall:

1. Determine the salary that was paid to male Vice Presidents in Marketing of the Defendant ANAC who performed equal work to that performed by the Plaintiff. The relevant time period is from the date Plaintiff became a Vice President on April 1, 2002, until her last date of employment at ANAC.
2. Subtract the Plaintiff's salary as Vice President from the salary paid to the average of the two male Vice Presidents over that period. This figure represents the back pay owed to the Plaintiff. You shall award wages in this amount to the Plaintiff.

You many not include or add to damages any sum for the purpose of punishing Defendant ANAC or serving as an example to warn others.

5 <u>Modern Federal Jury Instruction</u>, Inst. § 88-20, as modified; 3C <u>Federal Jury Practice and Instructions</u>, §174.72, as modified.

<u>Requested Instruction No. 45</u>
**(Damages – General – All Claims)**

I am about to instruct you as to the proper measure of damages. The fact that I am giving you these instructions should not be considered as any indication of my view as to which party is entitled to your verdict in this case or whether any damages are appropriate at all. Instructions as to the measure of damages are given only for your guidance in the event that you should find in favor of Plaintiff on any of her claims, by a preponderance of the evidence, in accordance with the other instructions that I have given you.

You may not consider damages unless you have first found one of the Defendants liable to Plaintiff on at least one of her claims in accordance with these instructions. If you find that Plaintiff has failed to prove any of her claims by a preponderance of the evidence, then you must not assess any damages against Defendants.

The following instructions on damages are given so that these instructions will be complete and I will not have to instruct you again. You are not to draw any inferences or conclusions from the fact that I am instructing you about damages before you retire to deliberate.

>3 <u>Federal Jury Practice & Instructions</u>, § 106.02, as modified; 4 <u>Modern Federal Jury Instruction</u>, Inst. 77-1, as modified.

<u>Requested Instruction No. 46</u>
**(Damages Based on Evidence)**

You are instructed to make your decision as to the appropriate amount of damages only for injuries that Plaintiff proves were caused by Defendants' allegedly wrongful conduct, if any, based upon the evidence presented and not on any sympathy you may feel for Plaintiff. If you find that Defendants ANAC, Byler or Bennett retaliated against Plaintiff as claimed, or Defendant Bennett aided and abetted retaliation as claimed, you may award as damages only the amount you find justified by a preponderance of the evidence, no more and no less.

4 <u>Modern Federal Jury Instruction</u>, Inst. 77-3, as modified.

<u>Requested Instruction No. 47</u>
**(Duplicative Damages)**

I have a cautionary instruction before I define the types of damages you may award in the event that you find that Plaintiff has proven liability according to the standards I have enumerated.

You should not award damages more than once for the same injury. For example, if Plaintiff were to prevail on two different theories and establish one dollar injury, you are not permitted to award Plaintiff one dollar on each theory. Plaintiff is only entitled to be made whole again, not to recover more than she lost.

<u>Modern Federal Jury Instruction</u>, Inst. 77-2, as modified; <u>Barbano v. Madison County</u>, 922 F.2d 139, 147 (2d Cir. 1990).

<u>Requested Instruction No. 48</u>
**(Speculative Damages)**

For all of Plaintiff's claims, she has the burden of proving that she actually incurred a loss of earnings. She must also be able to establish the amount of her loss with reasonable certainty.

You may not award damages based simply on speculation or guesswork. Any award must fairly compensate Plaintiff for actual injuries, the award must have a basis in the evidence, be reasonable in light of that evidence and the amount must be obtainable with some exactness.

> 3C <u>Federal Jury Practice & Instructions</u>, § 171.90, as modified; 4 <u>Modern Federal Jury Instruction</u>, Inst. § 73-2, as modified.