Requested Instruction No. 49
**(Back Pay for Retaliation and Aiding and Abetting Claims)**

Under the law, you can award damages in an amount equal to lost earnings, which means the difference between the compensation that Plaintiff would have received had the challenged employment actions not been taken and the amount of compensation that Plaintiff actually received.  Plaintiff must prove, by a preponderance of the evidence, lost compensation that resulted from unlawful conduct by Defendants.

You may only award these damages based on the evidence before you and not on speculation or guesswork.

Thornley v. Penton Publ., 104 F.3d 26, 31 (2d Cir. 1997);
Sands v. Runyon, 28 F.3d 1323, 1327-28 (2d Cir. 1994).

Requested Instruction No. 50
**(Compensatory Damages: Emotional Distress)**

Plaintiff also seeks damages for pain, suffering and emotional distress on her very specific claims of retaliation and aiding and abetting retaliation. These are compensatory damages. The fact that you are instructed on these types of damages does not suggest that you must consider awarding compensatory damages based on emotional distress or that I have an opinion on the outcome of this case.

If you decide that the Plaintiff is entitled to recover damages based on emotional distress, you will award an amount as, in the exercise of your good judgment and common sense, you decide is just compensation for such pain, suffering and emotional distress you find was actually caused by the Defendants' conduct. However, where there is only limited evidence presented of mental anguish or humiliation, damages can be nominal or zero, even in cases where retaliation (or aiding or abetting retaliation) is found. Conduct by the Defendants that does not cause pain, suffering or emotional distress does not entitle a plaintiff to such damages. By the same token, pain, suffering or emotional distress to a plaintiff that is not the result of the specific conduct found to be unlawful retaliation (or aiding and abetting retaliation) does not allow you to award such damages to the plaintiff. In no event are you to award damages for any pain, suffering or emotional distress that Plaintiff has not presented evidence was caused by the specific conduct that Plaintiff claims is the basis for her retaliation and aiding and abetting retaliation claims.

If you decide to award damages based on emotional distress, you should be guided by dispassionate common sense in awarding the amount of such damages. You must use sound discretion in fixing an award of damages, drawing reasonable inferences

from the facts in evidence.  Again, you may not award damages based on sympathy, speculation, or guesswork.

> Funk v. F&K Supply, Inc., 43 F. Supp. 2d 205, 227-28 (N.D.N.Y. 1999); Tanzini v. Marine Midland Bank, N.A., 978 F. Supp. 70, 78 (N.D.N.Y. 1997); Shea v. Icelandair, 925 F. Supp. 1014, 1029 (S.D.N.Y. 1996); McIntosh v. Irving Trust Co., 887 F. Supp. 662 (S.D.N.Y. 1995); Hetzel v. County of Prince William, 89 F.3d 169, 171 (4th Cir. 1996).

Requested Instruction No. 51
**(Punitive Damages for Retaliation and Aiding and Abetting Claims)**

Plaintiff has requested that the jury award punitive damages against Defendants on the retaliation and aiding and abetting claims. A plaintiff is not entitled to punitive damages as a matter of right. Punitive damages are damages designed to punish a defendant, not to compensate a plaintiff for past wrongs. Punitive damages are not favored in the law and may be awarded only after cautious and thoughtful consideration of all the evidence in the case. Of course, you need not award any punitive damages if you find that such an award is not warranted by Defendants' conduct. If you do determine that punitive damages may be appropriate to consider, however, you may award them only within the narrow limits that I will now explain.

Punitive damages are an extraordinary sanction. Plaintiff is not automatically entitled to an award of punitive damages even if you have find that Defendants have intentionally discriminated or retaliated against her. A plaintiff may only recover punitive damages where she can prove that the defendant engaged in a discriminatory practice with malice or reckless indifference to the statutorily protected rights of the plaintiff. They are intended to punish a wrongdoer for some extraordinary or outrageous misconduct and to serve as an example and warning to others. An act is regarded as outrageous if it is so atrocious and so flagrantly evil that one's sense of decency or one's power to suffer or to tolerate the act is violated. At a minimum, Plaintiff must demonstrate that Defendants perceived that their actions would violate anti-discrimination statutes and acted anyway.

As I noted, the standard for awarding punitive damages is a high one and they may be awarded only in exceptional circumstances. Unless you find that the standard for

awarding punitive damages, as I have outlined it, has been met by competent proof presented by Plaintiff, you should not award punitive damages. You should also bear in mind that punitive damages may be allowed only if you first award the Plaintiff damages for lost earnings.

In deciding whether to award punitive damages, you must look to the degree of reprehensibility of a defendant's conduct, if any, including: (1) whether the harm caused was physical as opposed to economic; (2) whether the defendant's conduct revealed an indifference or reckless disregard to the health or safety of others; (3) whether the plaintiff was financial vulnerable; (4) whether the defendant's conduct involved repeated actions or an isolated incident; and (5) whether the harm was the result of intentional malice, trickery, or deceit or mere accident. The existence of any one of these factors weighing in favor of a plaintiff may not be sufficient to sustain a punitive damages award and the absence of all of them renders any award suspect.

