IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LEIGH BOLICK, | ) | Civil Action No.: |
| | ) | 3:03 CV 165 (PCD) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALEA GROUP HOLDINGS, LTD., | ) | |
| ALEA NORTH AMERICA COMPANY, | ) | |
| JOHN J. BENNETT, and ROBERT D. | ) | |
| BYLER, | ) | |
| Defendants. | ) | June 13, 2005 |

**DEFENDANTS' PROPOSED JURY VERDICT FORM**

Defendants Alea North American Company, John J. Bennett and Robert D. Byler (collectively the "Defendants"), by their attorneys, Epstein Becker & Green, P.C., respectfully request that the attached questions be submitted to and answered by the jury.

Defendants reserve the right to amend their proposed jury verdict form as necessary to conform to the evidence at trial.

                                                        ALEA GROUP HOLDINGS, LTD.,
                                                        ALEA NORTH AMERICA
                                                        COMPANY, JOHN J. BENNETT,
                                                        and ROBERT D. BYLER,

                                          BY: _____
                                                        Mary A. Gambardella, Esq.
                                                        Federal Bar No. ct05386
                                                        EPSTEIN BECKER & GREEN, P.C.
                                                        One Landmark Square, Suite 1800
                                                        Stamford, CT 06901-2601
                                                        (203) 348-3737

NY:576904v1

**Retaliation: Against ANAC**

1. Did the Plaintiff prove by a preponderance of the evidence that ANAC intentionally took adverse action against her, which resulted in a significant loss of compensation, material loss of benefits, or demotion, and which was specifically motivated by her complaint about Bennett, by marginalizing her management responsibilities (i.e., by not being allowed to participate in the hiring of the two new male Vice Presidents, by being excluded from management meetings, by not being allowed to go to a trade conference in April 2002, or by being reprimanded by Defendant Byler during a marketing staff meeting)?

    ____ Yes   ____ No

    If you answered Yes, then proceed. If you answered No, then proceed to number 8.

2. Did you find that Plaintiff has proven sufficient facts by a preponderance of the evidence that ANAC's stated reasons for its employment decisions were pretext for unlawful retaliation which was actually the determinative factor in the decision to take such adverse employment actions against her?

    ____ Yes   ____ No

    If you answered Yes, then proceed. If you answered No, then proceed to number 8.

3. Did Plaintiff prove by a preponderance of the evidence that she is entitled to damages for loss of pay as a result of unlawful retaliation by ANAC?

    ____ Yes   ____ No

If you answered Yes, then proceed. If you answered No, then proceed to number 6.

4. Did Plaintiff fail to mitigate her damages?

_____ Yes _____ No

If your answer to question 4 is Yes then you must offset any award of damages by that which Plaintiff could have earned or avoided during those periods of time which she failed to meet her duty to mitigate her damages.

5. What amount of money damages would compensate Plaintiff for the compensatory damages she has suffered as a result of unlawful retaliation by ANAC?

$ _____ : This amount was calculated as follows:_____

_____

6. Did Plaintiff prove by a preponderance of the evidence that she is entitled to emotional distress damages she has suffered as a result of the specific unlawful retaliation by ANAC?

_____ Yes _____ No

If you answered Yes, then proceed. If you answered No, then proceed to number 8.

7. What amount of money damages would compensate Plaintiff for the emotional distress damages you found she sustained as a result of unlawful retaliation by ANAC.

$ _____

### Aiding and Abetting Retaliation by ANAC and Retaliation: Against Bennett

8. (a) Did the Plaintiff prove by a preponderance of the evidence that Bennett aided and abetted unlawful retaliation by ANAC in marginalizing Plaintiff's management responsibilities? ____Yes ____No

(b) Did the Plaintiff prove by a preponderance of the evidence that Bennett aided and abetted ANAC's retaliation by Bennett making negative comments about Plaintiff during the course of the investigation of Plaintiff's complaint against Bennett on which Byler relied in denying Plaintiff a promotion into Bennett's position after Bennett resigned?

____ Yes ____ No

(c) Did the Plaintiff prove by a preponderance of the evidence that Bennett intentionally took adverse action against her, which resulted in a significant loss of compensation, material loss of benefits, or demotion, and which was specifically motivated by her complaint about Bennett, by making negative comments about her performance to Byler, which Byler later relied on in denying Plaintiff his position after he resigned from ANAC? ____Yes ____No

If you answered Yes to any of the above, then proceed. If you answered No to all the above, then proceed to number 12.

9. (a) Did Plaintiff prove by a preponderance of the evidence that she is entitled to damages for lost pay as a result of Bennett's aiding and abetting of unlawful retaliation by ANAC?

____ Yes ____ No

(b) Did Plaintiff prove by a preponderance of the evidence that she is entitled to damages for lost pay as a result of Bennett's direct retaliation against her?

_____ Yes _____ No

If you answered Yes to either, then please proceed. If you answered No, to both, then proceed to number 12.

10. Did Plaintiff fail to mitigate her damages?

_____ Yes _____ No

If your answer to question 10 is Yes then you must offset any award of damages by that which Plaintiff could have earned or avoided during those periods of time which she failed to meet her duty to mitigate her damages.

11. What amount of money damages would compensate Plaintiff for the compensatory damages she has suffered as a result of Bennett's aiding and abetting unlawful retaliation by ANAC or by his direct retaliation?

$ _____ : This amount was calculated as follows:_____

_____

12. Did Plaintiff prove by a preponderance of the evidence that she is entitled to emotional distress damages she has suffered as a result of Bennett's aiding and abetting unlawful retaliation by ANAC or by his direct retaliation?

