**Defendants' Response:** Object as to the admissibility of this evidence to the extent it is offered to prove claims or facts outside the scope of the remaining claims pursuant to the Ruling.

3.  AAR Marketing Strategy Document (5 pages)

**Defendants' Response:** Object as to the admissibility of this evidence to the extent it is offered to prove claims or facts outside the scope of the Ruling.

4.  AAR Marketing Strategy Document (1 page includes "strategy" and "2002 key objectives"

**Defendants' Response:** Object as to the admissibility of this evidence to the extent it is offered to prove claims or facts outside the scope of the Ruling.

5.  AAR Franchise Strategy Statement

**Defendants' Response:** Object as to the admissibility of this evidence to the extent it is offered to prove claims or facts outside the scope of the Ruling.

6.  E-mail from Leigh Bolick to John Bennett dated Dec. 21, 2001

**Defendants' Response:** Object as to the admissibility of this evidence as outside the scope of the Ruling.

7.  Letter from R. Byler to L. Bolick re: promotion dated April 9, 2002 (?)

**Defendants' Response:** Agree as to admissibility.

8.  Investigation Notes of R.Byler

**Defendants' Response:** Agree as to the admissibility of only the portion of this evidence to the extent it relates to claims and facts within the scope of the Ruling.

9. Document entitled "Investigation" dated June 6, 2002 re: meeting with L.Bolick, Marti Lametta, and Len Goldberg

**Defendants' Response:** Agree as to the admissibility of only the portion of this evidence to the extent it relates to claims and facts within the scope of the Ruling.

10. E-mail exchange beginning June 10, 2002 between M.Lametta and L.Bolick. (6 pages)

**Defendants' Response:** Agree as to the admissibility of only the portion of this evidence to the extent it relates to claims and facts within the scope of the Ruling.

11. Memorandum to Leigh Bolick from Len Goldberg dated June 21, 2002

**Defendants' Response:** Agree as to admissibility.

12. Document entitled "Investigation" dated June 18, 2002

**Defendants' Response:** Agree as to the admissibility of only the portion of this evidence to the extent it relates to claims and facts within the scope of the Ruling.

13. Document entitled "Draft" re: investigation of Bolick retaliation complaint dated June 2002

**Defendants' Response:** Agree as to the admissibility of only the portion of this evidence to the extent it relates to claims and facts within the scope of the Ruling.

14. Investigation Notes of Marti Lametta

**Defendants' Response:** Agree as to the admissibility of only the portion of this evidence to the extent it relates to claims and facts within the scope of the Ruling.

15. Alea Annual Review 2001

**Defendants' Response:** Agree as to the admissibility of only the portion of this evidence to the extent it relates to claims and facts within the scope of the Ruling.

16.   E-mail exchange between R.Byler and L.Bolick dated 4/24-4/25/02

**Defendants' Response:** Agree as to admissibility.

17.   Offer letter Sandra Duncan dated January 17, 2002

**Defendants' Response:** Agree as to admissibility.

18.   Offer letter Jeffrey Alexander dated February 22, 2002

**Defendants' Response:** Agree as to admissibility.

19.   Offer letter Scott D. Roe dated January 28, 2002

**Defendants' Response:** Agree as to admissibility.

20.   E-mail exchange between Byler and Bolick January, 2002 (D0343)

**Defendants' Response:** Object as to admissibility of this document as there is no dispute Bolick did some work from home in January 2002. Also object to the extent it relates to claims and facts outside the scope of the Ruling.

21.   E-mail from M. Lametta to L. Bolick dated February 6, 2002

**Defendants' Response:** Agree as to admissibility only to the extent it relates to claims and facts within the scope of the Ruling.

