UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LEIGH BOLICK, | : | CIVIL ACTION NO. |
|     Plaintiff | : | 3:03CV165(PCD) |
| | : | |
| vs. | : | |
| | : | |
| ALEA GROUP HOLDINGS, LTD., | : | |
| ALEA NORTH AMERICA COMPANY, | : | |
| JOHN J. BENNETT, AND | : | |
| ROBERT D. BYLER, | : | |
|     Defendants | : | June 13, 2005 |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

The Plaintiff, Leigh Bolick, requests that the jury be charged as follows:

1. **Retaliation under Title VII and CFEPA**

Title VII prohibits retaliation against an employee because she has opposed any practice made unlawful under the statute, or because she has made a charge under the statute. The Connecticut Fair Employment Practices Act (CFEPA) also prohibits retaliation against an employee because she has opposed any discriminatory employment practice or filed a complaint.

In order to establish a claim of retaliation, the plaintiff must prove by a preponderance of the evidence that she 1) participated in a protected activity known to the defendant; 2) an adverse employment action; and 3) a causal connection between the protected activity and the adverse employment action. Defendants do not dispute that plaintiff engaged in protected activity known to them.

As to the third element, plaintiff may establish a causal connection by showing that her

protected activity was followed closely in time by discriminatory treatment or through other circumstantial evidence.

Adverse employment actions are materially adverse changes in the terms, privileges, duration, and conditions of employment. Adverse employment actions are not limited to monetary losses. Claims of discriminatory failure to promote fall within the core activities encompassed by the term "adverse actions." Adverse employment actions include demotions. An internal transfer can be an adverse employment action if "accompanied by a negative change in the terms and conditions of employment." A negative job evaluation may constitute adverse employment action. The evaluation must have an affect on the conditions of plaintiff's employment. An example of a materially adverse change includes significantly diminished material responsibilities. A reduction in management responsibilities could rise to the level of an adverse action. Plaintiff can prevail if using an objective standard, the total circumstances of her working environment changed to become unreasonably inferior and adverse when compared to a typical or normal, not ideal or model, workplace.

Plaintiff must prove that her protected activity was a motivating factor in any adverse employment actions that you may find were taken against her. A motivating factor is a factor that made a difference in the decision. Plaintiff need only show that a retaliatory motive played a part in the adverse employment action, whether or not it was the sole cause, and even if valid objective reasons for the action exist. The ultimate question for you to decide is whether or not

the plaintiff's protected activity, that is, her complaints of sexual harassment, retaliation, and the filing of a charge, were motivating factors that made a difference in defendants' decisions regarding plaintiff's employment.

If you do not believe the reasons put forth by defendant for any actions it took that plaintiff claims disadvantaged her, then you may infer that the defendant is dissembling to cover up a discriminatory purpose.  That is the rejection of the defendant's proffered reasons will permit you to infer the ultimate fact of intentional discrimination.  Remember, however, that that plaintiff need only show that a retaliatory motive played a part in the adverse employment action, whether or not it was the sole cause, and even if valid objective reasons for the action exist.

42 U.S.C. §2000e-3(a); Conn. Gen. Stat. 46a-60(a)(4); Cifra v. General Electric Co., 252 F.3d 205, 216 (2d Cir. 2001); Sumner v. U.S. Postal Service, 899 F.2d 203, 208-209 (2d Cir. 1990); Hagelthorn v. Kennecott Corp., 710 F.2d 76, 82 (2d Cir. 1983); Montana v. First Federal Savings and Loan, 869 F.2d 100 (2d Cir. 1989); Treglia v. Town of Manlius, 313 F.3d 713, 720 (2d Cir. 2002); Preda v. Nissho Iwai Am. Corp., 128 F.3d 789, 791 (2d Cir. 1997); Morris v. Lindau, 196 F.3d 102, 110 (2d Cir. 1999); Terry v. Ashcroft, 336 F.3d 128, 138 (2003); DelaCruz v. NYC Human Res. Admin. Dept. of Soc. Svs, 82 F.3d 16, 21 (2d Cir. 1996); Phillips v. Bowen, 278 F.3d 103, 109 (2d Cir. 2002); Sanders v. N.Y. City Human Res. Admin.361 F.3d 749, 756 (2d Cir. 2004); Galabya v. New York City Bd. of Educ, 202 F.3d 636, 640 (2d Cir. 2000); Reeves v. Sanderson Plumbing Products, Inc., 120 S.Ct. 2097 (2000); St. Mary's Honor Center Center v. Hicks, 509 U.S. 502, 511 (1993).

