IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **LEIGH BOLICK,**      Plaintiff | : CIVIL ACTION NO. <br> : 3:03 CV 165 (PCD) |
| v. | |
| **ALEA GROUP HOLDINGS, LTD., ALEA NORTH AMERICA COMPANY, JOHN J. BENNETT, AND ROBERT D. BYLER,**      Defendants. | : <br> : September 26, 2005 |

## DEFENDANTS' MOTION FOR RECONSIDERATION OF THEIR REQUEST FOR ADJOURNMENT OF JURY SELECTION DATE

Defendants to the above-captioned matter respectfully move this Court to reconsider its denial of Defendants' request to adjourn the October 4, 2005 date currently set for jury selection. As previously asserted, the representative and key decision maker of corporate Defendant Alea North America Company ("ANAC"), Michael R. Halsband, who is critical to assisting in the selection of jurors and strategy planning for the Defendants, is unavailable on that date due to religious observance of the Jewish High Holiday, Rosh Hashanah. Furthermore, the Court had advised the parties during the pre-trial in the early summer that it wanted the parties to attempt settlement once again at the time of jury selection; if Mr. Halsband is not present, settlement discussions cannot take place.

Mr. Halsband is not simply an "interchangeable business representative" of the Defendant corporation. Mr. Halsband, Senior Vice President and General Counsel for ANAC and a major participant in the events as issue, has been the sole legal and de facto corporate representative on this matter since its inception; i.e., a "party" in this instance. Moreover, he has

NY:753641v1

not just acted as the "party" and in-house legal counsel for the corporation, but he has also has acted as co-counsel for the individual Defendant, Robert Byler. He has unique knowledge of the matters at hand, and of the relationships involved during the entire duration of the parties' dispute and this litigation. Critically important as well, many of the decision makers are no longer employed by ANAC, making Mr. Halsband even more significant and incapable of being "replaced." The individual defendants in this case, as well as the business management of the corporation, have looked to Mr. Halsband for guidance, advice, and representation throughout these proceedings.

In other words, unless this Court grants this request, a "party" will not be present, and further, Defendants will be denied their choice of co-representation during jury selection---a critical part of preparation for any trial. The authorized person for potential settlement discussions will be absent. The undersigned will be deprived of the opportunity to consult with Defendants' choice of strategist and decision maker, simply because of his religious observance needs. (See analogous Constitutional arguments for right of defendant to be present at jury selection. Cf. Boone v. United States, 483 A.2d 1153 (D.C. Ct. App. 1984) (defendant entitled to be personally present during individual bench conference voir dire proceedings because it would be "improbable to expect a lawyer to be able to relate those impressions gained at the bench to his client. Each impression is, at bottom, a personal one." Also noting that the defendant's presence is critical to the attainment of an impartial jury and "to the appearance of impartiality"; People v. Sloan, 79 N.Y. 2d 386 (N.Y. 1992) (defendant had fundamental right to be present during voir dire questioning as the questions "delved into attitudes and feelings concerning some of the events and witnesses involved in the very case to be heard"); State v. Dishon, 687 A.2d 1074 (N.J. Super.Ct.App.Div. 1997) (defendant's presence during jury impaneling is essential so

that he can assist his attorney in the selection of an impartial jury. "He is entitled to hear questions intended to disclose a juror's bias, hostility or predisposition to believe or discredit the testimony of potential witnesses, and the juror's answers so that he has the opportunity to assess the juror's facial expressions and demeanor.").

An additional, critical factor to note here is that Michael Halsband was present in Court on the last jury selection date, September 8. The Defendants had been specifically advised that the Court had *denied* Plaintiff's counsel's requests for adjournment of that date, despite her insistence that she was scheduled to try another case for a minimum of four weeks. Defendants thereafter received an email notification on August 31 confirming that the parties were to be present on September 8, again despite Plaintiff's prior requests due to a scheduling conflict of her counsel.

It was learned, however, that Plaintiff's counsel telephoned Chambers just prior to September 8, and was then granted an adjournment ***over the phone***. Unfortunately, Defendants were not advised of this eleventh-hour adjournment until they appeared on September 8, **with Mr. Halsband present**, having stayed in New Haven overnight at a hotel at the company's expense, in order to be in Court at 9:00 a.m. Yet, no notification to counsel by either the Court or the Plaintiff of that last minute adjournment had been given. (Plaintiff's counsel stated that the Clerk did not request she provide Defendants with such notice, and therefore assumed it would be provided by the Clerk's office.) Given these circumstances as well, it is respectfully asserted that it would be inequitable to deny Mr. Halsband a requested accommodation for religious observance while, at the same time, having granted Plaintiff's request to adjourn a date on which Mr. Halsband was available and present in Court.

Finally, Defendants respectfully request that this Court take notice of the fact that a number of jurors may ask to be excused for selection that day. Not only is it a day of religious observance, eliminating the opportunity for observant members of the Jewish faith to serve, it is also a date on which public schools and some offices may be closed.

As previously stated, Plaintiff's counsel was contacted regarding this requested adjournment and stated that Plaintiff has no objection to the adjournment request. Plaintiff's counsel was again contacted after the initial request had been filed and denied, and she reiterated her consent to the Court's granting of an adjournment.

**WHEREFORE,** for the foregoing reasons, the Defendants respectfully request that the Court's denial of its prior request be reconsidered, vacated, and that the jury selection date of October 4, 2005 be adjourned.

Respectfully Submitted,

**ALEA GROUP HOLDINGS, LTD.,**
**ALEA NORTH AMERICA COMPANY,**
**JOHN J. BENNETT, and ROBERT D. BYLER,**

BY: _____
Mary A. Gambardella, Esq.
Federal Bar No. ct05386
**EPSTEIN BECKER & GREEN, P.C.**
One Landmark Square, Suite 1800
Stamford, CT 06901-2601
(203) 348-3737
(203) 324-9291 (fax)
mgambard@ebglaw.com

## **CERTIFICATION**

The undersigned hereby certifies that a copy of the foregoing was sent via facsimile and regular U.S. Mail, postage prepaid, this 26th day of September, 2005 to:

>Barbara E. Gardner, Esq.
>843 Main Street
>Suite 1-4
>Manchester, CT  06040

_____
Mary A. Gambardella