UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LEIGH BOLICK, | : | CIVIL ACTION NO. |
|     Plaintiff | : | 3:03CV165(PCD) |
| | : | |
| vs. | : | |
| | : | |
| ALEA GROUP HOLDINGS, LTD., | : | |
| ALEA NORTH AMERICA COMPANY, | : | |
| JOHN J. BENNETT, AND | : | |
| ROBERT D. BYLER, | : | |
|     Defendants | : | September 27, 2005 |

**MEMORANDUM OF LAW
IN SUPPORT OF MOTION IN LIMINE
TO PROHIBIT EVIDENCE OF SETTLEMENT DISCUSSIONS**

The plaintiff, Leigh Bolick, respectfully submits this memorandum in support of her motion in limine to prohibit all evidence and testimony regarding settlement discussions, including a telephone conversation that took place between plaintiff and defendant John Bennett in October, 2003.

**FACTS**

In October, 2003, plaintiff telephoned defendant John Bennett for the purpose of having a settlement discussion. Plaintiff intended to offer to compromise her claims against Mr. Bennett, believing in good faith that he would be more likely to be forthcoming in his testimony at his upcoming deposition if he were no longer a defendant in the case. Although plaintiff and Mr. Bennett had a settlement discussion, the case against Bennett was not settled, and Mr. Bennett remains a defendant in the case.

**LEGAL ARGUMENT**

Defendant may try to introduce evidence of the settlement discussion to suggest that plaintiff's claim lacks merit or for some other improper purpose.

It is axiomatic that settlement offers are inadmissible and not matters for the jury's consideration. See Fed. R. Evid. 408; Pierce v. F.R. Tripler & Co., 955 F.2d 820, 827-28 (2d Cir. 1992); see also Penny v. Winthrop-Univ.Hosp., 883 F.Supp. 839, 846 (E.D.N.Y. 1995). Because plaintiff's discussion with Bennett was an attempt to compromise, such evidence is inadmissible, and must be excluded. Any attempt to offer such evidence by defendant should be prohibited because the evidence is not probative of any defense to this case, that is, that no retaliation for complaining of discrimination occurred. See Fed. R. Evid. 402.

Courts have the discretion to exclude evidence even where the court deems that evidence relevant. Conway v. Icahn & Co., Inc., 16 F.3d 504, 510-511 (2d Cir. 1994); Gierlinger v. Gleason, 160 F.3d 858, 871 (2d Cir. 1998). Moreover, a trial judge should exclude relevant evidence when its probative value is outweighed by its prejudicial effect. Berkovich v. Hicks, 922 F.2d 1018, 1023 (2d Cir. 1991); Fed. R. Evid. 403. Assuming, arguendo, that this Court determines that such evidence has some probative value in this action, this Court should still exclude this evidence because of the danger of unfair prejudice to plaintiff. Admitting this evidence could prejudice the jury against plaintiff. That is, a jury could mistakenly conclude that plaintiff attempted to be "paid off" by offering to let Bennett out of the case in exchange for

2

certain testimony. Moreover, jurors might not understand the legal and policy considerations for having settlement discussions and attempting to settle claims prior to litigation.

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that this Court grant its motion in limine to prohibit testimony or evidence regarding settlement discussions between the parties.

THE PLAINTIFF, LEIGH BOLICK

_____
Barbara E. Gardner
CT07623
843 Main St., Suite 1-4
Manchester, CT 06040
(860)643-5543
(860)645-9554(fax)
Bg@bgardnerlaw.com

**CERTIFICATION OF SERVICE**

I hereby certify that a copy of the foregoing was mailed, postage prepaid, this 27th day of September, 2005, to the following counsel of record:

Mary A. Gambardella
Epstein Becker & Green, P.C.
One Landmark Square, Suite 1800
Stamford, CT 06901-2601

_____
Barbara E. Gardner