# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LEIGH BOLICK, | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:03CV165(PCD) |
| | : | |
| vs. | : | |
| | : | |
| ALEA GROUP HOLDINGS, LTD., | : | |
| ALEA NORTH AMERICA COMPANY, | : | |
| JOHN J. BENNETT, AND | : | |
| ROBERT D. BYLER, | : | |
| Defendants | : | September 27, 2005 |

## MEMORANDUM OF LAW
## IN SUPPORT OF MOTION IN LIMINE
## TO PROHIBIT EVIDENCE OF PLAINTIFF'S ARREST

The plaintiff, Leigh Bolick, respectfully submits this memorandum in support of her

motion in limine to prohibit all evidence and testimony regarding plaintiff's 1995 arrest during a

domestic dispute during her divorce from her first husband, Dennis Saiz.

## FACTS

In 1995, after plaintiff had filed for divorce from her first husband, Dennis Saiz, plaintiff

was arrested during a domestic dispute with her husband.  Plaintiff telephoned the police after

her husband tried to break her arm when he pulled her from her car when she was attempting to

leave their home.  Plaintiff was then arrested, and she spent a night in jail.  The charges were

later dismissed. (See attached).

## LEGAL ARGUMENT

Defendant may try to introduce evidence of the arrest in order to suggest that plaintiff's

having spent a night in jail during which she experienced a panic attack contributed to "an underlying psychological vulnerability". Report of Harry Adamakos, Ph.D.

Courts have the discretion to exclude evidence even where the court deems that evidence relevant. Conway v. Icahn & Co., Inc., 16 F.3d 504, 510-511 (2d Cir. 1994); Gierlinger v. Gleason, 160 F.3d 858, 871 (2d Cir. 1998). Moreover, a trial judge should exclude relevant evidence when its probative value is outweighed by its prejudicial effect. Berkovich v. Hicks, 922 F.2d 1018, 1023 (2d Cir. 1991); Haskell, 743 F.2d at 122 (2d Cir. 1984); Fed. R. Evid. 403. Here, if this Court allows testimony and evidence of plaintiff's arrest, plaintiff will suffer irreparable prejudice.

Moreover, if the Court admits this evidence, the jury would likely be confused or misled. The incident happened ten years ago, was brief in duration, and because it is remote in time, the continuing affect on plaintiff's psychological vulnerability is arguably limited.

Finally, there is a real danger that testimony or evidence regarding plaintiff's arrest could engender negative feelings towards plaintiff by the jury, resulting in the jury deciding the case based on issues that have no bearing on the case.

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that this Court grant its motion in limine to prohibit testimony or evidence regarding plaintiff's 1995 arrest.

2

THE PLAINTIFF, LEIGH BOLICK


_____

Barbara E. Gardner
CT07623
843 Main St., Suite 1-4
Manchester, CT 06040
(860)643-5543
(860)645-9554(fax)
Bg@bgardnerlaw.com

**CERTIFICATION OF SERVICE**

I hereby certify that a copy of the foregoing was mailed, postage prepaid, this 27th day of September, 2005, to the following counsel of record:

Mary A. Gambardella
Epstein Becker & Green, P.C.
One Landmark Square, Suite 1800
Stamford, CT 06901-2601

_____
Barbara E. Gardner

4