UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LEIGH BOLICK, | : | CIVIL ACTION NO. |
|     Plaintiff | : | 3:03CV165(PCD) |
| | : | |
| vs. | : | |
| | : | |
| ALEA GROUP HOLDINGS, LTD., | : | |
| ALEA NORTH AMERICA COMPANY, | : | |
| JOHN J. BENNETT, AND | : | |
| ROBERT D. BYLER, | : | |
|     Defendants | : | September 27, 2005 |

**MEMORANDUM OF LAW
IN SUPPORT OF MOTION IN LIMINE
TO PROHIBIT EVIDENCE OF PLAINTIFF'S DIVORCE FROM THOM BOLICK**

The plaintiff, Leigh Bolick, respectfully submits this memorandum in support of her motion in limine to prohibit all evidence and testimony regarding plaintiff's divorce from Thom Bolick in August, 2000.

**FACTS**

Plaintiff and Thom Bolick were married in June, 1998. In August, 2000, plaintiff and her husband, Thom Bolick, filed for divorce on the advice of a tax attorney in order to avoid having the Internal Revenue Service ("IRS") attach assets in plaintiff's name in order to secure a debt owed to the IRS by Mr. Bolick's ex-wife. Immediately after the divorce, plaintiff and Thom Bolick renewed their vows and were common law married under Texas law. In September, 2000, plaintiff began working for the defendant, Alea North America Co. ("Alea"). Plaintiff and Thom Bolick were remarried in Massachusetts on September 24, 2002.

**LEGAL ARGUMENT**

Defendants may try to introduce evidence of the divorce because they claim that plaintiff misrepresented to Alea that she was married so that she could obtain medical, dental, and vision care insurance coverage for Mr. Bolick. This was one of two reasons given by defendant Alea for terminating plaintiff's employment in July, 2003. However, plaintiff's last day of work for Alea was in September, 2002, and her termination is not relevant to any issues in the case.

Because Ms. Bolick makes no claims related to the termination of her employment by Alea, as conceded by defendant in their Motion for Summary Judgment FN1 at 2, the allegation regarding the misrepresentation is irrelevant to any material issues in this lawsuit. Moreover, plaintiff made no misrepresentation regarding her marital status as she was married to Thom Bolick at the time she completed the insurance forms at the start of her employment with Alea in September, 2000. That is, she was common law married to Thom Bolick. Under the U.S. Constitution, Connecticut would give full faith and credit to the marriage under Texas law. U.S. CONST. art. IV, §1.

Rule 403 of the Fed. R. Evid. provides, in relevant part: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Even assuming, <u>arguendo</u>, that this Court determines that the testimony regarding plaintiff's divorce from Thom Bolick has some probative value, this Court should still exclude this evidence because of the danger of unfair

2

prejudice to plaintiff.

Courts have the discretion to exclude evidence even where the court deems that evidence relevant. Conway v. Icahn & Co., Inc., 16 F.3d 504, 510-511 (2d Cir. 1994); Gierlinger v. Gleason, 160 F.3d 858, 871 (2d Cir. 1998). Moreover, a trial judge should exclude relevant evidence when its probative value is outweighed by its prejudicial effect. Berkovich v. Hicks, 922 F.2d 1018, 1023 (2d Cir. 1991); Fed. R. Evid. 403. Here, if this Court allows testimony and evidence of plaintiff's divorce from Thom Bolick, plaintiff will suffer irreparable prejudice.

Moreover, if the Court admits this evidence, the jury would likely be confused or misled. They may not understand, without extensive testimony, the intricacies of the concept of common law marriage and the ability for an individual to be common law married even though divorced. Since plaintiff's termination is not at issue in the case, the jury may become confused about testimony regarding her termination of employment ten months after she stopped working, which has no bearing on any issues they will be asked to decide.

Finally, there is a real danger that testimony or evidence regarding plaintiff's divorce could engender negative feelings towards plaintiff by the jury. Since defendant's motivation in introducing such testimony is to suggest that plaintiff was somehow dishonest in representing her marital status to defendant, even though she was in fact married according to Texas common law when she listed Thom Bolick as her husband, the jury could be confused and think plaintiff had been dishonest and base their verdict on issues that have no bearing on the case. The extensive

3

testimony and jury charges that would be required would also be a waste of time since the issue is not relevant.

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that this Court grant its motion in limine to prohibit testimony regarding plaintiff's divorce from Thom Bolick

THE PLAINTIFF, LEIGH BOLICK

_____
Barbara E. Gardner
CT07623
843 Main St., Suite 1-4
Manchester, CT 06040
(860)643-5543
(860)645-9554(fax)
Bg@bgardnerlaw.com

**CERTIFICATION OF SERVICE**

I hereby certify that a copy of the foregoing was mailed, postage prepaid, this 27th day of September, 2005, to the following counsel of record:

Mary A. Gambardella
Epstein Becker & Green, P.C.
One Landmark Square, Suite 1800
Stamford, CT 06901-2601

_____
Barbara E. Gardner