IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **LEIGH BOLICK,** <br>                      Plaintiff <br><br> v. <br><br> **ALEA GROUP HOLDINGS, LTD., ALEA NORTH AMERICA COMPANY, JOHN J. BENNETT, AND ROBERT D. BYLER,** <br>                      Defendants. | CIVIL ACTION NO. <br> 3:03 CV 165 (PCD) <br><br><br><br><br><br><br> October 7, 2005 |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PROHIBIT EVIDENCE OF SETTLEMENT DISCUSSIONS

Defendants to the above-captioned matter respectfully submit this opposition to Plaintiff's Motion in Limine to prohibit evidence of a telephone conversation she had with Defendant John Bennett, which she characterizes as settlement discussions. This conversation took place in October 2003, and was initiated by Plaintiff herself. In support of her Motion in Limine, Plaintiff cites to Federal Rule 408 and cases that establish that settlement offers are inadmissible.

However, according to Defendant Bennett's deposition testimony, the circumstances and substance of Plaintiff's phone call to him establish that it was not an inadmissible "settlement discussion" or "settlement offer", but rather, initiated with the purpose of attempting to "buy" his testimony, as well as to make threats against him if he refused. Specifically, Bennett testified that Plaintiff stated in the phone call that unless he did as she requested, she would "ruin" his life by damaging his reputation with past and future employers, as well as with his family (presumably because of her then sexual harassment claim). This

NY:772551v1

conversation therefore was not even remotely a settlement offer. Thus, the Defendant should be permitted to testify about this conversation at trial to impeach Plaintiff's credibility as a witness, and to demonstrate her willingness to engage in witness tampering.

While actual settlement negotiations are generally barred by Fed. R. Evid 408, Defendants are entitled to present evidence of threats to the extent they are offered as evidence of, for example, wrongdoing or obstruction of an investigation. cf. Victor Reiling Associates and Design Innovation, Inc. v. Fisher-Price, Inc, No 3:03 CV 222 (JBA), 2004 WL 2381719 *5-7 (D. Conn. Sept. 30, 2004). Clearly, Fed R. Evid. 408 "does not require exclusion when the evidence is offered for another purpose", other than to prove or disprove the validity of the claims that the agreement was meant to settle. Starter Corp v. Converse, Inc., 170 F.3d 286 (2d Cir. 1999). The trial judge "has broad discretion as to whether to admit evidence of settlement offered for another purpose." Id. Here, Bennett's version of the phone call has nothing to do with settlement, but even if part of the conversation did, the part of the conversation including coercion and threats would be outside the purview of Fed. R. Evid. 408.

Noteworthy as well, the purpose of Rule 408 "is to facilitate open and wide-ranging settlement discussions, but it is not a blanket rule of inadmissibility for any and all statements in the settlement context..." Care v. Health Insurance Plan of Greater New York, Inc., No 99 Civ 3706 (NRB), 2001 WL 563722 (S.D.N.Y., May 24, 2001); See also Scott v. Goodman, 961 F. Supp 424, 437 (S.D.N.Y. 1997)("[T]he force of Rule 408 is inapplicable when the claim is based upon some wrong that was committed in the course of settlement discussions.") (internal quotation marks and citations omitted); cf. Alcan International Limited v. The S.A. Day Manufacturing Co., 179 F.R.D. 403 (W.D.N.Y. 1998)(A party should not be able

to immunize from admissibility of information otherwise discoverable merely by offering to present it in a compromise agreement).

Clearly, as statements made by Plaintiff to Defendant John Bennett in October 2003 to threaten and coerce him regarding his testimony would be offered for a purpose that is <u>not</u> barred by Fed. R. Evid. 408. Indeed, Plaintiff cannot even proffer whether any amounts were discussed, as they were not.

**WHEREFORE,** for the foregoing reasons, the Defendants respectfully request that Plaintiff's Motion in Limine to exclude evidence of the telephone call in October 2003 between Plaintiff and Bennett be denied.

Respectfully Submitted,

ALEA GROUP HOLDINGS, LTD.,
ALEA NORTH AMERICA COMPANY,
JOHN J. BENNETT, and ROBERT D. BYLER,

BY: _____
Mary A. Gambardella, Esq.
Federal Bar No. ct05386
**EPSTEIN BECKER & GREEN, P.C.**
One Landmark Square, Suite 1800
Stamford, CT 06901-2601
(203) 348-3737
(203) 324-9291 (fax)
mgambard@ebglaw.com

## **CERTIFICATION**

The undersigned hereby certifies that a copy of the foregoing was sent via email and regular U.S. Mail, postage prepaid, this 7th day of October, 2005 to:

>Barbara E. Gardner, Esq.
>843 Main Street
>Suite 1-4
>Manchester, CT  06040

_____
Mary A. Gambardella