IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **LEIGH BOLICK,** | : CIVIL ACTION NO. |
| Plaintiff | : 3:03 CV 165 (PCD) |
| v. | : |
| **ALEA GROUP HOLDINGS, LTD., ALEA NORTH AMERICA COMPANY, JOHN J. BENNETT, AND ROBERT D. BYLER,** | : |
| Defendants. | : October 7, 2005 |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PROHIBIT EVIDENCE OF PLAINTIFF'S ARREST

Defendants to the above-captioned matter respectfully submit this opposition to Plaintiff's Motion in Limine to prohibit evidence of Plaintiff's arrest during a domestic dispute during her divorce from her first husband Dennis Saiz. Plaintiff cites the report of Defendants' expert physician who examined her in this case, Harry Adamakos, Ph.D., suspecting that Defendants may try to introduce evidence of her arrest in order to suggest that Plaintiff having spent a night in jail in which she experienced a panic attack contributed to "an underlying psychological vulnerability." To support her Motion, Plaintiff cites general law that the Court has discretion to exclude evidence based on prejudicial effect. She argues in this regard that the undisputed incident occurred ten years ago, was brief in duration and the affect on her physiological vulnerability is "arguably limited."

Plaintiff is correct that Defendants intend to offer evidence that numerous prior stressors caused, or at a minimum were significant factors contributing to, her claimed emotional condition which she now attributes solely to alleged actions by Defendants. However, according

NY:772562v1

to the testimony and report of Dr. Harry Adamakos, Defendants' designated expert, this arrest, as well as certain events which occurred during her divorce proceeding (which resulted in the loss of custody of her son), were indeed contributing factors to her current condition, if established by Plaintiff at trial. Plaintiff directly placed her emotional condition at issue in this case by claiming she can never work again due to the severe emotional distress caused by Defendants. Defendants therefore should clearly be entitled to not only contest those reasons Plaintiff asserts caused her emotional distress and condition, but also to present an expert opinion, without redactions, as to the many prior stressors that contributed to her alleged emotional condition.

More specifically, after full examination by Dr. Adamakos, he concluded that there were other significant, prior stressors occurring prior to her employment with Alea which contributed in large part to "overreaction" or "severe" distress she claims to have suffered while employed there. Further, he concluded that such prior traumatic events were more significant stressors than those experiences with Defendant ANAC that form the basis for her emotional distress claim. Additionally, Dr. Adamakos concluded that such stressors could have contributed to an underlying psychological vulnerability and the basis for her reaction to what she believed happened in this case. This report included the statement that, based on documents reviewed as well as Bolick's own statements to him, "[s]he may have been prone to anxiety as evidenced by her having a prior panic attack when jailed during the time of her divorce." The arrest is thus an important factor in this part of his conclusions. Consequently, if this Court does not allow evidence of the Plaintiff's panic attack in jail after her arrest to be admitted in evidence, then the

basis for Defendants' expert opinion on Bolick's condition will be severely compromised, and the use of the expert report and testimony may be severely prejudiced.[1]

**WHEREFORE,** for the foregoing reasons, the Defendants respectfully request that Plaintiff's Motion in Limine to exclude evidence of Plaintiff's arrest be denied.

Respectfully Submitted,

ALEA GROUP HOLDINGS, LTD.,
ALEA NORTH AMERICA COMPANY,
JOHN J. BENNETT, and ROBERT D. BYLER,

BY: _____
Mary A. Gambardella, Esq.
Federal Bar No. ct05386
**EPSTEIN BECKER & GREEN, P.C.**
One Landmark Square, Suite 1800
Stamford, CT 06901-2601
(203) 348-3737
(203) 324-9291 (fax)
mgambard@ebglaw.com

---

[1] Moreover, Plaintiff's own treating physician Dr. Kagel, whose notes Dr. Adamakos states he also considered in rendering his expert opinion in this case, also saw fit to note Plaintiff's anxiety attack in jail after her arrest. These notes of Dr. Kagel were made when treating Plaintiff and helped form an opinion on the underlying causes of Plaintiff's alleged emotional condition. As Plaintiff herself decided this experience was pertinent in her dealings with Dr. Kagel, this fact as well should operate to establish the lack of merit in her position now about this evidence.

## CERTIFICATION

The undersigned hereby certifies that a copy of the foregoing was sent via email transmission and regular U.S. Mail, postage prepaid, this 7th day of October, 2005 to:

Barbara E. Gardner, Esq.
843 Main Street
Suite 1-4
Manchester, CT  06040

_____
Mary A. Gambardella