## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

LEIGH BOLICK,                          :    CIVIL ACTION NO.
                        Plaintiff      :    3:03 CV 165 (PCD)
                                       :
                                       :
v.                                     :
                                       :
ALEA GROUP HOLDINGS, LTD., ALEA        :
NORTH AMERICA COMPANY, JOHN J.         :
BENNETT, AND ROBERT D. BYLER,          :
                        Defendants.    :    October 7, 2005


## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PROHIBIT EVIDENCE OF PLAINTIFF'S DIVORCE FROM THOM BOLICK

Defendants to the above-captioned matter submit this opposition to Plaintiff's Motion in Limine to prohibit evidence of Plaintiff's divorce from Thom Bolick. Plaintiff admits that in August 2000, she and her husband Thom Bolick filed for divorce to avoid IRS attachment of assets in Plaintiff's name; i.e., to commit tax fraud. Plaintiff then states they immediately renewed their vows and were common law married under Texas law, and in September 2000 she began to work for Defendant Alea. She and Thom Bolick were remarried on September 24, 2002. Plaintiff believes Defendants will seek to introduce evidence Plaintiff misrepresented to Alea that she was married to obtain benefits for her husband and that when Alea discovered this, she was terminated. She claims since her termination is irrelevant to the case, her marriage status is irrelevant. She also claims status of common law marriage would be confusing for a jury which might think she was dishonest about her marriage.

Unbelievably, Plaintiff ignores that what she admits to doing is having committed a fraud on a prior court; i.e., the Texas court in which she swore in a divorce petition that she and

Mr. Bolick's marriage had irretrievably broken down and they were to live separate and apart. She further essentially admits to having committed tax fraud by thereafter claiming to be common law married, but filing returns as single. Plaintiff's petition for divorce from Thom Bolick, a document she filed with the Texas Court establishes her willingness to commit a fraud on a tribunal for financial benefit.

Such matters are clearly relevant and probative to impeach Plaintiff's credibility, something which is at the heart of this litigation. Contrary to Plaintiff's contention that the jury will be "confused" by her marriage status, what she is really concerned about is that the jury will see clearly through this entire scam and doubt her credibility in this case—something the Defendants are entitled to explore at a trial, particularly one with claims of this nature.

Query further whether the circumstances of avoiding attachment by the IRS, misrepresenting the reason for her divorce from Thom Bolick, representing herself as not married to the IRS on her tax return, while at the same time claiming benefits from Alea for her alleged husband Thom Bolick because she considered herself common law married, are additional stressors that could have impacted her emotional state which she has put in issue in this litigation. A jury should be able to know about the state of marital lies that hung over Plaintiff while employed with Alea to determine whether such circumstances impacted on Plaintiff's mental condition.

**WHEREFORE,** for the foregoing reasons, the Defendants respectfully request that Plaintiff's Motion in Limine to Prohibit Evidence of Plaintiff's Divorce from Thom Bolick be denied.

Respectfully Submitted,

**ALEA GROUP HOLDINGS, LTD.,
ALEA NORTH AMERICA COMPANY,
JOHN J. BENNETT, and ROBERT D.
BYLER,**

BY: _____

Mary A. Gambardella, Esq.
Federal Bar No. ct05386
**EPSTEIN BECKER & GREEN, P.C.**
One Landmark Square, Suite 1800
Stamford, CT  06901-2601
(203) 348-3737
(203) 324-9291 (fax)
mgambard@ebglaw.com

## <u>CERTIFICATION</u>

The undersigned hereby certifies that a copy of the foregoing was sent via email and regular U.S. Mail, postage prepaid, this 7th day of October, 2005 to:

> Barbara E. Gardner, Esq.
> 843 Main Street
> Suite 1-4
> Manchester, CT  06040

_____
Mary A. Gambardella