IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **LEIGH BOLICK,** | ) | Civil Action No.: |
| | ) | 3:03 CV 165 (PCD) |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **ALEA GROUP HOLDINGS, LTD.,** | ) | |
| **ALEA NORTH AMERICA COMPANY,** | ) | |
| **JOHN J. BENNETT, and ROBERT D.** | ) | |
| **BYLER,** | ) | |
| **Defendants.** | ) | OCTOBER 7, 2005 |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S AMENDED PROPROSED VERDICT FORM, SUPPLEMENTAL OBJECTION TO PLAINTIFF'S JURY INSTRUCTIONS AS TO BACKPAY AND FRONT PAY, AND REQUEST FOR <u>SEPARATE HEARING THEREON</u>**

Defendants, Alea Group Holdings, Ltd., Alea North America Company ("ANAC"), John Bennett, and Robert D. Byler, respectfully request that the Court enter the following orders:

a. An order that Plaintiff may not submit any request to the jury, either by way of verdict form or as encompassed within jury instructions, that they award back pay or front pay;

b. An order that the Court only will entertain evidence during a separate hearing with respect to such damages if the jury finds liability on either such claim; and

c. An order that Plaintiff may therefore not present any witness or documentary evidence, including proposed expert witnesses Dr. Cohen and Dr. Wishnick, to establish such damages.

The bases for these requests are as follows.

NY:774873v1

### I.  *The Determination of Lost Wages, or Back Pay Is An Issue For the Court*

It has been clarified and reaffirmed in this Circuit since the parties' initial submission of proposed jury instructions and verdict forms that the determination of whether lost wages can be awarded, and the amount thereof, under either the Equal Pay Act or Title VII, is a determination to be submitted to the Court and not for the jury. *Broadnax v. City of New Haven*, 415 F.3d 265 (2d Cir. 2005)(citing *Metro-North Commuter R.R.*, 267 F.3d 147, 157 (2d Cir. 2001)).

### II.  *The Determination of Any Award of Front Pay Is Also An Issue For the Court*

Defendants have already objected to the introduction of any evidence of front pay, as they contend it is undisputed the fact of Plaintiff's termination is not a issue before the Court any longer. Indeed, Plaintiff never even alleged her termination constituted an act of retaliation, and therefore, any "wage" damages she seeks should be deemed tolled as of the date of that termination. Furthermore, and critically important, under the Court's ruling in *Shaw v. Greenwich Anesthesiology Assocs., P.C.*, 200 F.Supp.2d 110, 114 (D. Conn. 2002), this Court held that a plaintiff must first seek reinstatement and have that remedy denied before she can seek front pay. Plaintiff has failed to substantiate such a demand and commensurate denial. Moreover, Plaintiff failed to submit any jury instruction as to a claim for front pay, and for this reason as well, should be barred from incorporating any such demand in her damage demand to the jury.

Nevertheless, if she is permitted to seek front pay, such request should be submitted only to the Court. Consequently, any testamentary or documentary evidence going solely to this issue should be barred, and only presented by way of a separate hearing before the Court. This evidence includes, at a minimum, proposed testimony by designated experts Cohen and Wishnick; the former being an occupational therapist who will testify that Plaintiff could not mitigate her damages as to

front pay; and Wishnick, who simply conducted mathematical calculations as to lost wages. *Howell v. New Haven Bd. Of Educ.*, 2005 WL 2179582 (D. Conn. Sept. 8, 2005)(the determination of front pay is an issue for the court and not a jury); *Shorter v. Hartford Financial Services Group, Inc.*, 2005 WL 2234507 (D. Conn. May 31, 2005)(an award of front pay under Title VII is a substitute remedy for reinstatement, which is equitable in nature, and thus, is a matter committed to the Court's discretion). *See also Pollard v. E.I. DuPont de Nemours & Co.*, 523 U.S. 843, 121 S.Ct. 1946, 150 L.Ed.2d 62 (2001).

**WHEREFORE**, Defendants respectfully request that this Court enter the foregoing relief in its entirety.

> **EPSTEIN BECKER & GREEN, P.C.**
> Attorneys for Defendants,
>
> By: _____
> Mary A. Gambardella, Esq.
> Federal Bar No. ct05386
> One Landmark Square, Suite 1800
> Stamford, CT 06901-2601
> (203) 348-3737
> (203) 324-9291 (fax)
> mgambard@ebglaw.com

## **CERTIFICATION**

The undersigned hereby certifies that a copy of the foregoing was sent via email transmission and regular U.S. Mail, postage prepaid, this 7th day of October, 2005 to:

>Barbara E. Gardner, Esq.
>843 Main Street
>Suite 1-4
>Manchester, CT 06040
>Counsel for Plaintiff
>
>Cindy Schmitt Minniti, Esq.
>ReedSmith LLP
>599 Lexington Ave., 29th Floor
>New York, NY 10022
>Co-counsel for Defendant, John Bennett

_____
Mary A. Gambardella