IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **LEIGH BOLICK,** | : CIVIL ACTION NO. |
| Plaintiff | : 3:03 CV 165 (PCD) |
| v. | : |
| **ALEA GROUP HOLDINGS, LTD., ALEA NORTH AMERICA COMPANY, JOHN J. BENNETT, AND ROBERT D. BYLER,** | : |
| Defendants. | : October 10, 2005 |

### DEFENDANTS' MOTION IN LIMINE TO PROHIBIT EVIDENCE OF DISMISSED CLAIMS AND FOR BIFURCATION OF HEARING IN DAMAGES

Defendants to the above-captioned matter respectfully submit this Motion in Limine to prohibit Plaintiff from introducing evidence which supports any claims which have been dismissed by this Court by way of its Ruling on Defendants' Motion for Summary Judgment. Specifically, Defendants contend that the introduction of such evidence, in particular evidence of Defendant Bennett's purportedly harassing conduct toward Plaintiff (relating solely to the dismissed claim of sexual harassment brought under Title VII and comparable state law), would greatly prejudice the jury and has no probative value whatsoever to the remaining claims. Plaintiff should further be barred, from presenting any evidence of the alleged acts of retaliation that have also been dismissed by the Court.

Moreover, as Plaintiff is barred from recovery as to such dismissed claims, she should not be able to introduce damage evidence attributable solely to these claims. As it is anticipated Plaintiff will be unable to parcel the damage evidence, or to otherwise allocate her damages between dismissed and retained claims (in particular relating to her claim emotional distress), it

NY:778824v1

is respectfully submitted that the Defendant would be unduly prejudiced if Plaintiff is permitted to submit such evidence in full due to her inability to so allocate it. Moreover, Defendants contend the jury would be overly confused in this regard, and therefore, for these reasons, Defendants submit the Court should determine the amount of any such damages if the jury finds first Plaintiff is entitled to each category of damages through a bifurcated proceeding pursuant to Fed. R. Civ. Proc. 42.

## ARGUMENT

Defendants are willing to stipulate to the fact that Plaintiff made internal complaints at Alea of harassment against Bennett, and the dates thereof. In view of this offer, any evidence as to Bennett's alleged harassing conduct should be precluded. Plaintiff has not brought any "pattern or practice" type allegations; she has no other surviving claims to which this evidence would be probative; nor is such evidence probative to the issue of retaliation. On the other hand, the introduction of such evidence would necessitate a mini-trial on the harassment claim when that claim has already been dismissed by this Court. In such event, the jury will clearly be unduly prejudiced by such evidence, and potentially consider it in finding liability and assessing damages. Where, as here, the probative value of proffered is outweighed by the potential prejudice to the other party, the trial Court has wide latitude to control the proceedings and preclude such evidence. *See, e.g., Jones v. New York City Health and Hosp. Corp.*, 2003 WL 21289653 (S.D.N.Y. June 3, 2003).

Similarly, evidence going to any of the retaliation claims dismissed by the Court should be barred. The same reasons espoused above apply hereto.

It has been well established that plaintiffs must allocate their claimed damages between acts of harassment and retaliation. *Hetzel v. County of Prince William*, 89 F.3d 169 (4th

Cir. 1996). Here, then, Plaintiff must do the same, not only because the claims are distinguishable as the *Hetzel* court recognized, but also because the separate claims have been dismissed. Given the documents introduced by Plaintiff in support of her damage demands, her expert witness testimony, and Plaintiff's own testimony, it is clear Plaintiff will be compelled to introduce damage evidence which overlaps because none of her experts will be able to allocate her damages between dismissed and retained claims. Consequently, the jury is very likely to be overly confused, and Defendants unduly prejudiced. Accordingly, the Defendants respectfully request that if the jury finds liability against Defendants, and in favor of Plaintiff as to each particular category of damages, the Court should then determine the amount of damages to be awarded. [It bears noting here that Defendants have already submitted this request in connection with the back and front pay damages by way of separate Motion.] The Court indeed has the inherent discretion to control the prejudice likely to result in situations such as this one. *See, e.g., Svege v. Mercedes-Benz Credit Corp.*, 329 F. Supp. 2d 283 (D.Conn. 2004)(bifurcation of liability versus damage evidence appropriate where bifurcation is needed to avoid or minimize prejudice to a party, or to further economies of the trial, or to lessen the likelihood of juror confusion--citing *Lewis v. Triborough Bridge and Tunnel Auth.*, 2000 WL 423517 at *2 (S.D.N.Y. Apr. 19, 2000)); *Guidi v. Inter-Continental Hotels Corp.*, 2003 WL 1846864 (S.D.N.Y. 2003)(holding where evidence overlaps, bifurcation appropriate if trial would not by unduly extended thereby); *Evans v. State of Conn.*, 168 F.R.D. 118 (D.Conn. 1996)(in employment case).

## CONCLUSION

In this case, clear prejudice and/or undue juror confusion will inevitably result from the fact that overlapping evidence will necessarily be submitted by Plaintiff. Bifurcation is the only method by which such prejudice can be prevented, and the trial will not be prolonged—rather, it may be shortened. Consequently, Defendants contend this bifurcation is appropriate and warranted in this trial.

**WHEREFORE,** for the foregoing reasons, the Defendants respectfully request that this Motion be granted in all respects.

Respectfully Submitted,

**ALEA NORTH AMERICA COMPANY, JOHN J. BENNETT, and ROBERT D. BYLER,**

BY: _____

Mary A. Gambardella, Esq.
Federal Bar No. ct05386
**EPSTEIN BECKER & GREEN, P.C.**
One Landmark Square, Suite 1800
Stamford, CT 06901-2601
(203) 348-3737
(203) 324-9291 (fax)
mgambard@ebglaw.com

## **CERTIFICATION**

The undersigned hereby certifies that a copy of the foregoing was sent via email and regular U.S. Mail, postage prepaid, this 10th day of October, 2005 to:

> Barbara E. Gardner, Esq.
> 843 Main Street
> Suite 1-4
> Manchester, CT  06040

_____
Mary A. Gambardella