UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LEIGH BOLICK, | : | CIVIL ACTION NO. |
|     Plaintiff | : | 3:03CV165(PCD) |
| | : | |
| vs. | : | |
| | : | |
| | : | |
| ALEA NORTH AMERICA COMPANY, | : | |
| JOHN J. BENNETT, AND | : | |
| ROBERT D. BYLER, | : | |
|     Defendants | : | October 13, 2005 |

**PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION IN LIMINE**

Plaintiff hereby objects to defendants' motion in limine to prohibit evidence of dismissed claims and for bifurcation of hearing in damages.

It is well established that plaintiff is permitted to introduce relevant background evidence to establish her claims, even though not actionable. The evidence that defendants seek to preclude, that is, Bennett's alleged harassment of the plaintiff, and retaliatory acts that this Court has found are not actionable because they are not "adverse actions", is relevant background evidence, which should be deemed admissible. For example, the conduct of Bennett, and Byler's role as having received plaintiff's complaint, are relevant to the later alleged retaliation as to motive and intent. Similarly the conduct of Byler in 2002, some of which is not actionable, still typifies the retaliation that is alleged to have occurred over this period of time. See <u>Jute vs. Hamilton Sundstrand Corp.</u>, 2005 U.S. App. Lexis 18038 (2d Cir. 2005) (relevant background evidence, such as statements by a decisionmaker or earlier decisions typifying the retaliation