UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LEIGH BOLICK, | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:03CV165(PCD) |
| | : | |
| vs. | : | |
| | : | |
| | : | |
| ALEA NORTH AMERICA COMPANY, | : | |
| JOHN J. BENNETT, AND | : | |
| ROBERT D. BYLER, | : | |
| Defendants | : | October 13, 2005 |

**PLAINTIFF'S REPLY TO DEFENDANTS' OBJECTION
TO PLAINTIFF'S AMENDED PROPOSED VERDICT FORM, SUPPLEMENTAL
OBJECTION TO PLAINTIFF'S JURY INSTRUCTIONS AS TO BACK PAY AND
FRONT PAY, AND REQUEST FOR SEPARATE HEARING THEREON**

Plaintiff hereby files this reply to Defendants' Objection to Plaintiff's Amended Proposed Verdict Form, Supplemental Objection to Plaintiff's Jury Instructions as to BACK PAY and Front Pay and Request for Separate Hearing thereon.

a.  Plaintiff does not object to the issue of back pay and front pay being decided by the Court, to the extent that the back pay is a calculation, once the jury determines that plaintiff's inability to work during the back pay period was caused by or resulted from the retaliation of the defendant(s). This question would have to become part of the verdict form, in lieu of the "economic damages" question. Likewise under the Equal Pay Act claim, once the jury determines that defendant has failed to prove their affirmative defense, and that the conduct was wilful, the calculation of damages may be conducted by the Court.

b.  Plaintiff does not object to an order that the Court will entertain evidence during a separate hearing with respect to such damages if the jury finds liability on

        plaintiff's claims.

c.     Plaintiff does not object to an order that she may not present Sheldon Wishnick, or any documentary evidence supporting his opinions, as an expert witness before the jury. However, plaintiff objects to defendants' request for an order that Plaintiff may not present Dr. Cohen's testimony.

The basis for the objections are as follows:

Whether or not plaintiff's inability to work flows from the conduct of the defendants is a fact question to be decided by the jury. Under the case law cited by defendants in support of their request for bifurcation, the Court is simply doing a calculation once liability has been determined. That is, it would not be appropriate for the Court to decide whether or not plaintiff is entitled to back pay, only that if she is entitled, what the amount should be.

Dr. Cohen's testimony is relevant on the issue of "future pecuniary losses", which are clearly to be determined by the jury in accordance with the amendments to Title VII, 42 U.S.C. §1981a. The Civil Rights Act of 1991 added new remedial provisions to Title VII to authorize compensatory damages for a plaintiff's "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses". Id. See Pollard v. E.I.Dupont DeNemours Co., 532 U.S. 843 (2001). That is, such damages are not in the nature of front pay, which was authorized by §706(g) of the Civil Rights Act of 1964, but is an additional remedy provided for in the Civil Rights Act of 1991. See also Williams v. Pharmacia, Inc., 137 F.3d 944 (7th Cir. 1998) (lost future earnings are akin to injury to professional standing and to injury to character and reputation). "An award of lost future earnings is a common-law tort remedy. To recover for lost earning capacity, a plaintiff must produce competent evidence suggesting that his injuries have narrowed the range of economic

opportunities available to him... A plaintiff must show that his injury has caused a diminution in his ability to earn a living." Id at 952 (citations omitted). Because this is precisely what Dr. Cohen will testify to and because the question of "future pecuniary losses" is a jury question, Dr. Cohen should be permitted to testify.

    For the foregoing reasons, plaintiff respectfully requests that Defendants' requests be denied as indicated above.

                      THE PLAINTIFF, LEIGH BOLICK

                      _____
                      Barbara E. Gardner
                      CT07623
                      843 Main St., Suite 1-4
                      Manchester, CT 06040
                      (860)643-5543
                      (860)645-9554(fax)
                      Bg@bgardnerlaw.com

**CERTIFICATION OF SERVICE**

I hereby certify that a copy of the foregoing was hand delivered on, this 14th day of October, 2005 to the following counsel of record:

Mary A. Gambardella
Epstein Becker & Green, P.C.
One Landmark Square, Suite 1800
Stamford, CT 06901-2601

_____
Barbara E. Gardner