UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LEIGH BOLICK, | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:03CV165(PCD) |
| | : | |
| vs. | : | |
| | : | |
| ALEA GROUP HOLDINGS, LTD., | : | |
| ALEA NORTH AMERICA COMPANY, | : | |
| JOHN J. BENNETT, AND | : | |
| ROBERT D. BYLER, | : | |
| Defendants | : | October 4, 2005 |

### PLAINTIFF'S MEMORANDUM OF LAW
### IN SUPPORT OF MOTION FOR SANCTIONS

Plaintiff files this Memorandum of Law in support of her Motion for Sanctions for Failure to Comply with the Court's Ruling on Plaintiff's Motion to Compel.

**LEGAL ARGUMENT**

Fed. R. Civ. P. 37(b) (2) provides that "if a party... fails to obey an order to provide or permit discovery, the court in which the action is pending may make such orders in regard to the failure as are just. In this case, plaintiff was seeking salary information of her predecessor, which is clearly relevant to her Equal Pay Act claim. See EEOC Regulations 29 C.F.R. §1620.13(b)(5). Despite the Court's Ruling granting plaintiff's Motion to Compel salary information for all ANAC employees above Assistant Vice President, and despite plaintiff's requests following the Court's ruling for the information regarding Mr. Sawamurra as plaintiff's predecessor specifically, defendant has refused to provide the information. Plaintiff's counsel originally clarified that she was seeking Mr. Sawamurra's personnel file in an e-mail dated February 6,

2004.(See attached Exh. A) Plaintiff now seeks an Order that defendant produce Mr. Sawamurra's salary when he held a position in the Marketing Department just prior to plaintiff's hire.

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that the Court order the defendant to produce the information prior to the start of the trial of this matter.

THE PLAINTIFF, LEIGH BOLICK

Barbara E. Gardner
CT07623
843 Main St., Suite 1-4
Manchester, CT 06040
(860)643-5543
(860)645-9554(fax)
Bg@bgardnerlaw.com

2

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing was mailed, postage prepaid, this 4th day of October, 2005 to the following counsel of record:

Mary A. Gambardella
Epstein Becker & Green, P.C.
One Landmark Square, Suite 1800
Stamford, CT 06901-2601

Barbara E. Gardner

3

```
Reply-To: "Barbara E. Gardner" <bg@bgardnerlaw.com>
From: "Barbara E. Gardner" <bg@bgardnerlaw.com>
To: "Mary Gambardella" <mgambard@ebglaw.com>
Subject: Bolick - discovery issues
Date: Fri, 6 Feb 2004 13:51:47 -0800
MIME-Version: 1.0
Content-Type: multipart/alternative;
    boundary="----=_NextPart_000_0017_01C3ECB8.5CF05DE0"
X-Priority: 3
X-MSMail-Priority: Normal
X-Mailer: Microsoft Outlook Express 5.00.2615.200
X-MimeOLE: Produced By Microsoft MimeOLE V5.00.2615.200

This is a multi-part message in MIME format.

------=_NextPart_000_0017_01C3ECB8.5CF05DE0
Content-Type: text/plain;
    charset="iso-8859-1"
Content-Transfer-Encoding: quoted-printable
```

Mary,

I am seeking salary information for all ANAC employees AVP and above. I =
understand that because my motion to compel said above AVP, you will not =
provide the AVP info (but I would point out that my original discovery =
request said AVP and above.) I would hope that in the interest of =
avoiding a motion you would reconsider. =20

The judge's decision clearly orders that you produce salary information =
for all ANAC employees above AVP limiting it only in so far as the other =
positions are comparable in skill, effort and responsibility to =
plaintiff. I don't think you get to decide what is comparable. I would =
argue at the very least that all VPs are comparable. In fact, I am =
actually seeking salary information for all ANAC employees AVP and above =
for the purpose of showing that defendants paid women less than =
similarly situated men at all levels, i.e., this evidence is probative =
not only of the EPA claim, which might arguably limit the evidence to =
comparators, but of the gender discrimination claim (hostile environment =
and sex harassment). Specifically, identifying disparities between =
similarly situated employees who differ only with regard to a protected =
characteristic is a common and effective method of establishing the =
inference of discriminatory intent.See Brown, 257 F.3d 246;also 239 F.3d =
456, 467-468(2d Cir. 2001). In addition, I need the starting pay, =
title, increases in pay or title and bonuses paid (all included in a =
reasonable interpretation of the request for "salary information") and =
necessary to do a proper analysis. Finally, if I am going to be limited =

Exhibit A

to comparators, I need job descriptions for those individuals so as to =
counter your defense that they are not comparable. =20

Finally as to the request for personnel files of peers in marketing, the =
judge suggested that "the period of time for which plaintiff requests =
these documents is unclear" and goes on to say that the only relevant =
period of time is that of plaintiff's employment. We are seeking this =
information from the inception of the company to the present, which =
would include plaintiff's predecessor, Vance Sawamura. If you would be =
willing to give us his personnel file, we could avoid a motion on this =
issue.

