FILED
2005 OCT 12 A 11: 50
U.S. DISTRICT COURT
NEW HAVEN, CT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

LEIGH BOLICK,
Plaintiff

v.

ALEA GROUP HOLDINGS, LTD., ALEA NORTH AMERICA COMPANY, JOHN J. BENNETT, AND ROBERT D. BYLER,
Defendants.

CIVIL ACTION NO. 3:03 CV 165 (PCD)

October 11, 2005

**DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS, AND CROSS-MOTION FOR FEES**

Defendants to the above-captioned matter hereby respectfully submit this Objection to Plaintiff's Motion to Compel and for Sanctions, as well as their Cross-Motion for an award of fees in having to respond to this Motion.

In support of this Objection and Cross-Motion, Defendants respectfully represent as follows:

1. On or about December 3, 2003, the Plaintiff filed a Motion to Compel wherein she requested certain information be produced over Defendants' objections thereto. Pertinent to this Objection and Cross-Motion, one area of dispute between the parties was Plaintiff's request for salary information, ***excluding names***, for all employees at Alea above the position of Vice President. No time frame for such information was provided by Plaintiff, except noteworthy is that Plaintiff alleges in this action that females were paid less than substantially similar males during 2002, and the Court ruled that the period of Plaintiff's employment was relevant for

discovery purposes. Defendants had objected, asserting that they had already provided such information for similarly situated employees who held the position of Vice President (the same position held by Plaintiff) in the Marketing Department of which Plaintiff was a member.

2. On January 13, 2004, ***one year and almost nine months ago***, this Court ruled that, for a variety of reasons, other position information should be included. Specifically, with respect to employees of other Alea departments, reporting within the same chain of supervision, and where the other positions are alleged by Plaintiff to require substantially similar skill, effort, and responsibility, the salaries for such positions should be included for discovery purposes.

3. Shortly thereafter, Defendants produced to Plaintiff a chart (which her counsel has admitting receiving), containing salary information as of September 2003 for all Alea North America Group employees holding the title of Assistant Vice President, Vice President, and Senior Vice President.

4. On February 6, 2004, Plaintiff's counsel demanded all salary information for Assistant Vice President and above. She further demanded the entire salary history of these employees. She further confirmed her understanding of the Court order that only the time period during Plaintiff's employment was relevant. Defendants responded that the Court order was clear, that the information to be produced would nevertheless include positions above Vice President in several departments even though Defendants maintained these positions were not similarly situated, and expressed confusion over the ever-changing discovery requests. Indeed, Defendants included in their production salaries for Senior Vice Presidents, despite Defendants' still pending assertion such positions were not similarly situated.

5. Plaintiff never, until this Motion to Compel has been filed, indicated that she intended to proceed further, or in any manner suggested Defendants had not complied with the

Court's ruling.  Now, more than one year and nearly nine months later, while the Defendants are attempting to expend all efforts at trial preparation, the Plaintiff, without making any further attempt to address, not to mention resolve, the issue, files this Motion to Compel and for Sanctions.  In fact, Plaintiff's claim that salary information for an identified employee, Vance Sawamurra, as of August 2002 was not produced is an outright falsehood.  She suggests disingenuously in that Motion then, that Defendants failed to comply with the Court's order, and consequently, sanctions are justified.

6. Upon receipt of the Motion, the undersigned contacted Plaintiff's counsel.  First, she advised Plaintiff that indeed a chart containing the information had been sent.  Plaintiff's counsel conceded she had received the chart.  Yet, Plaintiff's counsel indicated she wanted additional, specific information—she now wanted the salary for this *identified* Senior Vice President dating back three years prior—i.e., prior to Plaintiff's coming on board with Alea.  She apparently ignored that the Court's ruling concerned her prior request which did not specify time frames, and which explicitly provided for the redaction of names.  Third, the undersigned, distressed over these issues, emphasized that the content of the Motion was thereby misleading, premature, and even deficient as being unaccompanied by the required Certification of Counsel.  See Fed. R. Civ. Proc. 37(2)(A).  The initial response was "we are passed that point."

7. Plaintiff's counsel then said nevertheless she only would seek the salary of this named individual as of the point of Plaintiff's hire, information not even addressed by the instant Motion to Compel, and nothing further.  The undersigned, solely to avoid further Motion practice and to avoid further diversion of effort during critical trial preparation time, offered to provide that information upon receipt of a withdrawal, with prejudice, of the Plaintiff's Motion.  This offer was put into writing at Plaintiff's request on October 6, 2005.  It was also represented

to Plaintiff that the chart ***produced already contains this individual's salary information, and she was further advised as to which salary on the chart was attributable to this individual***. Simply stated, a withdrawal would have certified to Defendants that the Motion would not be pursued, that no additional information at the "eleventh hour" would be sought, and would further save everyone time and money. If Defendants reneged, Plaintiff would have been free to file her Motion.

8. In response, Plaintiff's counsel refused, and indicated she would only withdraw ***after*** receipt of the information. She contended that this individual's salary information from prior to Plaintiff's arrival was pertinent, as he was her "predecessor". Nothing could be further from the truth—this individual was not even in the Marketing Department of Alea but in Underwriting, not to mention never an Assistant Vice President whom Plaintiff "replaced."

9. Given the misleading nature of the Motion, the untimely filing of this Motion, the lack of the required Affidavit, the refusal to withdraw it before information was provided, and the contradictions in representations between Plaintiff's Motion and her counsel's verbal statements, Defendants do not feel confident that anything other than this formal opposition will protect their position in this matter.

10. Consequently, in view of these facts, including the bad faith demonstrated by this untimely filing, during the week prior to trial, to conduct additional discovery in a subject area believed resolved nearly two years ago, Defendants respectfully contend that they are entitled to reimbursement for their attorneys' fees incurred in having to respond to this Motion to Compel and for Sanctions.

11. Additionally, in any event, a reading of Plaintiff's Motion reveals that it is more accurately classified as a new discovery request, which is barred at this time. Defendants

complied with every aspect of the Court's prior order, and Plaintiff clearly now wants to expand the prior requests which were addressed by this Court in January of 2003. This attempt at fixing whatever "gaps" remained in Plaintiff's discovery efforts should be outright rejected.

**WHEREFORE,** for the foregoing reasons, the Defendants respectfully request that Plaintiff's Motion to Compel and for Sanctions be denied in all respects, and that their Cross-Motion for an award of fees be granted. In this event, Defendants will submit their affidavit verifying the amount of total fees expended in having to respond to Plaintiff's Motion.

Respectfully Submitted,

**ALEA NORTH AMERICA COMPANY, JOHN J. BENNETT, and ROBERT D. BYLER,**

BY:____________________________

Mary A. Gambardella, Esq.
Federal Bar No. ct05386
**EPSTEIN BECKER & GREEN, P.C.**
One Landmark Square, Suite 1800
Stamford, CT 06901-2601
(203) 348-3737
(203) 324-9291 (fax)
mgambard@ebglaw.com

**CERTIFICATION**

The undersigned hereby certifies that a copy of the foregoing was sent via email and regular U.S. Mail, postage prepaid, this 11th day of October, 2005 to:

Barbara E. Gardner, Esq.
843 Main Street
Suite 1-4
Manchester, CT 06040

Mary A. Gambardella