UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

United States District Court
District of Connecticut
FILED AT NEW HAVEN
OCT 12 2005
Kevin F. Rowe, Clerk
By P.A. Villano
Deputy Clerk

| | |
|---|---|
| LEIGH BOLICK,<br>      Plaintiff,<br><br>      -vs-<br><br>ALEA GROUP HOLDINGS, LTD.,<br>ALEA NORTH AMERICA COMPANY,<br>JOHN J. BENNETT, and ROBERT D.<br>BYLER,<br>      Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:    Civil No. 3:03cv165 (PCD)<br><br><br><br><br><br>October 12, 2005 |

## RULING ON DEFENDANTS' OBJECTION TO PLAINTIFF'S AMENDED PROPOSED JURY FORM, SUPPLEMENTAL OBJECTION TO PLAINTIFF'S JURY INSTRUCTIONS AS TO BACK PAY AND FRONT PAY, AND REQUEST FOR SEPARATE HEARINGS THEREON

On October 7, 2005, Defendants filed the an Objection to Plaintiff's Amended Proposed Jury Form, Supplemental Objection to Plaintiff's Jury Instructions as to Back Pay and Front Pay, and Request for Separate Hearings Thereon [Doc. No. 179]. In their Objection, Defendants request that the Court enter the following orders: (1) an order that Plaintiff may not submit any request to the jury, either by way of verdict form or as encompassed within jury instructions, that they award back pay or front pay; (2) an order that the Court only will entertain evidence during a separate hearing with respect to such damages if the jury finds liability on either claim; and (3) an order that Plaintiff may therefore not present any witness or documentary evidence, including proposed expert witnesses Dr. Cohen and Dr. Wishnick, to establish such damages. Def.'s Obj. at 1. For the reasons discussed herein, Defendants' motion is **granted**.

It is clear that a lost wages award–whether in the form of back pay or front pay–is an equitable remedy, and thus is generally a question for the court and parties are not entitled to jury

determinations on the issue. Broadnax v. City of New Haven, 415 F.3d 265, 271 (2d Cir. 2005) (citing Robinson v. Metro-North Commuter R.R., 267 F.3d 147, 157 (2d Cir. 2001) ("Because back pay and front pay have historically been recognized as equitable relief under Title VII, neither party was entitled to a jury trial . . . .")). Cases within this Circuit have generally held that unless the opponent fails to object, plaintiffs are not entitled to a jury verdict on the issue of front pay and back pay. Id. at 272 (emphasis added); Howell v. New Haven Bd. of Educ., 2005 WL 2179582, at *6-*7 (D. Conn. Sept. 8, 2005) (holding, in a case where defendant did not object to jury determination of the issue, that "both front and back pay are equitable remedies left to the court, not the jury, and therefore plaintiff was not entitled to a jury verdict on these issues," and treating the jury verdict as an advisory verdict only); Shorter v. Hartford Fin. Serv. Group, Inc., 2005 WL 2234507, at *3 (D. Conn. May 31, 2005) ("The amount of front pay to be awarded is a matter committed to the Court's discretion.").

With regard to Plaintiff's Equal Pay Act and Title VII claims, the Court holds that the issues of front pay and back pay are issues to be decided by the Court. Defendants' Objection to Plaintiff's Amended Proposed Jury Form, Supplemental Objection to Plaintiff's Jury Instructions as to Back Pay and Front Pay, and Request for Separate Hearings Thereon [Doc. No. 179] is **granted** and the Court will enter the requested orders.

SO ORDERED.

Dated at New Haven, Connecticut, October 12, 2005.

_____
Peter C. Dorsey
Senior United States District Judge