IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEIGH BOLICK, )<br>)<br>Plaintiff, )<br>)<br>V.  )<br>)<br>)<br>ALEA GROUP HOLDINGS, LTD., )<br>ALEA NORTH AMERICA )<br>COMPANY AND JOHN J. BENNETT )<br>Defendants. ) | CIVIL ACTION NO. 3:03cv 165 (PCD)<br><br><br><br>OCTOBER 16, 2006 |

## DECLARATION IN SUPPORT OF DEFENDANTS ALEA NORTH AMERICA COMPANY AND JOHN J. BENNETT'S BILL OF COSTS

Mary A. Gambardella,, Esq., pursuant to 28 U.S.C. § 1746, declares:

I am a member of the bar of this Court and a member of Epstein Becker & Green, P.C., attorneys for the Defendants Alea Group Holdings, Ltd., Alea North America Company and John J. Bennett. ("ANAC"). I make this declaration in support of Defendants' Bill of Costs, pursuant to 29 U.S.C. § 1920, Fed. R. Civ. P. 54 and United States District Court, District of Connecticut (D.Conn.) Local Rule 54.

1. Plaintiff filed this action on or about January 1, 2003 (later amending her complaint), alleging the following claims against the Alea Defendants: hostile environment sexual harassment (Title VII and the CFEPA), retaliation (Title VII and the CFEPA), breach of implied contract, breach of implied covenant of good faith and fair dealing, negligent misrepresentation and the Equal Pay Act. Claims against Defendant Bennett included retaliation (CFEPA) and aiding and abetting retaliation.

NY:1172454v1

2. On or about March 16, 2004, the Alea Defendants filed their Motion for Summary Judgment seeking entry of judgment and dismissal of all Plaintiff's claims. On or about March 26, 2004 Defendant John J. Bennett filed his Motion for Summary Judgment seeking entry of judgment and dismissal of all Plaintiff's claims.

3. On March 30, 2005, this Court granted summary judgment for ANAC on Plaintiff's claims of sexual harassment, breach of implied contract, breach of covenant of good faith and fair dealing and negligent misrepresentation. It also narrowed the remaining retaliation claims for trial, and left the Equal Pay Act claim for trial. See Decision and Judgment of this Court attached hereto as Exhibit 1.

4. A jury trial took place in this action in October, 2005, resulting in a verdict for the remaining Defendants ANAC and Bennett on all remaining claims. A judgment was entered on October 24, 2005 and is attached as Exhibit 2.

5. On October 2, 2006, the United States Court of Appeals for the Second Circuit affirmed the judgment of this Court granting summary judgment for Defendants on the hostile environment sexual harassment claims and affirmed the judgment of the Court upon the jury verdict. See Summary Order attached hereto as Exhibit 3.

6. The Defendants have thus prevailed entirely and therefore request that the Clerk tax the following costs as permitted by Fed. R. Civ. P. 54, D.Conn. Local Rule 54, and 28 U.S.C. § 1920[1]:

---

[1] See also Fleischer v. A.A.P. Inc., 36 F.R.D. 31 (S.D.N.Y. 1964).

<u>Description of Taxable Costs</u>                                               <u>Amount</u>

    (a)    **Court Reporter Fees for Deposition Transcripts**    **$ 9486.25**

Defendants are entitled to costs associated with transcripts of depositions of those parties and non-parties taken in this case and cited below whose depositions transcripts were necessarily obtained for preparation of and use in the case. Deposition transcripts are recoverable costs. D.Conn. Local Rule 54(c). <u>Whitfield v. Scully</u>, 241 F. 3d 264, 271-72 (2d Cir. 2001); <u>Natale v. City of Hartford</u>, No. H-86-928, 1989 WL 132542, *6 (D. Conn. Sept. 12, 1989). All of the persons whose depositions are noted below either: (1) testified at trial, (2) had their deposition used at trial, (3) were on Plaintiff's witness list and necessitated Defendants' use of their deposition transcript to prepare for their possible testimony at trial, (4) had their transcript used in preparing witnesses for trial or in preparation for cross-examining/impeaching the Plaintiff, (5) had deposition testimony cited by Defendants in their summary judgment motions, or (6) had deposition testimony relied on by the Court in the summary judgment decision. The litigation of this case, including the summary judgment motions and trial turned heavily on the testimony in the depositions. Large portions of these depositions were not only cited in the summary judgment motions and trial, but were used extensively to prepare witnesses for trial and potential impeachment of Plaintiff at trial. The Alea Defendants incurred **$ 2742.75** ($ 1243.91 and $ 1498.84) for the deposition transcripts of Plaintiff Leigh Bolick; **$ 508.59** for the deposition transcript of Dr. Steven Kagel; **$ 827.71** for the deposition transcript of Robert Byler; **$ 218.25** for the deposition transcript of Leonard Goldberg; **$ 649.73** for the deposition transcript of Thomas Bolick; **$ 314.33** for the deposition transcript of John Bennett; **$ 1406.20** for the deposition transcripts of Dr. Alfred Herzog and Dr. Sarah Gamble; **$ 615.01** for the deposition transcripts of Dr. James Cohen and Sheldon Wishnick; **$ 462.35** for the deposition transcript of Dennis Purkiss; and **$ 429.21** for the deposition transcript of Dr. Harry Adamakos.

