UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEIGH BOLICK,<br>    Plaintiff<br><br>vs.<br><br>ALEA GROUP HOLDINGS, LTD.,<br>ALEA NORTH AMERICA COMPANY,<br>JOHN J. BENNETT, AND<br>ROBERT D. BYLER,<br>    Defendants | CIVIL ACTION NO.<br>3:03CV165(PCD)<br><br><br><br><br><br><br><br>October 25, 2006 |

### PLAINTIFF'S OBJECTION TO BILL OF COSTS

Plaintiff objects to Defendant's Bill of Costs dated October 16, 2006 as follows:

**(a) Court reporter fees for deposition transcripts.**

1. Plaintiff objects to awarding costs for the deposition of **Dr. Steven Kagel ($508.59).** Dr. Kagel did not testify at trial. His testimony was relevant on damages and credibility. His testimony was not used in defendant's motion for summary judgment. Thus, there is no basis for awarding costs for his deposition transcript.

2. Plaintiff objects to awarding costs for the deposition of **Thom Bolick ($649.73).** He was deposed primarily in connection with a tangential issue involving plaintiff's credibility. He did not testify at trial, and his testimony was not used in defendant's motion for summary judgment.

3. Plaintiff objects to awarding costs for the deposition of **Dr. Cohen** and **Sheldon Wishnick ($615.01).** These were plaintiff's experts on damages. The trial was bifurcated following defendant's Motion to Bifurcate, and when plaintiff lost on liability, the damages phase of the

trial was never reached. As to Dr. Cohen, defendants successfully objected to his testimony in the liability phase of the trial as being irrelevant. Therefore, there is no basis for taxing these costs to plaintiff.

4. Plaintiff object to awarding costs for the deposition of defendant's expert **Dr. Harry Adamakos ($429.21).** He testified in person at the trial, and defendant did not seek to impeach their own expert with his deposition. His testimony was not relevant on the summary judgment motion, and in fact his deposition was taken after the summary judgment motion was filed.

© **Fees paid to Plaintiff's Expert Witnesses**

1. Plaintiff objects to awarding costs for the fees paid to plaintiff's expert **Sheldon Wishnick ($1,237.50)** since it would only be taxable if the deposition were a taxable cost, which it is not. (See (a)3, above.) Moreover, such costs in excess of the statutory limits are not taxable. D.Conn. Local Rule 54©.

2. Plaintiff objects to awarding costs for the fees paid to plaintiff's expert **Dr. James Cohen ($895.00)** since it would only be taxable if the deposition were a taxable cost, which it is not. (See (a)3, above.)

(d) **Fees paid to Defendant's Expert Witnesses**

The deposition of Dr. Adamakos is not a taxable cost, and, therefore, neither is his witness fee for attendance at the deposition. (**$40.00**). Moreover, Dr. Adamakos was paid for his appearance for his deposition by the plaintiff.

## CONCLUSION

For the foregoing reasons, the plaintiff respectfully requests that the above costs not be taxed against the plaintiff.

                                      THE PLAINTIFF, LEIGH BOLICK

                                      Barbara E. Gardner
                                      CT07623
                                      843 Main St., Suite 1-4
                                      Manchester, CT 06040
                                      (860)643-5543
                                      (860)645-9554(fax)
                                      Bg@bgardnerlaw.com

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing was mailed, postage prepaid, this 25th day of October, 2006, to the following counsel of record:

Mary A. Gambardella
Epstein Becker & Green, P.C.
One Landmark Square, Suite 1800
Stamford, CT 06901-2601

/Barbara E. Gardner/
Barbara E. Gardner

4