*nhct*
*03-cv-165*
*Dorsey*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of October, two thousand six.

PRESENT:   HON. THOMAS J. MESKILL,
               HON. BARRINGTON D. PARKER,
               HON. REENA RAGGI,

               *Circuit Judges.*

---

Leigh Bolick,

               *Plaintiff-Appellant,*

       v.

Alea Group Holdings, Ltd., Alea North America Company and John J. Bennett,

               *Defendants-Appellees,*

Robert D. Byler,

               *Defendant,*

Thomas Bolick,

               *Movant.*

**SUMMARY ORDER**
**No.    05-6348-cv**

---

For Plaintiff-Appellant:    Barbara E. Gardner; Manchester, CT.

For Defendants-Appellees:    Mary A. Gambardella, Jonathan M. Plissner; Epstein Becker & Green P.C., Stamford, CT.

**UPON DUE CONSIDERATION of this appeal, it is hereby ORDERED,**

1

**ADJUDGED, AND DECREED that the case be hereby AFFIRMED.**

Appellant Leigh Bolick appeals from a judgment of the United States District Court for

the District of Connecticut (Peter C. Dorsey, *Judge*).  Bolick sued Alea North America Company

("ANAC"), her former employer, and John J. Bennett, her former supervisor, asserting, *inter*

*alia*, claims of sexual harassment, hostile environment, and retaliation in violation of Title VII,

42 U.S.C. § 2000e et. seq., and the Connecticut Fair Employment Practices Act ("CFEPA"),

Con. Gen. Stat. § 46a-60 et. seq..  The district court granted ANAC summary judgment with

respect to certain claims and, after the conclusion of a six-day jury trial finding in favor of

ANAC, dismissed the remaining claims.  Bolick appeals challenging the district court's rulings:

(1) granting summary judgment dismissing Bolick's hostile work environment claim; (2)

excluding certain evidence; and (3) instructing the jury on Bolick's duty to mitigate damages.

We assume familiarity with the underlying facts and procedural history.

Bolick's first contention is that genuine issues of material fact should have precluded

summary judgment on her Title VII hostile environment claim.  We review the district court's

grant of summary judgment *de novo*.  *See Belfi v. Prendergast*, 191 F.3d 129, 135 (2d Cir. 1999).

To prevail on a claim of sexual harassment based on a hostile work environment, Bolick was

required to establish: "(1) that the workplace was permeated with discriminatory intimidation

that was sufficiently severe or pervasive to alter the conditions of her work environment, and (2)

that a specific basis exists for imputing the conduct that created the hostile environment to the

employer." *Richardson v. N.Y. State Dep't of Corr. Serv.*, 180 F.3d 426, 436 (2d Cir. 1999)

(internal citation omitted); *see also Petrosino v. Bell Atl.*, 385 F.3d 210, 221 (2d Cir. 2004).

When, as here, the alleged misbehavior involves a supervisory employee, the employer may be

2

held vicariously liable. *See Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742 (1998); *Faragher v. City of Boca Raton,* 524 U.S. 775 (1998). Where the harassment is attributed to a supervisor, a court looks first to whether the supervisor's behavior "culminate[d] in a tangible employment action" against the employee "such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Ellerth,* 524 U.S. at 765, 761; *see also Mormol v. Costco Wholesale Corp.,* 364 F.3d 54, 57 (2d Cir. 2004). If it did, "the employer will, *ipso facto,* be vicariously liable." *Mack v. Otis Elevator Co.,* 326 F.3d 116, 124 (2d Cir. 2003). In the absence of tangible action, an employer will still be liable unless it successfully establishes that (a) it "exercised reasonable care to prevent and correct promptly any sexually harassing behavior," and (b) "the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Ellerth,* 524 U.S. at 765; *accord Faragher,* 524 U.S. at 807; *Mack,* 326 F.3d at 125; *Petrosino,* 385 F.3d at 225. Upon our review of the record, we conclude that the district court properly found that Bolick failed to show that Bennett's conduct culminated in a tangible employment action.

We conclude that ANAC met its burden of showing that it took appropriate reasonable steps to address the misbehavior in question. Taking the facts in the light most favorable to Bolick for this analysis, we conclude that after Bolick's first complaint about Bennett's conduct in November 2000, Bennett's supervisor, Robert Byler, promptly took steps to insure that Bolick would not be asked to travel with Bennett, thereby limiting interaction between the two. In light of her (i) failure to express dissatisfaction with anything except traveling with Bennett, (ii) request that the Human Resources Department should not be involved, and (iii) representation

3

that after the change in travel arrangements, the situation was acceptable, ANAC's remedial actions were reasonable and appropriate. Furthermore, we conclude that Bolick's failure to inform the Human Resources Department about Bennett's allegedly continuing harassment for the 13 months after her December 2000 conversation with ANAC's Vice-President of Human Resources was an unreasonable failure to take advantage of the corrective opportunity provided by Byler.

Bolick next challenges certain evidentiary rulings of the district court. "This Court will not disturb the district court's evidentiary rulings unless they are 'manifestly erroneous.'" *Luciano v. Olsten Corp.*, 110 F.3d 210, 217 (2d Cir. 1997) (quoting *Proteus Books Ltd. v. Cherry Lane Music Co.*, 873 F.2d 502, 514 (2d Cir. 1989)). "Further, even an erroneous evidentiary ruling will not lead to reversal unless affirmance would be inconsistent with substantial justice." *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 150 (2d Cir. 1997) (internal quotation marks omitted).

Specifically, Bolick challenges the district court's exclusion of (1) evidence relating to the previously dismissed sexual harassment complaint as unfairly prejudicial; (2) other testimony allegedly related to retaliation (*e.g.*, the assignment of the Bermuda territory to a recently hired male employee and the details of the investigation of Bolick's second complaint) based on relevance; and (3) a document containing the content of a privileged communication between ANAC's then-Vice President of Human Resources and ANAC's outside counsel at that time. Reviewing each of these evidentiary rulings, we conclude that the district court acted within its broad discretion.

We also conclude that because the jury never reached the issue of damages, the challenged jury instruction cannot constitute reversible error.

4

For the reasons stated, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Roseann B. MacKechnie, Clerk

By: _____