UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LEIGH BOLICK, | : | |
|     Plaintiff, | : | |
| | : | |
| -vs- | : | Civil No.  3:03cv165 (PCD) |
| | : | |
| ALEA GROUP HOLDINGS, LTD., | : | |
| ALEA NORTH AMERICA COMPANY, | : | |
| JOHN J. BENNETT, and ROBERT D. | : | |
| BYLER, | : | |
|     Defendants. | : | |

### RULING ON DEFENDANTS' BILL OF COSTS

Judgment entered for Defendants, Alea North America Co and John J. Bennett, on October 25, 2005, following a jury trial. On March 30, 2005, a Ruling entered dismissing the defendant, Alea Group Holdings, Ltd., and on October 14, 2005, a Ruling was put on the record in open court dismissing defendant, Robert D. Byler. Plaintiff filed an Appeal and on November 6, 2006, a Mandate entered affirming Judgment.  Defendants filed a Bill of Costs on October 16, 2006, and Plaintiff filed an Objection thereto on October 26, 2006. On January 3, 2007, Defendants filed Supplemental Documentation.  For the reasons that follow, Defendants' Bill of Costs is **granted in part** and **denied in part**.

    A.    **Court Report Fees for Deposition Transcripts**

Pursuant to Local Rule 56(c)(2)(ii), the cost of an original or one copy of deposition transcripts, to be taxed at the prevailing page rate pursuant to Local Rule 80, are recoverable as costs if they are used at trial in lieu of live testimony, for cross-

1

examination or impeachment, if used in support of a successful motion for summary judgment, or if they are necessarily obtained for the preparation fo the case and not for the convenience of counsel. D. Conn. Loc. Civ. R. 56(c)(2)(ii).  Maximum transcript rates for an original and one copy are $4.13 per page.  Postage and handling and charges for delivery of transcripts are not recoverable  as costs. See Wahl v Carrier Mfg. Co., Inc. 511 F.2d 209, 217 (7th Cir. 1975).

     Plaintiff's contention that costs for the depositions of Dr. Steven Kagel, Thomas Bolick, Dr. Cohen, Sheldon Wishnick and Dr. Harry Adamakos should be disallowed is without merit.  The fact that Dr. Kagel, Mr. Bolick, Dr. Cohen and Sheldon Wishnich did not testify at trial is not controlling.  It was reasonable for Defendants to have deposed these witnesses in preparation for trial, even if their testimony was ultimately not used and/or was only relevant to the damages portion of the case.  Defendants could not be expected to anticipate that Plaintiff would lose on the issue of liability and therefore, that testimony on damages would be unnecessary.  Moreover, the fact that Defendants did not seek to impeach their expert, Dr. Adamakos, with his deposition testimony is irrelevant.  These depositions were "necessarily obtained for the preparation of the case and not for the convenience of counsel" and therefore are taxable as costs.  Costs for deposition transcripts, reducing claimed amounts for shipping and handling, jurat preparation, federal express, minitranscript, airborne, ascii & compressed transcript charges, are allowed as follows:

| | | |
|---|---|---|
| Leigh Bolick | 7/8/03 | $1,212.91 |
| Leigh Bolick | 7/8/03 (mini form) | disallowed |
| Leigh Bolick | 8/21/03 | 1,441.84 |
| Dr. Steven Kagel | 10/15/03 | 496.59 |
| Robert Byler | 10/23/04 | 821.71 |
| Leonard Goldberg | 10/29/03 | 218.25 |
| Thomas Bolick | 10/29/03 | 634.73 |
| John J. Bennett | 10/30/03 | 304.35 |
| Herzog/Gamble | 11/18/03 & 11/24/03 | 1,309.92 |
| Cohen/Wishnick | 12/12/03 | 550.85 |
| Dennis Purkiss | 2/3/04 | 397.58 |
| Dr. Harry Adamakos | 3/8/04 | 424.20 |
| Martha F. Lametta | 7/31/03 | 384.14 |
| Total | | $8,197.05 |

### B.  Fees Paid to Plaintiff's Expert Witnesses

Witness fees for attendance at a deposition are recoverable if the deposition is a taxable cost. D. Conn. Loc. Civ. R. 54(c)(4)(i).  Because the depositions of Dr. Gamble, Dr. Cohen and Sheldon Wishnick are taxable costs, the witness fees paid to them for their attendance at their depositions are also taxable costs.  Fees for expert witnesses are taxable at the same rates as any other witness, and amounts paid in excess of the statutory limits are not taxable. Id.  Therefore, the claim for fees paid to Plaintiff's expert witnesses is reduced to the statutory rate of $40.00 per witness for a total of $120.00.

### C.  Fees Paid to Defendant's Expert Witness

Although the Dr. Adamkos' witness fee is a taxable cost, Plaintiff paid for his appearance at his deposition, and therefore his witness fee, in the amount of $40.00, is not taxable to Plaintiff.

### D.  Court Reporter fees for trial transcripts

Defendants' claim court reporter fees for a copy of the trial transcript in the

amount of $1207.97 which is allowed.

**E.   Summary**

For the foregoing reasons, Defendants' bill of costs is allowed as follows:

| | |
|---|---:|
| Court Reporter Fees for Deposition Transcripts: | $8,197.05 |
| Witness Fees for Plaintiff's Expert Witness: | 120.00 |
| Court Reporter Fees for Trial Transcripts: | 1,207.97 |
| Total | $9,525.02 |

Pursuant to Local Rule 54(d), the parties may appeal this decision to the presiding judge within five days of the entry of this ruling.

Dated in New Haven, Connecticut, this 4th day of January, 2007.

KEVIN F. ROWE, CLERK

BY:    /s/
       Lori Inferrera
       Deputy-in-Charge