A defendant should be punished for the conduct that harmed the plaintiff, if any, not for being an unsavory individual or business. The precise award of punitive damages, if any, must be based upon the facts and circumstances of the defendants' conduct and the actual harm to the plaintiff. The measure of punishment, if any, should be reasonable and proportionate to the amount of harm to the plaintiff and to the general damages awarded. You should not award a plaintiff additional compensation, in the form of punitive damages, for injuries already compensated for in a compensatory damages award.

In this case you may award punitive damages only if you find that Defendants ANAC, Byler or Bennett engaged in a discriminatory practice or practices of retaliation (or Bennett aided retaliation of ANAC) with malice or reckless indifference to the rights of Plaintiff to be free from such intentional discrimination in employment. However, an

employer may not be held liable for punitive damages even for discriminatory acts on the part of its managerial employees where those acts by such employees were contrary to the employer's own good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

> 3C Federal Jury Practice & Instructions, § 171.94, as modified; State Farm Mutual Automobile Ins. Co. v. Campbell, 538 U.S. 408, 425-429 (2003); Kolstad v. Am. Dental Ass'n, 527 U.S. 526 (1999); Farias v. Instructional Systems, Inc., 259 F.3d 91, 101-02 (2d Cir. 2001); Weissman v. Dawn Jay Fashions, Inc., 214 F.3d 224 (2d Cir. 2000).

Requested Instruction No. 52
**(Mitigation of Damages)**

You are further instructed that any person who claims damages as a result of an alleged wrongful act of another has a duty under the law to use reasonable diligence under the circumstance to "mitigate," or minimize, those damages. The law imposes on an injured person the duty to take advantage of reasonable opportunities she may have to prevent the aggravation of her injuries, so as to reduce or minimize the loss or damage.

Here, Plaintiff had a duty to mitigate her damages she seeks in connection with claimed retaliation. If you find the Defendants are liable and that the Plaintiff has actually suffered damages from retaliation, the Plaintiff still may not recover for any item or damage she could have avoided through such reasonable effort. If the Plaintiff unreasonably failed to take advantage of an opportunity to lessen her damages, you should deny recovery for those damages which she would have avoided had she taken advantage of the opportunity.

Bear in mind that the question whether the Plaintiff acted "reasonably" with respect to the mitigation of damages is only for you to decide, as sole judges of the facts. Although the law will not allow an injured Plaintiff to sit idly by when presented with an opportunity to mitigate, this does not imply that the law requires an injured Plaintiff to exert herself unreasonably or incur unreasonable expense in an effort to mitigate, and it is Defendants' burden of proving that the damages reasonably could have been avoided. In deciding whether to reduce Plaintiff's damages due to some failure to mitigate, therefore, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the Defendants have satisfied their burden of proving that the Plaintiff's conduct was not reasonable.

<u>Greenway v. Buffalo Hilton Hotel</u>, 143 F.3d 47, 53-54 (2d Cir. 1998); <u>EEOC v. Delight Wholesale Co.</u>, 973 F.2d 664, 670 (8th Cir. 1992); <u>Preston v. Keith</u>, 217 Conn. 12 (1991).

Requested Instruction No. 53
**(Unanimous Verdict)**

The verdict, both as to liability and as to the amount of damages, if any, must represent the considered judgment of each juror. In order for you to return a verdict, it is necessary that all of you agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if you are convinced that it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or merely for the purpose of returning a verdict.

Remember, at all times, that you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

> 3 <u>Federal Jury Practice & Instructions</u>, § 106.01, as modified.

ALEA GROUP HOLDINGS, LTD.,
ALEA NORTH AMERICA COMPANY,
JOHN J. BENNETT, and ROBERT D.
BYLER,

BY: _____

Mary A. Gambardella, Esq.
Federal Bar No. ct05386
EPSTEIN BECKER & GREEN, P.C.
One Landmark Square, Suite 1800
Stamford, CT  06901-2601
(203) 348-3737

## CERTIFICATION

The undersigned hereby certifies that a copy of the foregoing was sent via U.S. Mail, postage prepaid, this 13th day of June, 2005 to:

Barbara E. Gardner, Esq.
843 Main Street
Suite 1-4
Manchester, CT  06040

Peter E. Gillespie, Esq.
46 Riverside Avenue
P.O. Box 3416
Westport, CT 06880
*Co-Counsel for Defendant John Bennett*

David L. Weissman, Esq.
Cindy Schmidt Minitti, Esq.
Reed Smith LLP
599 Lexington Avenue, 29th FL.
New York, NY 10022
*Co-Counsel Pro Hac Vice for Defendant John Bennett*

_____
Mary A. Gambardella