_____ Yes _____ No

If you answered Yes, then please proceed. If you answered No, then proceed to number 14.

13. What amount of money damages would compensate Plaintiff for the emotional distress damages you found she sustained as a result of Bennett's aiding and abetting unlawful retaliation by ANAC, or by his direct retaliation?

$ _____

**Retaliation: Against Byler**

14. Did the Plaintiff prove by a preponderance of the evidence that Byler intentionally took adverse action, which resulted in a significant loss of compensation, material loss of benefits, or demotion, and which was specifically motivated by her complaint about Bennett, by marginalizing her management responsibilities as described above?

\_\_\_\_ Yes   \_\_\_\_ No

If you answered Yes, then proceed. If you answered No, then proceed to number 27.

15. Did you find that Plaintiff has proven sufficient facts by a preponderance of the evidence that Byler's stated reasons for employment decisions were pretext and that unlawful retaliation was the determinative factor in the decision to take such adverse employment actions against her?

\_\_\_\_ Yes   \_\_\_\_ No

If you answered Yes, then proceed. If you answered No, then proceed to number 27.

16. Did Plaintiff prove by a preponderance of the evidence that she is entitled to damages for lost pay as a result of unlawful retaliation by Byler?

\_\_\_\_ Yes   \_\_\_\_ No

If you answered Yes, then proceed. If you answered No, then proceed to number 19.

17. Did Plaintiff fail to mitigate her damages?

   ____ Yes   ____ No

If your answer to question 17 is Yes then you must offset any award of compensatory damages by that which Plaintiff could have earned or avoided during those periods of time which she failed to meet her duty to mitigate her damages.

18. What amount of money damages would compensate Plaintiff for the compenstory damages she has suffered as a result of unlawful retaliation by Byler?

   $ _____ :  This amount was calculated as follows: _____

   _____

19. Did Plaintiff prove by a preponderance of the evidence that she is entitled to emotional distress damages she has suffered as a result of the specific unlawful retaliation by Byler?

   ____ Yes   ____ No

If you answered Yes, then please proceed. If you answered No, then proceed to number 27.

20. What amount of money damages would compensate Plaintiff for the emotional distress damages you found she sustained as a result of unlawful retaliation by Byler?

   $ _____

To Be Given to the Jury Only Upon a Finding of Liability Against any Defendant

**Punitive Damages:**

(Against ANAC)

21. Has Plaintiff proven by preponderance of the evidence that ANAC's actions were malicious or in reckless disregard of Plaintiff's rights?

\_\_\_\_ Yes  \_\_\_\_ No

If Yes, proceed. If No, proceed to question 23.

22. Has the jury determined in its discretion that the Plaintiff has proven by a preponderance of the evidence that it should award punitive damages against ANAC?

\_\_\_\_ Yes  \_\_\_\_ No

If Yes, what amount? $ \_\_\_\_

(Against Bennett)

23. Has Plaintiff proven by preponderance of the evidence that Bennett's actions were malicious or in reckless disregard of Plaintiff's rights?

\_\_\_\_ Yes  \_\_\_\_ No

If Yes, proceed. If No, proceed to question 25.

24. Has the jury determined in its discretion that the plaintiff has proven by a preponderance of the evidence that it should award punitive damages against Bennett?

\_\_\_\_ Yes  \_\_\_\_ No

If Yes, what amount? $ \_\_\_\_

(Against Byler)

25. Has Plaintiff proven by preponderance of the evidence that Byler's actions were malicious or in reckless disregard of Plaintiff's rights?

____ Yes   ____ No

If Yes, proceed. If No, proceed to question 27.

26.  Has the jury determined in its discretion that the Plaintiff has proven by a preponderance of the evidence that it should award punitive damages against Bennett?

____ Yes   ____ No

If Yes, what amount? $ ____

**Equal Pay Act Claim: Against ANAC**

27.  Has Defendant ANAC proven by preponderance of the evidence that the differential in pay when Plaintiff became a Vice President in Marketing in April 2002 between her and the two male Vice Presidents in marketing, Scott Roe and Jeffrey Alexander, was the result of any factor other than the Plaintiff's gender such as the male Vice President's prior work experience, education or prior higher salary?

____ Yes   ____ No

If you answered Yes, then proceed. If you answered No, then proceed to number 29.

28.  Did you find that Plaintiff has proven sufficient facts by a preponderance of the evidence that ANAC's stated reasons for its differential in pay were pretext for gender based wage discrimination?

____ Yes   ____ No

If you answered Yes, then proceed. If you answered No, then you are finished.

29. Plaintiff should be awarded the difference in her salary as Vice President and the average of the salary of Scott Roe and Jeffrey Alexander for the period from April 1, 2002, the date she was promoted to Vice President of Marketing, until the day Plaintiff commenced her leave of absence.

$ \_\_\_\_

So say we all.

_____
FOREPERSON

Dated: _____

## CERTIFICATION

The undersigned hereby certifies that a copy of the foregoing was sent via U.S. Mail, postage prepaid, this 13th day of June, 2005 to:

Barbara E. Gardner, Esq.
843 Main Street
Suite 1-4
Manchester, CT  06040

Peter E. Gillespie, Esq.
46 Riverside Avenue
P.O. Box 3416
Westport, CT 06880
*Co-Counsel for Defendant John Bennett*

David L. Weissman, Esq.
Cindy Schmidt Minitti, Esq.
Reed Smith LLP
599 Lexington Avenue, 29th FL.
New York, NY 10022
*Co-Counsel Pro Hac Vice for Defendant John Bennett*

_____
Mary A. Gambardella