22.   E-mail from L. Goldberg to L. Bolick dated July 16, 2002

**Defendants' Response:** Agree as to admissibility to the extent this evidence is within the scope of the Ruling.

23. Salary Information as of September 18, 2003 (DS100)

**Defendants' Response:** Object to this exhibit as outside the scope of the Ruling. Further object based on testimony that the Salary Survey was not useful to setting marketing position salaries, and specifically because marketing positions are not reflected. (Byler testimony)

24. ANAC Financial Statement

**Defendants' Response:** Object to admissibility based on relevance, materiality.

25. Salary Survey (DS104-131)

**Defendants' Response:** Object to this exhibit as outside the scope of the Ruling.

**5.     Expert Witnesses**

1. Alfred Herzog, M.D. - psychiatric expert - will testify as to plaintiffs damages, including diagnosis of Post Traumatic Stress Disorder as a result of discrimination, and prognosis (see report dated October 10, 2003)

**Defendants' Response:** Qualifications not challenged.

2. Sarah Gamble, Ph.D. - treating psychologist - may be called to testify as to plaintiffs condition following the retaliation.

**Defendants' Response:** Qualifications not challenged

3. Sheldon Wishnick - economic expert on damages suffered by plaintiff (see Actuarial Report and Analysis dated 10/30/2003.

**Defendants' Response:** Qualifications not challenged.

Case 3:03-cv-00165-PCD    Document 146-3    Filed 06/13/2005    Page 5 of 13

4.  James S. Cohen, Ph.D. - will testify that plaintiff is not employable and has no present earning capacity. She suffered a significant loss in earning capacity due to her injury, (see report dated 10/29/03)

**Defendants' Response:** Qualifications not challenged.

6.   **Description of Proposed Evidence**

1.  Offer letter dated Sept. 19, 2000 - corroborates plaintiffs testimony, background evidence as to plaintiff's start date. Fed. R. Evid. 402.

**Defendants' Response:** Agree to admissibility as background evidence. Plaintiff's statement that it "corroborates plaintiff's testimony" is vague and ambiguous. Agree that is could be admissible on remaining claims in the case.

2.  Memorandum(e-mail) from R. Byler to M.Lametta re budget 2002 salary increases above %. - relevant on issue of pretext in retaliation claim

**Defendants' Response:** Object as to the admissibility of this evidence to the extent it is offered to prove claims or facts outside the scope of the Ruling.

3.  AAR Marketing Strategy Document (5 pages) job duties of plaintiff and strategy of marketing department, relevant on issue of pretext in retaliation claim.

**Defendants' Response:** Object as to the admissibility of this evidence to the extent it is offered to prove claims or facts outside the scope of the Ruling.

4.  AAR Marketing Strategy Document (1 page includes "strategy" and "2002 key objectives") -job duties of plaintiff and strategy of marketing department, relevant on issue of pretext in retaliation claim

**Defendants' Response:** Object as to the admissibility of this evidence to the extent it is offered to prove claims or facts outside the scope of the Ruling.

5.  AAR Franchise Strategy Statement - job duties of plaintiff, strategy of marketing department, relevant on issue of plaintiff's job duties, relevant on issue of pretext in retaliation claim

**Defendants' Response:** Object as to the admissibility of this evidence to the extent it is offered to prove claims or facts outside the scope of the Ruling.

6.  E-mail from Leigh Bolick to John Bennett dated Dec. 21, 2001 - relevant on issue of notice of protected activity, retaliation by Bennett

**Defendants' Response:** Object as to the admissibility of this evidence as outside the scope of the Ruling.

7.  Letter from R. Byler to L. Bolick re: promotion dated April 9, 2002 - corroborates plaintiff's testimony re: promotion and raise occurring in April, 2002.

**Defendants' Response:** Agree as to admissibility to establish date of promotion and raise amount.

8.  Investigation Notes of R.Byler - Byler was involved in the investigation following plaintiff's January, 2002 complaint. Byler's notes contain statements by Bennett that may have motivated Byler's alleged retaliation, also relevant to Bennett's liability for aiding and abetting and retaliation.

**Defendants' Response:** Agree as to the admissibility of only the portion of this evidence to the extent it relates to claims and facts within the scope of the Ruling.