2. **Aiding and Abetting under CFEPA**

CFEPA prohibits an employer from aiding or abetting a discriminatory employment practice such as retaliation or attempting to do so.  This provision contemplates liability for a defendant who in some way helps or compels another to act in a discriminatory manner.  A

defendant cannot aid or abet its how retaliatory conduct.  An employee may aid and abet the employer's discriminatory conduct.  In order for a defendant to aid and abet, the employer must have taken some action that amounts to retaliation.

Conn. Gen. Stat. §46a-60(a)(5); <u>Tyszka v. Edward McMahon Agency</u>, 188 F.Supp. 2d 186, 195 (D.Conn. 2001); <u>Bolick v. Alea Group Holdings, Ltd.</u>, 278 F.Supp. 2d 278, 283 (D.Conn. 2003).

3.  **Equal Pay Act**

The Equal Pay Act prohibits wage discrimination on the basis of sex for the performance of equal work.  To prove a violation of the equal pay act a plaintiff must demonstrate that 1) the employer pays different wages to employees of the opposite sex; 2) the employees perform equal work on jobs requiring equal skill, effort, and responsibility; and 3) the jobs are performed under similar working conditions. In order to demonstrate similar working conditions, a plaintiff need not demonstrate that her job is identical to a higher paid position, but only must show that the two positions are substantially equal in skill, effort, and responsibility.  Defendants do not dispute that plaintiff was paid less for doing equal work on a job requiring equal skill, effort and responsibility and that the job was performed under similar working conditions.  However, the employer claims that the different payment to males was made based on a factor other than gender.  The defendant must prove that paying higher wages to males doing the same job as plaintiff was based on a legitimate business purpose.  If defendant fails to meet this burden, you must find for the plaintiff.  The plaintiff can prevail even if you find that the employer did not

intend to discriminate against plaintiff because of her gender.

If you find, based on the evidence, that the reasons given by defendant for paying different wages to the plaintiff for doing the same job as the males was a pretext for sex discrimination, plaintiff will be entitled to prevail. In deciding whether the reasons given by defendant are in fact pretext, the appropriate inquiry is whether the employer has used the factor reasonably in light of the employer's stated purpose as well as its other practices.

Lavin-Mceleney v. Marist College, 239 F.3d 476, 480(2d Cir. 2001); Belfi v. Prendergast, 191 F.3d 129, 136 (2d Cir. 1999); 29 U.S.C. §216(b); Aldrich v. Randolph Central School District, 963 F.2d 520, 526-27 (2d Cir. 1992).

**4. Compensatory Damages**

_____If you return a verdict for the plaintiff, you must also decide the issue of compensatory damages. You may award the plaintiff a sum of money that you believe will justly and fairly compensate her for any injury you believe she suffered as a result of the defendant's conduct in violation of Title VII and CFEPA.

Compensatory damages are intended to make plaintiff whole and put her in the position she would have been in but for the retaliatory conduct of the defendant(s).

Compensatory damages can be inferred from the circumstances presented to you by the evidence, or they can be proved by testimony going solely to the issue of damages.

Compensatory damages may be awarded for emotional distress, mental anguish, pain and suffering, inconvenience, humiliation, loss of the enjoyment of life, and medical expenses incurred as a result of psychological or physical harm.