Thanks.
Barbara


------=_NextPart_000_0017_01C3ECB8.5CF05DE0
Content-Type: text/html;
    charset="iso-8859-1"
Content-Transfer-Encoding: quoted-printable

<!DOCTYPE HTML PUBLIC "-//W3C//DTD HTML 4.0 Transitional//EN">
<HTML><HEAD>
<META content=3D"text/html; charset=3Diso-8859-1" =
http-equiv=3DContent-Type>
<META content=3D"MSHTML 5.00.2614.3500" name=3DGENERATOR>
<STYLE></STYLE>
</HEAD>
<BODY bgColor=3D#ffffff>
<DIV><FONT face=3DArial size=3D2>Mary,</FONT></DIV>
<DIV><FONT face=3DArial size=3D2>I am seeking salary information for all =
ANAC=20
employees AVP and above.  I understand that because my motion to =
compel=20
said above AVP, you will not provide the AVP info (but I would point out =
that my=20
original discovery request said AVP and above.)  I would hope that =
in the=20
interest of avoiding a motion you would reconsider.  </FONT></DIV>
<DIV><FONT face=3DArial size=3D2></FONT> </DIV>
<DIV><FONT face=3DArial size=3D2>The judge's decision clearly orders =
that you=20
produce salary information for all ANAC employees above AVP limiting it =
only in=20
so far as the other positions are comparable in skill, effort and =
responsibility=20

```
Status: U
Return-Path: <mgambard@ebglaw.com>
Received: from holt.mail.atl.earthlink.net ([207.69.200.187])
          by   kendall.mail.mindspring.net   (EarthLink   SMTP   Server)   with   ESMTP   id
1aPbBt22K3Nl3pM0
          for <1352@mindspring.com>; Fri, 6 Feb 2004 14:25:25 -0500 (EST)
Received: from numerianus-z.mspring.net ([207.69.231.93] helo=numerianus.mspring.net)
          by holt.mail.atl.earthlink.net with smtp (Exim 3.33 #1)
          id 1ApBbQ-00028f-00
          for 1352@mindspring.com; Fri, 06 Feb 2004 14:25:24 -0500
X-MindSpring-Loop: bg@bgardnerlaw.com
Received: from sgebgsm2.ebglaw.com ([216.203.62.18])
          by numerianus.mspring.net (Earthlink Mail Service) with ESMTP id 1aPbBq3og3Nl5tX0
          for <bg@bgardnerlaw.com>; Fri, 6 Feb 2004 14:25:24 -0500 (EST)
Received: from sg-w2k-msw2.ebglaw.com ([172.22.185.6])
          by sgebgsm2.ebglaw.com (8.12.10/8.12.10) with ESMTP id i16JP1vh026570
          for <bg@bgardnerlaw.com>; Fri, 6 Feb 2004 14:25:01 -0500 (EST)
Received: from SG-NW-GWIA2.EBGLAW.COM (unverified) by sg-w2k-msw2.ebglaw.com
          (Content Technologies SMTPRS 4.3.10) with ESMTP id
          <T6797a41dffac16b906314@sg-w2k-msw2.ebglaw.com> for <bg@bgardnerlaw.com>;
Fri, 6 Feb 2004 14:29:06 -0500
Received: from SG-EXT2-MTA by SG-NW-GWIA2.EBGLAW.COM with Novell_GroupWise;
   Fri, 06 Feb 2004 14:26:27 -0500
Message-Id: <s023a413.044@SG-NW-GWIA2.EBGLAW.COM>
X-Mailer: Novell GroupWise Internet Agent 6.0.3
Date: Fri, 06 Feb 2004 14:25:56 -0500
From: "Mary Gambardella" <mgambard@ebglaw.com>
To: <bg@bgardnerlaw.com>
Cc: <cminniti@reedsmith.com>
Subject: Re: Bolick - discovery issues
Mime-Version: 1.0
Content-Type: text/plain; charset="us-ascii"
Content-Transfer-Encoding: quoted-printable
Content-Disposition: inline
```

Barbara: I am not willing to go beyond the court's ruling. The court defin=
itively said the only relevant period for the personnel files is plaintiff'=
s employment, and we produced that information for the three people whose d=
ocuments you requested. You have never before today even mentioned the nam=
e Vance Sawamura, and I am troubled that days before the summary judgment d=
eadline you decide you can expand your initial request and go beyond the co=
urt's ruling. So, we will not be producing any additional personnel file d=
ocuments as the ruling of the Court is more than clear on this point. If y=
ou believe you are entitled to file a motion, so be it.

Second, again, the Court's ruling is clear. Defendants are permitted to argue who is similarly situated just as much as the plaintiff can make such an argument. You cannot negate that part of the decision. If Ms. Bolick believes she can convince a court she is similar in function, skill, background, etc. to levels above Senior VP, let her prove it. I am not producing that info as we read the decision to say we do not have to produce that info. Moreover, plaintiff has never once claimed she should have Byler's job, Goldberg's job, or anyone else's job.