Also, Defendant Bennett incurred **$581.15** for the transcript of the deposition of Plaintiff Leigh Bolick; **$ 390.14** for the deposition transcript of Marti Lametta; and **$ 340.83** for the deposition transcript of John Bennett. See invoices of Court reporters attached as Exhibit 4.

    **(b)**    **Court Reporter Fees for Trial Transcripts**    **$ 1207.97**

Defendants are entitled to the fee paid to the court reporter to obtain a copy of the trial transcript for its use in successfully opposing Plaintiff's appeal of the summary judgment motion decision on her sexual harassment claims and the judgment from trial. (FRAP 39 (e) allows the reporter's transcript to be taxable in the District Court if needed to determine the appeal; see also D.Conn. Local Rule 54(c) (2)(i) allowing if necessarily obtained for use in the case). One of the issues that was a substantial part of Plaintiff's unsuccessful appeal involved her contention that the District Court did not allow in sufficient evidence regarding the alleged sexual harassment or related investigation. It was thus critical for Defendants to obtain a copy of the trial transcript for its appellate brief. The trial transcript was cited extensively by both Plaintiff and Defendants on appeal. Defendants incurred $ 1207.97 for obtaining a copy of the trial transcripts. See invoice of Court reporter attached as Exhibit 5.

    **(c)**    **Fees Paid to Plaintiff's Expert Witnesses**    **$ 3982.50**

Defendants are entitled as a taxable cost the witness fees they paid to <u>Plaintiff's</u> expert witnesses related to their attendance at their depositions (deposition time, travel, etc.). D.Conn. Local Rule 54(c)(3). Here, Defendants incurred **$ 1850** paid to Plaintiff's medical expert Dr. Sarah Gamble related to her fee for and travel to her deposition; **$ 1237.50** paid to Plaintiff's expert Sheldon Wichnick related to his fee for and travel to his deposition; and **$ 895** paid to Plaintiff's expert Dr. James Cohen related to his fee for and travel to his deposition. Note that Dr. Gamble testified extensively and was cross-examined at trial, and Dr. Cohen and Mr. Wishnick were on

Plaintiff's witness list, forcing Defendants to prepare for their testimony at trial. See invoices attached as Exhibit 6.

    **(d)    Fees Paid to Defendants' Expert Witness    $ 80 statutory fees**

Defendants are entitled statutory expert witness fees for their expert witness Dr. Harry Adamakos, related to his one day of deposition testimony and one day of trial testimony. D.Conn. Local Rule 54(c). Throughout the case Plaintiff's claim was that she could never work again due to the actions of Defendants Alea and Bennett. Plaintiff attempted to support her claim with treating physicians/ medical experts, as well as economic experts who relied on such a claim to present a very large damage claim. Dr. Adamakos' testimony was necessary and fees should be recoverable.

I declare under penalty of perjury that the foregoing is true and accurate.

_____
Mary A. Gambardella
Epstein, Becker & Green, P.C.
Federal Bar No. ct 05386
One Landmark Square, Suite 1800
Stamford, CT 06901-2601
(203) 348-3737

CERTIFICATION

The undersigned hereby certifies that on this 16th day of October, 2006 a copy of the foregoing was sent via U.S. Mail, postage prepaid to:

Barbara Gardner
843 Main Street, Suite 1-4
Manchester, CT 06040

_____
Jonathan M. Plissner