9. Document entitled "Investigation" dated June 6, 2002 re: meeting with L. Bolick, Marti Lametta, and Len Goldberg - relevant to retaliation claim

**Defendants' Response:** Agree as to the admissibility of only the portion of this evidence to the extent it relates to claims and facts within the scope of the Ruling.

10. E-mail exchange beginning June 10, 2002 between M. Lametta and L. Bolick (6 pages) - relevant to retaliation claim

**Defendants' Response:** Agree as to the admissibility of only the portion of this evidence to the extent it relates to claims and facts within the scope of the Ruling.

11. Memorandum to Leigh Bolick from Len Goldberg dated June 21, 2002 - relevant to retaliation claim

**Defendants' Response:** Agree as to admissibility on remainder of the retaliation claim.

12. Document entitled "Investigation" dated June 18, 2002 - relevant to retaliation claim

**Defendants' Response:** Agree as to the admissibility of only the portion of this evidence to the extent it relates to claims and facts within the scope of the Ruling.

13. Document entitled "Draft" re: investigation of Bolick retaliation complaint dated June 2002 - relevant to retaliation claim

**Defendants' Response:** Agree as to the admissibility of only the portion of this evidence to the extent it relates to claims and facts within the scope of the Ruling.

14. Investigation Notes of Marti Lametta - Ms. Lametta was involved in the investigations following plaintiffs complaints. The notes contain admissions by defendant Bennett and statements relevant to plaintiff's retaliation claim, including pretext.

**Defendants' Response:** Agree as to the admissibility of only the portion of this evidence to the extent it relates to claims and facts within the scope of the Ruling.

15.     Alea Annual Review 2001 - relevant to retaliation and equal pay act claim

**Defendants' Response:** Agree as to the admissibility of only the portion of this evidence to the extent it relates to claims and facts within the scope of the Ruling.

16.     E-mail exchange between R. Byler and L. Bolick dated 4/24-4/25/02 - relevant to retaliation claim

**Defendants' Response:** Agree as to admissibility.

17.     Offer letter Sandra Duncan dated January 17, 2002 - relevant to Equal Pay Act claim

**Defendants' Response:** Agree as to admissibility.

18.     Offer letter Jeffrey Alexander dated February 22, 2002 - relevant to Equal Pay Act claim

**Defendants' Response:** Agree as to admissibility.

19.     Offer letter Scott D. Roe dated January 28, 2002 - relevant to Equal Pay Act claim

**Defendants' Response:** Agree as to admissibility.

20.     E-mail exchange between Byler and Bolick January, 2002 (D0343) - corroborates plaintiff's testimony that she was working at home in January, 2002

**Defendants' Response:** Object as to admissibility of this document as there is no dispute Bolick did some work from home in January 2002. Also, object to the extent it relates to claims and facts outside the scope of the Ruling.

21.     E-mail from M. Lametta to L. Bolick dated February 6, 2002 - relevant on the issue of damages, and supports plaintiff's claim that she returned to work in early February, 2002.

**Defendants' Response:** Agree as to admissibility only to the extent it relates to claims and facts within the scope of the Ruling.

22.  E-mail from L. Goldberg to M. Lametta dated July 16, 2002 - relevant on issue of retaliation.

**Defendants' Response:** Agree as to admissibility to the extent this evidence within the scope of the Ruling.

23.  Salary Information as of September 18, 2003 (DS100) - relevant to the equal pay act claim.

**Defendants' Response:** Object to this exhibit as outside the scope of the Ruling. Further, the record reflects that the Salary Survey was not useful to setting marketing position salaries since marketing positions are not reflected. (Byler testimony)

24.  ANAC Financial Statement - relevant on the issue of punitive damages

**Defendants' Response:** Object to admissibility. Irrelevant and immaterial.

25.  Salary Survey - relevant to Equal Pay Act and retaliation claim, defendants' acknowledge that plaintiff's salary below market.