It may be difficult for you to arrive at a precise evaluation of actual damage for emotional harm from a violation of Title VII or CFEPA. Nonetheless, it is necessary to arrive at a reasonable award that is supported by the evidence offered by the plaintiff. There must be evidence presented at trial to support your award of compensatory damages, for an award cannot be based on speculation.

If the plaintiff proves that the injury she suffered extends into the future because she will continue to suffer as a result of the defendant's actions, then the damages you award may compensate her for that future loss.

42 U.S.C. §1981A(b)(3); Williams vs. Pharmacia, Inc., 137 F.3d 944 (7th Cir. 1998)

The fact that the complaining party may be unusually emotionally sensitive and incur great emotional harm from discriminatory conduct will not absolve the defendants from responsibility for the greater emotional harm because the defendant takes its victims as it finds them.

Williamson v. Handy Button Machine Company, 817 F.2d 1290, 1294 (7th Cir. 1987); EEOC Enforcement Guidance: Compensatory and Punitive Damages Available under §102 of the Civil Rights Act of 1991.

**5. Punitive Damages**

In addition to actual damages, the law allows, but does not require you, to award punitive damages. You may make an award of punitive damages even though you find that the plaintiff has failed to establish actual damages.

You may award the plaintiff punitive damages if you find, by a preponderance of the evidence, that the acts or omissions of the defendant were done maliciously or with reckless indifference to the federally protected rights of the plaintiff. An act or failure to act is maliciously done if it is prompted by ill will or spite toward the plaintiff. An act or failure to act is done with reckless indifference if the defendant knew or should have known that the plaintiff's rights would be violated by its actions or omissions. In determining malice or reckless disregard, you may consider the nature, extent and severity of the harm to the plaintiff, the duration of the discriminatory conduct, evidence that the defendant tolerated or condoned the discriminatory conduct, evidence that respondent planned and/or attempted to conceal or cover up its illegal conduct, the employer's actions after it was informed of discrimination, and threats or deliberate retaliatory action against plaintiff, which will constitute malice.

An award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for acting with malice or with reckless indifference to a plaintiff's rights or to deter it and others like it from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether the defendant may be adequately punished by an award of actual damages only, or whether the conduct is so malicious or reckless that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages standing alone are likely to deter or prevent this defendant from again performing the wrongful acts he may have performed, or whether punitive

damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those defendant may have committed.

The extent to which a particular sum will adequately deter or prevent future misconduct, may depend on the financial resources of the defendant against which damages are awarded. Therefore, if you find that punitive damages should be awarded against the defendant, you may consider the financial resources of the defendant in fixing the amount of such damages.

42 U.S.C. §1981A(b)(1); EEOC Enforcement Guidance: Compensatory and Punitive Damages Available under §102 of the Civil Rights Act of 1991.

**6. Tax Consquences**

If you find in favor of the plaintiff and award her damages, you may award an additional amount for the tax consequences of receiving a lump sum award which will be taxed at a higher rate than if the plaintiff had earned the same money over his or her normal work life.

Cummings v. Microphase Corp., Civil Action No. 5:92-cv-384 (AWT)(1997); Norfolk and Western Railway Co. v. Liepelt, 444 U.S. 490 (1980).

Plaintiff reserves the right to supplement or amend the proposed jury instructions.

           THE PLAINTIFF, LEIGH BOLICK

           _____
           Barbara E. Gardner
           CT07623
           843 Main St., Suite 1-4
           Manchester, CT 06040
           (860)643-5543
           (860)645-9554(fax)
           Bg@bgardnerlaw.com

## **CERTIFICATION OF SERVICE**

I hereby certify that a copy of the foregoing was mailed, postage prepaid, this 13th day of June, 2005 to the following counsel of record:

Mary A. Gambardella
Epstein Becker & Green, P.C.
One Landmark Square, Suite 1800
Stamford, CT 06901-2601

Cindy Schmitt Minniti, Esq.
ReedSmith LLP
599 Lexington Ave., 29th FL.
New York, NY 10022

           _____
           Barbara E. Gardner

10