Further, her complaint contains an equal pay act claim, which involves similarly situated people--there is not gender discrimination claim independent of the hostile environment claim, period. =20

Finally, as to the AVP level, please read again my last response. Ms. Bolick was the only AVP in marketing and I assume she remembers her own salary.

I will produce Monday the salaries for the underwriters on the levels of VP, Sr. VP, and AVP, if there was an AVP, for the relevant time period per the Court's ruling.

Barbara: you cannot wing this as you go along. You cannot decide you need more and "meant" to ask for it but did not. I cannot litigate a case that way.

It is inherently unfair for the defendants to be asked for more info, despite what we percieve to be the utmost clarity of the court's ruling, because of newly added inferences. =20

If you feel this is not sufficient, file your motion. we will proceed with our SJ motions in any event, because I am confident this additional discovery will not be permitted.

Mary A. Gambardella
Epstein Becker & Green, P.C.
One Landmark Square, Suite 1800
Stamford, CT  06901
(203) 348-3737
Direct (203) 326-7426
mgambard@ebglaw.com
>>> "Barbara E. Gardner" <bg@bgardnerlaw.com> 02/06/04 14:11 PM >>>
Mary,
I am seeking salary information for all ANAC employees AVP and above. I understand that because my motion to compel said above AVP, you will not provide the AVP info (but I would point out that my original discovery request = said AVP and above.) I would hope that in the interest of avoiding a motio=

```
Reply-To: "Barbara E. Gardner" <bg@bgardnerlaw.com>
From: "Barbara E. Gardner" <bg@bgardnerlaw.com>
To: "Mary Gambardella" <MGambard@ebglaw.com>
References: <s0277c57.022@SG-NW-GWIA2.EBGLAW.COM>
Subject: Re: Additional information
Date: Mon, 9 Feb 2004 13:44:19 -0800
MIME-Version: 1.0
Content-Type: multipart/alternative;
        boundary="----=_NextPart_000_002B_01C3EF12.D13272E0"
X-Priority: 3
X-MSMail-Priority: Normal
X-Mailer: Microsoft Outlook Express 5.00.2615.200
X-MimeOLE: Produced By Microsoft MimeOLE V5.00.2615.200

This is a multi-part message in MIME format.

------=_NextPart_000_002B_01C3EF12.D13272E0
Content-Type: text/plain;
        charset="iso-8859-1"
Content-Transfer-Encoding: quoted-printable
```

Mary,
See my e-mail of Friday - the info requested is relevant to more than =
the equal pay act claim - so we are not restricted just to the VPs of =
marketing.
Barbara

----- Original Message -----=20
From: Mary Gambardella=20
To: bgardner@bgardnerlaw.com=20
Cc: cminniti@reedsmith.com=20
Sent: Monday, February 09, 2004 9:25 AM
Subject: Additional information


Barbara: I have reviewed the document bate stamped DS100, and it =
already contains the salaries for the underwriting department. The =
Senior VP's of underwriting are two males, earning $164,800 and $231,750 =
respectively. The Senior VP of Marketing, also a male, earns $148,500. =
I urge you to review your complaint again, as you only make allegations =
concerning the salaries of Senior VP's. "Defendant employer paid higher =
wages to male Senior Vice Presidents of Marketing than females in that =
position, one of whom was plaintiff".

See paragraph 75.

Your client was never a Senior VP, so I presume the Complaint is =
intended to mean VP's of Marketing. Thus, plaintiff is restricted to =
requesting info regarding salaries of VP's of Marketing. Nevertheless, =
we gave you the info for the underwriting department as well, despite =
our continued claim they are not similarly situated.

We thereby reiterate: plaintiff herself has deemed other VP's of =
marketing to be those similarly situated to her. Thus, I would suggest =
she will be hard pressed to argue to the contrary now.=20

Mary A. Gambardella
Epstein Becker & Green, P.C.
One Landmark Square, Suite 1800
Stamford, CT 06901
(203) 348-3737
Direct (203) 326-7426
mgambard@ebglaw.com

*********************************************************************
Confidentiality Note: This e-mail is intended only for the
person or entity to which it is addressed and may contain
information that is privileged, confidential or otherwise
protected from disclosure. Dissemination, distribution=20
or copying of this e-mail or the information herein by=20
anyone other than the intended recipient, or an employee
or agent responsible for delivering the message to the=20
intended recipient, is prohibited. If you have received=20
this e-mail in error, please call the Help Desk of Epstein=20
Becker & Green at 212-351-4701 and destroy the original
message and all copies.
*********************************************************************

------=_NextPart_000_002B_01C3EF12.D13272E0
Content-Type: text/html;
	charset="iso-8859-1"
Content-Transfer-Encoding: quoted-printable

<!DOCTYPE HTML PUBLIC "-//W3C//DTD HTML 4.0 Transitional//EN">
<HTML><HEAD>
<META content=3D"text/html; charset=3Diso-8859-1" =
http-equiv=3DContent-Type>
<META content=3D"MSHTML 5.00.2614.3500" name=3DGENERATOR>
<STYLE></STYLE>