**Defendants' Response:** Object to this exhibit as outside the scope of the Ruling.

26.  Witness testimony - see above; Fed. R. Evid. 402, 702.

**Defendants' Response:** Defendants object to admissibility of the testimony of witnesses that is outside the scope of the Ruling, is otherwise irrelevant to the remaining claims, and where the probative value is outweighed by the prejudice to Defendants.

Additional Information:

7.  Basis for Federal Jurisdiction: Federal question jurisdiction based on Title VII 42 U.S.C. § 2000e-3 and 29 U.S.C. §206.

8.  In this action Plaintiff claims that she was unlawfully retaliated against for complaints about Bennett's alleged misconduct and that based on her gender she was paid less than two male Vice Presidents when she became a Vice President. Specifically, Plaintiff claims that Defendants ANAC and Robert Byler retaliated against her because she went to human resources to complain about alleged sexual harassment by Defendant Bennett. Bolick specifically alleges that her management responsibilities were "marginalized" by virtue of: (i) not being allowed to participate in the hiring of the two new male Vice Presidents (Scott Roe and Jeffrey Alexander); (ii) by being excluded from management meetings; (iii) in April 2002, by not being allowed to attend a trade conference; and (iv) in April 2002, by being reprimanded by Byler during a marketing staff meeting. Plaintiff also claims retaliation against John Bennett; specifically, that Bennett allegedly made negative comments to Robert Byler regarding her work performance during the course of ANAC's investigation of Plaintiff's January 2002 complaint to Human Resources about Bennett. She alleges Byler relied on these comments in denying her Bennett's spot after he left the company.

Plaintiff also claims Bennett aided and abetted retaliation by ANAC in connection with: (i) the claimed marginalization of Bolick's management responsibilities as just described above; and (ii) by making the negative comments to Byler which Bolick claims aided and abetted Defendant Byler not placing her into Bennett's position after Bennett left ANAC.

Finally, Plaintiff asserts that ANAC violated the Equal Pay Act. Specifically, she claims she was paid less than two similarly situated male Vice Presidents for substantially similar work based on her gender.

Defendants deny violating the law under any of the retaliation or aiding and abetting theories alleged by Plaintiff and deny taking any action against Plaintiff because of her complaint about Bennett. Defendants assert they had legitimate non-discriminatory business reasons for their actions and such actions were completely unrelated to Plaintiff's complaint about unlawful discrimination. Defendants further deny making any decision on Plaintiff's pay when she became a Vice President because of her gender, as the two male Vice Presidents were paid more than Plaintiff based on Defendant ANAC's consideration of their superior experience, education and higher rate of pay in their prior employment.

9.    Defendants' Proposed Voir Dire is attached.

10.   Written Statement/Summary – see response to #8 above.

11.   Defendants' Proposed Jury Instructions and Proposed Verdict Form are attached.

ALEA GROUP HOLDINGS, LTD.,
ALEA NORTH AMERICA COMPANY,
JOHN J. BENNETT, and ROBERT D. BYLER,

BY: _____
Mary A. Gambardella, Esq.
Federal Bar No. ct05386
EPSTEIN BECKER & GREEN, P.C.
One Landmark Square, Suite 1800
Stamford, CT 06901-2601
(203) 348-3737

## CERTIFICATION

The undersigned hereby certifies that a copy of the foregoing was sent via U.S. Mail, postage prepaid, this 13th day of June, 2005 to:

Barbara E. Gardner, Esq.
843 Main Street
Suite 1-4
Manchester, CT  06040

Peter E. Gillespie, Esq.
46 Riverside Avenue
P.O. Box 3416
Westport, CT 06880
*Co-Counsel for Defendant John Bennett*

David L. Weissman, Esq.
Cindy Schmidt Minitti, Esq.
Reed Smith LLP
599 Lexington Avenue, 29th FL.
New York, NY 10022
*Co-Counsel Pro Hac Vice for Defendant John Bennett*

_____
Mary A. Gambardella